UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHILIP GODLEWSKI** <br> 1235 Lantern Hill Road, <br> Shavertown, Pennsylvania 18708 <br> *Plaintiff,* <br><br> vs. <br> **EDUARDO NICOLAS ALVEAR GONZALEZ** <br> AKA, <br> **ALVEAR GONZALEZ EDUARDO NICOLAS;** <br> AKA, <br> **NICOLAS ALVEAR** <br> 905 Clay Street, Apartment 308 <br> Nashville, Tennessee 39208 93001 <br><br> And, <br><br> **GOOD LION FILMS, L.L.C.** <br> 808 E. Santa Clara Street, Apartment D <br> Ventura, California 93001 <br><br> And, <br><br> **GOOD LION TV, L.L.C.** <br> c/o Registered Agent <br> Cloud Peak Law, L.L.C. <br> 1095 Sugar View Drive, Suite 500 <br> Sheridan, Wyoming 82801 <br> *Defendants.* | CIVIL ACTION <br><br> NO._____ <br><br> JURY TRIAL DEMANDED |

<u>**COMPLAINT**</u>

Plaintiff, Philip Godlewski ("Plaintiff or Mr. Godlewski"), by and through his undersigned counsel, Kolman Law P.C., hereby avers as follows:

## I. PRELIMINARY STATEMENT

1. Mr. Godlewski brings this action for libel, slander, libel per se, and for false light, intentional interference with his contractual relationships, and intentional infliction of emotional distress, all of which arise out of the Defendants' false, defamatory, and

malicious publications and broadcasts on billboard postings, social media, and radio which declare that Plaintiff is a convicted pedophile, a fraud, a sexual groomer of minors and that he had a sexual relationship with a girl when he was 25, and she was 15. These contentions are false, and Defendants know they are false but have published them anyway to millions of people. The Defendants' relentless smear campaign of libel continues daily on all media fronts, causing irreparable harm to Plaintiff's reputation, impugning his credibility, causing him and his family severe emotional distress, putting him and his family in imminent danger of physical harm and adversely affecting his employment.

## II.   PARTIES

2. Mr. Godlewski is a private citizen and adult individual residing at 1235 Lantern Hill Road, Shavertown, Pennsylvania 18708, in Luzerne County. For the purposes of this complaint, Mr. Godlewski is a public figure by virtue of his large following and a citizen of Pennsylvania.

3. Defendant Eduardo Nicolas Alvear Gonzalez, aka Alvear Gonzalez Eduardo Nicolas Alvear, aka Nicolas Alvear, is a private individual and a citizen of Tennessee who resides at 905 Clay Street, Apartment 308, Nashville, Tennessee 37208 and/or owns and operates Defendant Good Lion Films L.L.C. as Manager and Chief Executive Officer of Good Lion TV, L.L.C.

4. Defendant Good Lion Films L.L.C. was incorporated on July 31, 2019 and has been suspended by the California Franchise Tax Board. However, it unlawfully continues to do business under this name despite the suspension of rights, powers, and privileges to do business in California for noncompliance with tax requirements.

5. Defendant Good Lion TV, L.L.C. is a Limited Liability Corporation incorporated in Wyoming on January 17, 2022, with Company Number 2022-001070783. Its Registered Agent is Cloud Peak Law, L.L.C., located at 1095 Sugar View Drive, Suite 500, Sheridan, Wyoming 82801.

## III.   JURISDICTION AND VENUE

6. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

7. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

8. The United States District Court for the Middle District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 because this is a civil action where the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and cost, and is between citizens of different states.

9. This Court has supplemental jurisdiction over state and common law claims pursuant to 28 U.S.C. § 1367.

## IV.   FACTUAL BACKGROUND

### A.  Mr. Godlewski's Lawsuit against the Scranton Times

10. On or about May 24, 2021, Mr. Godlewski filed a defamation lawsuit against the Scranton Times and Chris Kelly. The complaint is attached hereto and incorporated herein as Exhibit 1.

11. Specifically, Chris Kelly and Scranton Times accused Mr. Godlewski of having a sexual relationship with a fifteen (15)-year-old pursuant to a criminal matter that occurred in 2011.

12. The Defendants in that case wrote that Mr. Godlewski had such a sexual relationship and implied he was convicted of statutory rape.

13. These allegations were false. Mr. Godlewski was never convicted of having sex with a minor, and such information was readily available to any responsible journalist and newspaper if they had bothered to the minimum of professional due diligence.

14. Defendants have extracted portions of the litigation record, including the production of documents, deposition testimony, and other materials not available to the general public, and used selected portions to create the false impression that Plaintiff did engage in sex with a minor.

    B.  **Defendants' Defamatory Statements against Mr. Godlewski.**

15. Defendants, having followed the Scranton Times litigation and knowing of Mr. Godlewski's continuing denial that he had sex with a minor, have nonetheless created a torrent of defamatory publication stating that he did.

16. In so doing, across numerous social media outlets, pamphlets, billboards, and radio, they have refer to Mr. Godlewski as a 'Pedo,' a Pedophile, a fraudster, a grifter, a criminal, and a convicted pedophile.

17. Recently, they produced, disseminated, and advertised an entire film featuring Mr. Godlewski as the 'Greatest Fraud on Earth. Walking.'

18. This film contains much of the defamatory material referenced *supra*. Plaintiff attaches some of the relevant defamatory publications as Exhibit 1.

19. Defendants have referred to the Plaintiff's business clients and declared that he peddles fraudulent products and services to his customers.

20. In doing so, Defendants have put Plaintiff's business in jeopardy.

21. Specifically, in a 'message' from Good Lion Films published to some forty-two thousand, five hundred (42,500) subscribers, Defendants stated he '*I make products for children with autism (and adults) while Phil can't keep his dick in his pants around them."* See Exhibit 2, attached and incorporated herein.

22. Mr. Godlewski has neither been caught nor tried for molesting a child.

23. A simple review of Mr. Godlewski's criminal record or the documents filed in the Scranton Times case would have clarified this issue.

24. Defendants contended that text messages produced in the Scranton Times litigation clearly showed that Mr. Godlewski was carrying on a sexual relationship with a minor.

25. Defendants did not bother to ask Mr. Godlewski whether these text messages were accurate or should be ascribed to him.

26. Notably, none of Mr. Godlewski's deposition testimony addressing these issues was ever appended by Defendants to their defamatory publications.

27. No determination has ever been made by any court that these 'text messages' are authentic, admissible, legitimate that they refer to an improper sexual relationship with a minor, or that Mr. Godlewski wrote them.

28. Mr. Godlewski has denied the authenticity of any text messages relating to or referencing having sex with a minor.

29. The alleged former minor with whom Mr. Godlewski is accused of having relations has not yet been deposed, and the transcripts of the deposition testimony taken in the Scranton Times case do not confirm, suggest, imply, or indicate that Plaintiff ever had sex with a fifteen (15)-year-old girl.

30. Further, Mr. Godlewski's mother corroborated, in sworn deposition testimony in the Scranton Times case, the fact that Mr. Godlewski never had a sexual relationship with a minor.

31. Still, despite lacking legal training, Alvear represents that the 'evidence' from the Scranton Times case makes it '*very evident what Phil's past is.*'

32. Defendants' defamatory statements are malicious because, *inter alia,* of Alvear states twice in Exhibit 3 that he dislikes Mr. Godlewski.

33. Alvear further posts:

> *No malice to him as a public figure with false info has been presented-they are all facts that have been kept hidden, and me as a journalist and fully allowed to share my discoveries-I can do so here, or in court, or on my telegram, it is a freedom of speech right. But trust me, many of us are sharing on the exposure of Phil and I will gladly take Scranton Times sloppy seconds.*

34. Defendants have appointed themselves as the *de facto* jury informing thousands of people that discovery in the Scranton Times case has exposed Mr. Godlewski as a child molester.

35. On January 2, 2024, Defendant posted on X and to his forty-five thousand, two hundred eight (45,208) subscribers that Plaintiff had sex with a minor in many vacant homes for sale.

36. Plaintiff has denied, under oath, doing any such thing.

37. Defendant Alvear acknowledges that at least one hundred seventy-seven thousand (177,000) people have seen his defamatory statements.

38. Defendant Alvear states that 'as a journalist,' he can share his 'discoveries' with the thousands of people who follow him.

39. But Defendants are not sharing 'discoveries' but instead making statements of alleged fact they have every reason to know or should know to be false.

40. Defendants grossly and recklessly departed from accepted journalistic standards before defaming Mr. Godlewski.

41. Had Defendants adhered to accepted journalistic standards, they would have discovered that Brie DuBorgel, the former fifteen (15)-year-old, has admitted numerous times that Mr. Godlewski never had sex with her. Some of these admissions have been attached and incorporated as Exhibit 3.

42. Defendants knew that Mr. Godlewski had sued the Scranton Times for the making the same defamatory statements that Defendants, knowingly, willfully and/or recklessly republished as fact.

43. Defendants knowingly and maliciously defamed Mr. Godlewski to thousands of people and continue to do so.

44. If Alvear were an honest journalist with a modicum of integrity, he would have reported that a misdemeanor was the only charge Mr. Godlewski was ever guilty of.

45. But the Defendants' agenda has never been to communicate the truth but instead untruthfully accuse Mr. Godlewski of being a sexual predator.

46. Defendants even acknowledge that the Scranton Times's allegations are reckless and inaccurate, but, in Defendants' own words, they would 'gladly take Scranton Times sloppy seconds.'

47. Defendants reinforce the certainty of Mr. Godlewski's guilt by promising to make a film 'exposing' him.

48. They state, *'Who would have thought I'd ever make a film on Phil Godlewski - if you care to watch his face for 1 hour, you'll earn everything our team has discovered.'*

49. Defendants did make that film, 'The Greatest Fraud on Earth.'

50. The Film doubles down on their defamatory statements *supra*.

51. On February 13, 2024, Plaintiff discovered billboards publishing some of this defamatory data.

52. The next day, the Plaintiff's attorneys sent a letter to the Billboard company, pointing out its defamatory content and demanding that they be taken down immediately, which they were.

53. Defendant Alvear has postured himself as some medical guru selling an item called 'Arii detox,' which he sells for one hundred sixteen dollars and twenty-five cents ($116.25).

54. Alvear has represented it to his followers as a cure for autism and ADHD.

55. It is no such thing.

56. It makes children sick.

57. While Alvear defames Plaintiff, calls him a pedophile, and contends that Plaintiff does not care about children, which is entirely untrue, Defendant, by selling 'Arii detox' exploits, without any conscience, sick children and the parents to take care of them.

58. 'Arii detox' does absolutely nothing for children, and there have been numerous testimonies that it has harmed the children to whom it has been applied.

59. Further, when these parents requested a refund, they could not contact anyone on the website or elsewhere to get one.

60. Alvear has also created fraudulent testimonials to promote and sell 'Arii detox.'

61. Alvear's enterprise in promoting and selling 'Arii detox' is criminal to its core and, it is submitted, a violation of the conditions of his probation.

62. Specifically, Alvear has violated the United States Food and Drug Administration ("FDCA"), 21 U.S.C. §§ 301 *et seq.,* by improperly promoting and marketing 'Arii detox' for the cure, mitigation, or treatment of autism and ADHD, thereby rendering these products misbranded and unapproved new drugs.

63. Alvear is a convicted felon currently on probation, and his criminal information is attached and incorporated as Exhibit 4.

64. Every circumstance of defamation here described is directed by Alvear, even if the defamation was ordered or paid through one of the Defendant corporations.

65. Defendants' campaign of defamation is relentless and continuing.

66. Most recently, on February 14, 2024, pamphlets advertising the film 'The Greatest Fraud on Earth' were distributed in Hawaii, where Plaintiff sometimes resides with his family.

<u>**COUNT 1**</u>
<u>**DEFAMATION BY IMPUTATION OF CRIMES MR. GODLEWSKI NEVER COMMITTED**</u>

67. The foregoing paragraphs are incorporated herein as if set forth at length.

68. Although Defendant Alvear, as a journalist, has a conditional First Amendment privilege concerning what they publish, Alvear abused that privilege by printing falsehoods about Mr. Godlewski.

69. Defendants published that the evidence showed Mr. Godlewski had an illegal sexual relationship with a minor and that this was clear from the 'evidence' in the Scranton Times case.

70. Defendants' allegation that evidence showed that Mr. Godlewski had an illegal sexual relationship with a minor and this this was clear from the 'evidence' in the Scranton Times case was untrue.

71. Any average person reading Defendants' publications ('publications') or hearing Alvear's statements online would understand their defamatory meaning.

72. The average person reading the publications would also know they applied only to Mr. Godlewski.

73. Mr. Godlewski suffered special harm due to the defamatory publications, as described in more detail below.

74. The statement, as fact, that Mr. Godlewski had sexual intercourse with an underage fifteen (15)-year-old girl is an imputation of statutory rape, which has blackened his reputation, exposed him to public hatred, and grievously injured him in the community of respectable society.

75. Defendants are, therefore, liable against Mr. Godlewski for defamation per se.

WHEREFORE, the Plaintiff requests the relief set forth below.

**COUNT 2**
**FALSE LIGHT INVASION OF PRIVACY**

10

76. The foregoing paragraphs are hereto incorporated as if set forth at length.

77. Defendants knew or acted in reckless disregard of their knowledge that the publicized matters were false and would place Mr.Godjewski in a false light.

78. Defendants' publications contained significant misrepresentations of Mr. Godlewski's character, history, and activities that Plaintiff did not have and did not do but which, if believed, would cast him in a false light.

79. Defendants, by way of their global distribution of their libel and slander, as described herein, placed Mr. Godlewski in a false light that would be highly offensive to a reasonable person.

80. Further, the actions of the Defendants against Mr. Godlewski were done with actual malice. WHEREFORE, the Plaintiff requests the relief set forth below.

## COUNT 3
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81. The foregoing paragraphs are hereto incorporated as if set forth at length.

82. Defendants' conduct in authorizing the publication of false statements, which Defendants knew to be false, was intentional, reckless, careless, extreme, and outrageous and made for the sole purpose of causing Mr. Godlewski's injury.

83. All of the above-described statements were made with intentional or reckless disregard of the truth, were clearly explicitly aimed at Plaintiff and his family, and were understood by Plaintiff to be directed toward him to harm his reputation and his business and to cast him in a false light that bore no relationship to the truth.

84. As a direct and proximate result, Plaintiff has sustained personal injuries, including but not limited to depression, anxiety, insomnia, psychological and emotional distress,

11

irreparable damage to his reputation, and loss of standing in the community. He continues to sustain these injuries due to the ongoing and widespread dissemination of Defendants' falsehoods.

85. As a direct and/or proximate result of the foregoing intentional, reckless, careless, extreme, and outrageous conduct, Plaintiff is entitled to recover compensatory damages and punitive damages permitted by the law in an amount determined at trial.

WHEREFORE, the Plaintiff requests the relief set forth below.

## COUNT 4

**TORTIOUS INTERFERENCE WITH CONTRACTS, PROSPECTIVE CONTRACTS, AND BUSINESS RELATIONSHIPS**

86. The foregoing paragraphs are hereto incorporated as if set forth at length.

87. Defendants' conduct in authorizing the publication of false statements, which Defendants knew to be false, was intentional, reckless, careless, extreme, outrageous, and intended to interfere with Mr. Godlewski's business and contractual relationships.

88. Mr. Godlewski is an influencer with millions of followers.

89. Mr. Godlewski is also an entrepreneur with business connections and clients.

90. Defendant Alvear casts himself as an influencer.

91. Defendants purpose in publishing and continuing to publish the defamatory libel and slandering Mr. Godlewski online is to diminish Mr. Godlewski's reputation and influence on his followers and increase his own.

92. Defendants targeted Plaintiff's followers, business connections, and customers to diminish Plaintiff's businesses by calling him a sexual predator, a convicted pedophile, and a fraud and dissuade his clients and customers from continuing to do business with him.

93. As a direct and/or proximate result of the foregoing intentional actions, which are continuing, Mr. Godlewski continues to suffer a loss of his followers.

WHEREFORE, Plaintiff is entitled to recover compensatory and punitive damages permitted by the law in an amount determined at trial.

## COUNT 5
## DEFAMATION BY INNUENDO

94. The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

95. Defendants' communications to others created defamatory innuendo.

96. A particularly effective scheme in defaming Plaintiff by innuendo was Defendants' quoting of selected passages from the Scranton Times case to make it seem that there was no doubt Plaintiff was a criminal and pedophile.

97. Further, these selected quotations were editorialized by Defendants, who explained that Plaintiff, by prosecuting the Scranton Times case, had 'outed' himself as a pedophile rapist.

98. Defendants did this to damage Plaintiff's reputation and standing in the community and to diminish the integrity of his business relationships with his customers and clients.

99. With these and other skillfully devised innuendos, Defendants defamed Plaintiff by portraying him as a dishonorable criminal rapist and fraudster who had hoodwinked the public and business community about his history and reputation.

100. Defendants' defamatory statements further implied that Plaintiff is neglectful, predatory, corrupt, sinful, unwholesome, and depraved.

101. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has sustained personal injuries including but not limited to depression, anxiety, isolation, insomnia, irreparable damage to their reputation, and loss of standing in the community.

102. He continues to sustain these injuries due to the ongoing and widespread dissemination of the Defendants' falsehoods.

103. Defendants' portrayal of the Plaintiff was reckless, willful, malicious, and so extreme and outrageously false to warrant the imposition of punitive damages.

WHEREFORE, Plaintiff demands the compensatory and punitive damages referenced above.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor against Defendant and that it enter an Order as follows:

a. Defendants are to compensate the Plaintiff in an amount to be determined by a jury for the actual and special damages they have caused to the Plaintiff by virtue of their vicious conduct.

b. Plaintiff is to be awarded out-of-pocket expenses due to the defamation, for injury to his reputation, and for any other injury of which the libel or slander is the legal cause.

c. Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law, in an amount set forth by statute and/or believed by the Court or trier of fact to be appropriate to punish Defendants for their defamatory conduct.

d. Plaintiff is to be afforded any and all other equitable and legal relief as the Court deems just, proper, and appropriate.

e.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable state law.

f.  The Court is to maintain jurisdiction of this action after the verdict to ensure compliance with its Orders.

Respectfully Submitted,

**KOLMAN LAW, P.C.**
/s/ *Timothy M. Kolman*
Timothy M. Kolman, Esquire
/s/*Timothy Bowers*
Timothy Bowers, Esquire
414 Hulmeville Ave
Penndel, PA 19047
(215) 750-3134
*Attorneys for Plaintiff*

Dated: February 28, 2024