UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHILIP GODLEWSKI** : | CIVIL ACTION |
| *Petitioner,* : | |
| : | NO.: <u>3:24-CV-00344</u> |
| vs. : | |
| **EDUARDO NICOLAS ALVEAR** : | JURY TRIAL DEMANDED |
| **GONZALEZ** : | |
| AKA, : | |
| **ALVEAR GONZALEZ EDUARDO** : | |
| **NICOLAS;** : | |
| AKA, : | |
| **NICOLAS ALVEAR** : | |
| : | |
| And, : | |
| : | |
| **GOOD LION FILMS, L.L.C.** : | |
| : | |
| And, : | |
| : | |
| **GOOD LION TV, L.L.C.** : | |
| *Respondents.* : | |

**BRIEF IN SUPPORT OF PETITIONER'S
<u>MOTION FOR A PRELIMINARY INJUNCTION</u>**

Petitioner, by and through his undersigned counsel, hereby avers as follows in support of the attached Petition:

**I.   <u>STATEMENT OF FACTS</u>**

The relevant facts are detailed in the Petitioner's Complaint and incorporated herein by reference. Petitioner has filed this preliminary injunction because his life and family have been physically threatened with imminent violence due to false and inflammatory publications by Defendants. See Exhibit P1, Inc., attached and incorporated hereto.

Further, Petitioner's clients and customers have been contacted and Petitioner's reputation falsely and maliciously besmirched. Finally, the content of the Respondents' publications and communications impute a criminal liability to the Petitioner, of which he is innocent, and tars him

as a pedophile, fraudster, and criminal. As argued below, these facts satisfy the standard for a preliminary injunction.

## II. LEGAL ARGUMENT

### A. Standard of Review for Injunctive Relief

#### (i) The legal Standard for Imminent Danger.

An injunction should be issued because the Petitioner is in imminent danger, and an injunction would remove the threat to the Petitioner and his family.

"Imminent dangers are those dangers which are about to occur at any moment or arc impending." *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir.2001) (internal quotation marks omitted). "By using the term 'imminent,' Congress indicated that it wanted to ... prevent impending harms, not those harms that had already occurred." *Id.*

This danger must be present at the time the complaint is filed. Courts generally reject vague, conclusory, or fantastic allegations as they are deemed insufficient to establish this status. For a plaintiff to qualify for the endangerment exception, they must demonstrate that they are under "imminent danger of serious physical injury" *Talbert v. Well Path* 2020 WL 4059933(E.D.Pa) (Not reported in F. Supp), *Pew v. Glunt* 20215 WL 1951636 (M.D.Pa 2015) Not reported in F. Supp.  This danger cannot be based on past harm or harm that is likely to occur in the distant future *DeFranco v.Miller* 2021 WL 3667839 (W.D.Pa) Not reported in F.Supp.]. The danger should be a threat that is real, proximate, and likely to cause harm in the immediate future. Furthermore, in the context of injunctive relief, a risk of future harm can be considered concrete and thus may qualify as an imminent danger if the risk is "sufficiently imminent and substantial.

2

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party, and 4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella,* 613 F.3d 102, 109 (3d Cir. 2010) quoting *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010). See also Fed.R.Civ.P. 65.

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. *Neo Gen Screening, Inc. v. TeleChem Intern., Inc.*, 69 Fed.App'x 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. *Id*.

Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits and that they likely face irreparable harm in the absence of the injunction. See *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000); *Hohe v. Casey,* 686 F.2d 69, 72 (3d Cir. 1989). The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two factors; however, the same is not true of the second two factors. *Neo Gen Screening Inc., v. TeleChem Intern, Inc.*, 69 Fed.App'x 550, 554. (3d.Cir 2003).

For a district court to grant an injunction, the moving party must show that 1) it is likely to succeed on the merits and 2) denial will result in irreparable harm to the moving party. *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.,* 229 F.3d 254, 263 (3d Cir.2000); *Maldonado v. Houstoun,* 157 F.3d 179, 184 (3d Cir.1998); *Opticians Assoc. v. Independent Opticians,* 920 F.2d 187, 192 (3d Cir.1990). In addition, the District Court should

consider whether 3) granting the injunction will not result in irreparable harm to the non-moving party and/or harm to the moving party outweighs the harm to the non-moving party and 4) granting the injunction is in the public interest. *See id.; See also Acierno v. New Castle County,* 40 F.3d 645, 647 (3d Cir.1994).

    **(ii)**     **Application of the Law to This Case**

In this case, Petitioner satisfies all of the necessary criteria to justify an injunction. Physical violence is irreparable harm and the longer and more pervasive the false and provocative accusation that Petitioner is a 'pedophile' or a 'pedo,' the more likelihood of an attack against him and his family.

Petitioner is not a sex offender. Petitioner has never been convicted of any sex offense, let alone one with a minor. In that regard he can succeed on the merits. The allegation, masquerading as a revelation of fact, that Petitioner is a convicted pedophile is entirely and utterly false. It is inflammatory, and Petitioner is requesting that the Respondents be stopped from continuing to ignite hatred against him by spreading their false and incendiary diatribe.

Much more harm will come to the Petitioner if the injunction is not granted than to the Respondents if it is. Further, the Respondents, on their worst day, may incur some economic loss, but for this, Petitioner will post a bond.

Finally, there is a significant public interest in ensuring that citizens and their families are not beaten up, injured, and killed because other people with the resources to spread malicious rumors across all media will publish falsehoods so incendiary and provocative that self-appointed vigilantes are incited to physically injure the innocent. Such actions are intolerable in a democratic country governed by the Rule of Law.

**CONCLUSION**

In light of the foregoing, Petitioner believes he satisfies the conditions necessary for the issuance of a Preliminary Injunction and respectfully requests that this Court issue one in the form of order attached hereto.

                              Respectfully Submitted,

                              **KOLMAN LAW P.C.**

BY:   */s/Timothy M. Kolman*
          Timothy M. Kolman, Esquire

BY:   */s/Timothy Bowers*
          Timothy Bowers Esquire
          *Attorneys for Petitioner*

Date: 03/08/2024

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of March 2024, a true and correct copy of the foregoing was served upon the following in the manner described:

**EDUARDO NICOLAS ALVEAR GONZALEZ**
**AKA**
**ALVEAR GONZALEZ EDUARDO NICOLAS**
**AKA**
**NICOLAS ALVEAR**
905 Clay Street, Apartment 308
Nashville, Tennessee 39208
*Via USPS Priority Mail, Signature Required (9410 8036 9930 0165 8384 41)*
*Defendant*

**GOOD LION FILMS, LLC**
808 E. Santa Clara Street, Apartment D
Ventura, California 93001
*Via USPS Priority Mail, Signature Required (9410 8036 9930 0165 8386 32)*
*Defendant*

**GOOD LION TV, LLC**
c/o Cloud Peak Law, LLC
1095 Sugar View Drive, Suite 500
Sheridan, Wyoming 82801
*Via USPS Priority Mail, Signature Required (9410 8036 9930 0165 8388 23)*
*&*
1039 Coffeen Avenue, Suite 1200
Sheridan, Wyoming 82801
*Via USPS Priority Mail, Signature Required (9410 8036 9930 0165 8388 30)*
*Defendant*

Respectfully Submitted,
**KOLMAN LAW P.C.**
BY:   */s/Timothy M. Kolman*
      Timothy M. Kolman, Esquire
BY:   */s/Timothy Bowers*
      Timothy Bowers Esquire

Date: 03/08/2024                          *Attorneys for Petitioner*