Godlewski v. Alvear, No. 3:24—CV—00344 (JKM)
Defs.' Mot. to Disms.

# Exhibit "C"

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF STATE
BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS

---

BEFORE THE STATE REAL ESTATE COMMISSION

---

COMMONWEALTH OF PENNSYLVANIA
BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS

V.

PHILIP J. GODLEWSKI

CASE NO. 20-56-002885

---

FINAL ADJUDICATION AND ORDER

---

ARION R. CLAGGETT
ACTING COMMISSIONER
BUREAU OF PROFESSIONAL AND
OCCUPATIONAL AFFAIRS

JOSEPH TARANTINO
VICE CHAIR
STATE REAL ESTATE COMMISSION

P.O. BOX 69523
HARRISBURG, PA 17106-9523

SJJ

Prothonotary Fil
Dec 22 2022 03
Department of S

ST 181

## HISTORY

This case is before the State Real Estate Commission (Commission) for a determination whether the license to practice real estate of Philip J. Godlewski (Respondent), should be suspended, revoked, or otherwise disciplined pursuant to the Real Estate Licensing and Registration Act (RELRA)[1] and under the Criminal History Record Information Act (CHRIA)[2]. The matter commenced on August 26, 2021, with the issuance of a four (4) count Order to Show Cause (OSC). Count One alleged that Respondent was subject to disciplinary action under Section 9124(c)(2) of CHRIA, 18 Pa.C.S. § 9124(c)(2), in that Respondent was convicted of a misdemeanor crime directly related to Respondent's occupation, trade or profession under 63 Pa.C.S. § 3113(b)(1) and § 3117(a)(1) and poses a substantial risk to the health and safety of the individual's clients or the public or a substantial risk of further criminal convictions. Count Two alleged that Respondent was subject to disciplinary action under Section 9124(c)(2) of CHRIA, 18 Pa.C.S. § 9124(c)(2), in that Respondent was convicted of a misdemeanor crime directly related to Respondent's occupation, trade or profession under 63 Pa.C.S. § 3113(b)(2), due to the nature of the criminal convictions, licensure of the Respondent would pose a substantial risk to the health and safety of Respondent's clients or the public, or a substantial risk of further convictions. Count Three alleged that Respondent was subject to disciplinary action under Section 604(a)(15) of the Act, 63 P.S. § 455.604(a)(15), by failing to notify the Commission of pleading guilty to or being convicted of a misdemeanor or felony within thirty (30) days of the verdict or plea, as required by the Commission regulation found at 49 Pa. Code § 35.290(a). Count Four alleged that Respondent was subject to disciplinary action under Section 604(a)(21) of RELRA, 63 P.S. § 455.604(a)(21), in that Respondent was performing any act for which an appropriate real estate license is required

[1] Act of February 19, 1980, P.L. 15, No. 9, *as amended*, 63 P.S. §§ 455.101-455.902.
[2] Act of July 16, 1979, P.L. 116, No. 47, *as amended*, 18 Pa.C.S. §§ 9101-9183.

DOS Prothonotary:
Dec 22 2022
ST 1812

and is not currently in effect.

Although the OSC was served on Respondent, he has not filed an answer or otherwise responded. On November 5, 2021, the Commonwealth filed a Motion to Deem Facts Admitted and Enter Default (MDFA). On January 3, 2022, the Commission granted the MDFA, deeming Respondent to have admitted the factual allegations of the OSC. To date, Respondent has not filed a response to the OSC, the MDFA, or the Commission's Order granting and has not requested a hearing.

The Commission deliberated this matter at its meeting, and now issues this adjudication as a final disposition of the charges against Respondent.

DOS Prothonotary:
Dec 22 2022
ST 1813

## FINDINGS OF FACT

1. Respondent holds the following licenses to practice real estate in the Commonwealth of Pennsylvania:

   a. Associate Broker license, no. AB068598, which was originally issued on January 23, 2020, expired on May 31, 2022, and is currently on "Inactive" status; and

   b. Broker-Multi license, no. RM423112, which was originally issued on September 28, 2015, and has been expired since August 29, 2020[3]. (Paragraph 1, OSC; Commission records)

2. Respondent's licenses, absent further Commission action, may be renewed, reactivated or reinstated thereafter upon the filing of the appropriate documentation and payment of the necessary fees. (Paragraph 2, OSC; Commission records)

3. At all times pertinent to the Factual Allegations, Respondent held a license to practice as a real estate broker in the Commonwealth of Pennsylvania. (Paragraph 3, OSC; Commission records)

4. Respondent previously held a license to practice as a real estate salesperson, no. RS309154, which was originally issued on July 31, 2008, and became null and void on May 31, 2016. (Paragraph 4, OSC; Commission records)

5. Respondent's address on file with the Commission is 115 Huckleberry Lane, Duryea, Pennsylvania 18642. (Paragraph 5, OSC; Commission records)

6. On February 22, 2021, Respondent plead guilty in the Court of Common Pleas of Lackawanna County at docket number CP-35-CR-0000664-2020 to:

[3] Due to the Covid 19 pandemic, renewal deadlines for all license types were extended from May 31, 2020, to Aug. 29, 2020.

DOS Prothonotary:
Dec 22 2022
ST 1814

a. One (1) count of violating 18 Pa.C.S. § 4104(a), *Tampering with Records or Identification*, a Misdemeanor of the First Degree; and

b. One (1) count of violating 18 Pa.C.S. § 4105(a)(1), *Bad Checks*, a Misdemeanor of the Second Degree. (Paragraph 6 and Exhibit A, OSC)

7.    On June 22, 2021, Respondent was sentenced to one (1) to forty-four (44) months of imprisonment, followed by three (3) months of house arrest and one (1) year consecutive supervised probation. (Paragraph 7 and Exhibit A, OSC)

8.    The Commission has deemed 18 Pa.C.S. §4104(a), *Tampering with Records or Identification* a crime directly related to the profession in accordance with 63 Pa.C.S. § 3117. (Paragraph 9, OSC; Commission records)

9.    Respondent never notified the Commission of his guilty plea or criminal convictions (Paragraph 10, OSC)

10.    On August 29, 2020, following the Commission's renewal deadline extension, Respondent's Associate Broker's license, AB068598, expired. (Paragraph 18, OSC)

11.    Respondent submitted a Reactivation Application which was postmarked November 18, 2020, and was received by the Commission on December 7, 2020. (Paragraph 19 and Exhibit B, OSC)

12.    On the Reactivation Application, Respondent answered "Yes" to providing real estate services while his license was expired. (Paragraph 21 and Exhibit B, OSC)

13.    On August 26, 2021, the Commonwealth filed an OSC against Respondent setting forth allegations that Respondent violated RELRA. (Paragraph 1, MDFA; OSC)

DOS Prothonotary:
Dec 22 2022
ST 1815

14. On August 26, 2021, the Commonwealth mailed the OSC by first class mail, postage prepaid, and by certified mail, return receipt requested, to: 115 Huckleberry Lane, Duryea, PA 18642. (Certificate of Service, OSC; Paragraph 2, MDFA)

15. The OSC mailed by certified mail, return receipt requested, was delivered on August 28, 2021, as evidenced by the United States Postal Service (USPS) tracking information for certified mailing, item # 9171 9690 0935 0228 4843 75. (Paragraph 3 and Exhibit A, MDFA)

16. The OSC mailed by first class mail, postage prepaid, was not returned to the Commonwealth. (Paragraph 5, MDFA)

17. The OSC directed the Respondent to file an Answer within thirty (30) days of its date. (Paragraph 6, MDFA)

18. Thirty (30) days from the date of the OSC have expired and Respondent has not filed a written Answer. (Paragraphs 7-8, MDFA)

19. On November 5, 2021, the Commonwealth filed its MDFA and mailed same to Respondent at: 115 Huckleberry Lane, Duryea, PA 18642, by first-class mail, postage prepaid. (Certificate of Service, MDFA)

20. On January 3, 2022, the Commission issued an Order granting the MDFA and mailed it to Respondent at: 115 Huckleberry Lane, Duryea, PA 18642, by first-class mail, postage prepaid. (Docket Entries, Case No. 20-56-002885; Order granting)

21. Respondent did not answer the OSC, the Motion, the Commission's Order granting the MDFA, or otherwise respond in this matter and has not requested a hearing. (Docket Entries, Case No. 20-56-002885)

DOS Prothonotary:
Dec 22 2022
ST 1816

## CONCLUSIONS OF LAW

1. The Commission has jurisdiction over Respondent in this matter. (Findings of Fact Nos. 1-4)

2. Respondent received notice of this proceeding and of the charges against him and was afforded the opportunity to be heard in accordance with Section 4 of the Administrative Agency Law, 2 Pa. C.S.A. § 504. (Finding of Fact Nos. 5, 12-21)

3. The Commission is authorized to suspend or revoke, or otherwise restrict Respondent's license, or impose a civil penalty under Section 9124(c)(2) of CHRIA, 18 Pa.C.S. § 9124(c)(2)[4], in that Respondent was convicted of a misdemeanor crime directly related to Respondent's occupation, trade or profession under 63 Pa.C.S. § 3113(b)(1) and § 3117(a)(1) and poses a substantial risk to the health and safety of the individual's clients or the public or a substantial risk of further criminal convictions. Therefore, the allegation in Count One of the OSC is sustained. (Findings of Fact Nos. 5-8)

4. The Commission is authorized to suspend or revoke, or otherwise restrict Respondent's license, or impose a civil penalty under Section 9124(c)(2) of CHRIA, 18 Pa.C.S. § 9124(c)(2), in that Respondent was convicted of a misdemeanor crime directly related to Respondent's occupation, trade or profession under 63 Pa.C.S. § 3113(b)(2), due to the nature of

---

[4] **Section 9124. Use of records by licensing agencies.**

* * * *

> (c) State action authorized. – Boards, commissions or departments of the Commonwealth authorized to license, certify, register or permit the practice of trades, occupations or professions may refuse to grant or renew, or may suspend or revoke any license, certificate, registration or permit for the following causes:
>
> * * * *
>
> > (2) Where the applicant has been convicted of a misdemeanor which relates to the trade, occupation or profession for which the license, certificate, registration or permit is sought.
>
> * * * *

18 Pa.C.S. § 9124(c)(2).

DOS Prothonotary:
Dec 22 2022
ST 1817

the criminal convictions, licensure of the Respondent would pose a substantial risk to the health and safety of Respondent's clients or the public, or a substantial risk of further convictions. Therefore, the allegation in Count Two of the OSC is sustained. (Findings of Fact Nos. 5-8)

5. The Commission is authorized to suspend or revoke, or otherwise restrict Respondent's license, or impose a civil penalty under Section 604(a)(15) of RELRA, 63 P.S. § 455.604(a)(15)[5], because Respondent failed to notify the Commission of being convicted of or pleading guilty or nolo contendere to a misdemeanor within thirty (30) days of the verdict or plea as required by the Commission regulations found at 49 Pa. Code § 35.290(a)[6]. Therefore, the allegation in Count Three of the OSC is sustained. (Findings of Fact Nos. 5-7, 9)

6. The Commission is authorized to suspend or revoke, or otherwise restrict Respondent's license, or impose a civil penalty under Section 604(a)(21) of RELRA, 63 P.S. § 455.604(a)(21), because Respondent was performing any act for which an appropriate real estate

---

[5] **Section 604. Prohibited acts.**

> (a) The commission may upon its own motion and shall promptly upon the verified complaint in writing of any person setting forth a complaint under this section, ascertain the facts and, if warranted, hold a hearing for the suspension or revocation of a license or registration certificate or for the imposition of fines not exceeding $1,000, or both. The commission shall have power to refuse a license or registration certificate for cause or to suspend or revoke a license or registration certificate or to levy fines up to $1,000, or both, where the said license has been obtained by false representation, or by fraudulent act or conduct, or where a licensee or registrant, in performing or attempting to perform any of the acts mentioned herein, is found guilty of:
>
> * * * *
>
> (15) Violating any rule or regulation promulgated by the commission in the interest of the public and consistent with the provisions of this act.
>
> * * * *
>
> (21) Performing any act for which an appropriate real estate license is required and is not currently in effect.
>
> * * * *

63 P.S. §§ 445.604(a)(15) and (21).

[6] **Section 35.290. Reporting of crimes and disciplinary actions.**

> (a) A licensee shall notify the Commission of being convicted of, or pleading guilty or nolo contendere to, a felony or misdemeanor, within 30 days of the verdict or plea.
>
> * * * *

49 Pa. Code § 35.290(a).

DOS Prothonotary: Dec 22 2022
ST 1818

license is required and is not currently in effect. Therefore, the allegation in Count Four of the OSC is sustained. (Findings of Fact Nos. 10-12)

DOS Prothonotary:
Dec 22 2022
ST 1819

## DISCUSSION

### DUE PROCESS

Respondent did not file an Answer to the OSC. Under the foregoing circumstances, the Commission must ascertain whether Respondent has been afforded the appropriate due process to enable it to render a final decision on the merits of the case. Due process rights are protected if respondent is made sufficiently aware of the charges against him and the procedures by which he can defend himself. *Gutman v. State Dental Council and Examining Board*, 463 A.2d 114 (Pa. 'Cmwlth. 1983); *Clark v. Department of Public Welfare*, 427 A.2d 712 (Pa. Cmwlth. 1981); and *Celane v. Insurance Commissioner*, 415 A.2d 130, 132 (Pa. Cmwlth. 1980).Section 33.31 of the General Rules, 1 Pa. Code § 33.31, authorizes service by mail. "Notice of administrative action which is mailed to the interested party's last known address has been found to be reasonable notice." *Kobylski v. Milk Marketing Board*, 516 A.2d 75 (Pa. Cmwlth. 1986). A respondent is deemed to be in default and relevant facts stated in the Order may be admitted if the respondent fails to file an Answer within the time provided in the OSC. 1 Pa. Code § 35.37. *See also, Kinniry v. Professional Standards and Practices Board*, 678 A.2d 1230 (Pa. Cmwlth. 1986). In this case, the Commonwealth made a good faith effort to notify Respondent of the charges against him by serving the OSC by first-class mail, postage prepaid, and certified mail, return receipt requested, to his address on file with the Commission: 115 Huckleberry Lane, Duryea, PA 18642. The OSC mailed by certified mail, return receipt requested, was delivered on August 28, 2021, as evidenced by the USPS tracking information for certified mailing, item # 9171 9690 0935 0228 4843 75. The OSC mailed by first class mail, postage prepaid, was not returned to the Commonwealth, and is presumed to have been delivered to the Respondent.

DOS Prothonotary:
Dec 22 2022
ST 1820

In the OSC, there were specific instructions as to how Respondent could answer the Order and obtain a hearing. The notice also warned Respondent what might happen if Respondent did not file an answer as directed: **IF RESPONDENT FAILS TO FILE A WRITTEN REQUEST FOR HEARING WITHIN THIRTY (30) DAYS OF THIS ORDER, RESPONDENT WILL BE DEEMED TO HAVE WAIVED HIS OR HER RIGHT TO A HEARING AND FINAL JUDGMENT MAY BE ENTERED WITHOUT A HEARING.**

Despite Respondent's receipt of notice, Respondent failed to answer the OSC, the MDFA or the Commission's Order entering default and deeming the facts admitted. Thus, the Commission concludes that Respondent was given sufficient notice and opportunity to be heard.

**SUBSTANTIVE CHARGES**

As established in the findings of fact, on February 22, 2021, Respondent plead guilty in the Court of Common Pleas of Lackawanna County at docket number CP-35-CR-0000664-2020 to: one (1) count of violating 18 Pa.C.S. § 4104(a), *Tampering with Records or Identification*, a Misdemeanor of the First Degree; and one (1) count of violating 18 Pa.C.S. § 4105(a)(1), *Bad Checks*, a Misdemeanor of the Second Degree.

Count One of the OSC charged that Respondent is subject to disciplinary action under Section 9124(c)(2) of CHRIA, 18 Pa.C.S. § 9124(c)(2), in that Respondent plead guilty to the misdemeanor crime directly related to Respondent's occupation, trade or profession under 63 Pa.C.S. § 3113(b)(1) and § 3117(a)(1) and poses a substantial risk to the health and safety of the individual's clients or the public or a substantial risk of further criminal convictions. A violation of 18 Pa.C.S. § 4104(a), *Tampering with Records or Identification*, is directly related to Respondent's occupation, trade or profession because Real estate brokers regularly handle and

DOS Prothonotary:
Dec 22 2022
ST 1821

manage the private records of their clients, and so\ the Respondent is subject to disciplinary action. Therefore, Count One of the OSC is sustained.

Count Two alleged that Respondent was subject to disciplinary action under 18 Pa.C.S. § 9124(c)(2), in that Respondent plead guilty to the misdemeanor crime directly related to Respondent's occupation trade or profession under 63 Pa.C.S. § 3113(b)(1) and § 3117(a)(1) and poses a substantial risk to the health and safety of the individual's clients or the public or a substantial risk of further criminal convictions. The violation of 18 PaC.S. § 4105(a)(1) for *Bad Checks* is a misdemeanor directly related to Respondent's occupation, trade or profession because Real Estate agents must handle the checks of their clients and are required to be trustworthy in carrying out that duty. Therefore, Respondent is subject to disciplinary action and Count Two of the OSC is sustained.

Count Three charged that Respondent was subject to disciplinary action under 604(a)(15) of RELRA, 63 P.S. § 455.604(a)(15), because Respondent failed to notify the Commission of pleading guilty to a misdemeanor within thirty (30) days of the verdict or plea as required by the Commission regulations found at 49 Pa. Code § 35.290(a). As established in the findings of fact, as of the date of this filing, Respondent has failed to notify the Commission of pleading guilty to a misdemeanor within thirty (30) days of his guilty plea as required by the Commission. Count Three of the OSC is also sustained.

Count Four alleged that Respondent was subject to disciplinary action under 63 P.S. § 455.604(a)(21), in that Respondent was performing any act for which an appropriate real estate license is required and is not currently in effect. On August 29, 2020, following the Commission's renewal deadline extension, Respondent's Associate Broker's license, AB068598, expired. Respondent submitted a Reactivation Application which was postmarked November 18, 2020, and

DOS Prothonotary:
Dec 22 2022
ST 1822

was received by the Commission on December 7, 2020. On the Reactivation Application, Respondent answered "Yes" to providing real estate services while his license was expired. The Respondent admitted to providing real estate services while his license was expired, therefore Count Four of the OSC is sustained.

**SANCTION**

The Commonwealth has met its burden of proving that Respondent violated RELRA. In further consideration of Respondent's charges, 63 Pa.C.S. § 3113(b) requires the Board to determine whether an individual's convictions are directly related to the profession. Respondent's convictions are included on the list of crimes for which the Board has made the determination that the crimes directly relate to the practice of real estate. Therefore, there is a rebuttable presumption that licensure of Respondent, who has been convicted of a crime that directly relates to the profession, would pose a substantial risk to the health and safety of the individual's patients or clients or the public or a substantial risk of further criminal convictions. See 63 Pa. C.S. § 3113(b).

The individual may rebut the presumption by showing evidence of rehabilitation, as specified in the factors in subsection (c). As such, the Board must also consider the following factors:

(1) Whether the criminal conduct for which the individual was convicted involved an act or threat of harm against the individual. For purposes of this paragraph, the term "harm" includes harm to the victim, the personal property of the victim or reputation of the victim.

(2) The facts and circumstances surrounding the criminal conviction.

(3) The number of criminal convictions.

(4) Increase in age or maturity of the individual since the date of the criminal conviction.

(5) The individual's criminal history or lack of criminal history after the date of conviction.

DOS Prothonotary:
Dec 22 2022
ST 1823

(6)  Successful completion of education and training activities, including those in a county correctional facility or the Department of Corrections.

(7)  References from employers or others, including personnel of the county correctional facility or the Department of Corrections.

(8)  Progress in personal rehabilitation since the conviction.

(9)  Whether the individual meets all other licensing qualifications of the applicable practice act, including any examination requirements.

(10)  The individual's criminal history, or lack of criminal history, after the date of the criminal conviction while engaged in the same or similar profession or occupation.

(11)  Any other factor deemed relevant to the licensing board or licensing commission regarding the fitness of the individual for licensure.

See. 63 Pa. C.S. § 3113(c).

As Respondent did not file an Answer or participate in a hearing, the Commission does not have the information to address each of the eleven above criteria but will address those for which information is provided in the record. Here, the Commission is faced with a licensee who has plead guilty to two misdemeanors clearly related to the Respondent's profession and due to their nature, pose a substantial risk to the public or of further criminal convictions.  The Commission does not have information as to whether the criminal conduct involved an act or threat of harm against the individual. Respondent did, however, tamper with records or identification and passed bad checks. The Commission is not aware of any subsequent criminal convictions or whether Respondent has completed his criminal sentence in this case.

DOS Prothonotary:
Dec 22 2022
ST 1824

In assigning a sanction, the Commission weighs the number and seriousness of the offenses against any mitigating evidence. In this case, the Commission is faced with a licensee who pled guilty to misdemeanor crimes directly related to Respondent's profession. The Respondent failed to report the convictions to the Commission. Lastly, the Respondent admitted to providing real estate services while his license was expired. In this matter, Respondent did not file an Answer to the OSC or any response to the other filings of record and thus has not presented any mitigating evidence for the Commission to consider. Respondent's behavior is not acceptable among licensees who must handle the sensitive records and checks of their clients, and the Commission cannot countenance such behavior from the members of its profession. Considering Respondent's offense and his lack of mitigating evidence, the Commission believes that the only appropriate sanction is revocation.

Accordingly, the Commission enters the following Order.

DOS Prothonotary:
Dec 22 2022
ST 1825

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF STATE
BEFORE THE STATE REAL ESTATE COMMISSION

| | | |
|---|---|---|
| **Commonwealth of Pennsylvania** | : | |
| **Bureau of Professional and** | : | |
| **Occupational Affairs** | : | |
| **vs.** | : | **Case No. 20-56-002885** |
| **Philip J. Godlewski,** | : | |
| **Respondent** | : | |

## FINAL ORDER

**AND NOW,** this 22nd day of December, 2022, the State Real Estate Commission, having duly met and considered the entire record and based on the foregoing findings of fact, conclusions of law and discussion, hereby **REVOKES** the **Associate Broker license no. AB068598, and Broker-Multi license, license no. RM423112, of Respondent, Philip J. Godlewski.** Respondent shall immediately return his licensure documentation, which includes the licenses, wall certificates, and wallet cards to the Commission. On or before the effective date of the revocation, the licensure documents, shall be forwarded to the following address:

Commission Counsel
Bureau of Professional and Occupational Affairs
P.O. Box 69523
Harrisburg, PA 17106-9523

Respondent may petition for reinstatement of Respondent's license after 5 years have passed from the effective date of the revocation. In addition to his petition, Respondent must provide an updated criminal history record and must pass the salesperson examination in accordance with section 501 of the RELRA, 63 P.S. § 455.501.

This Order is effective immediately. The sanction shall take effect thirty (30) days from the date of mailing of this Order, namely, **January 26, 2023.**

DOS Prothonotary:
Dec 22 2022
ST 1826

**BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS**

**ARION R. CLAGGETT**
**ACTING COMMISSIONER**

**BY ORDER:**
**STATE REAL ESTATE COMMISSION**

**JOSEPH TARANTINO**
**VICE CHAIR**

| | |
|---|---|
| Respondent's address:<br>**9171 9690 0935 0252 6545 22** | Philip J. Godlewski<br>115 Huckleberry Lane<br>Duryea, PA 18642 |
| Prosecuting Attorney: | Alice R. Glasser, Esquire |
| Commission Counsel: | Shawn J. Jayman, Esquire |
| Date of Mailing: | December 27, 2022 |

DOS Prothonotary:
Dec 22 2022
ST 1827

NOTICE

The attached Final Order represents the final agency decision in this matter. It may be appealed to the Commonwealth Court of Pennsylvania by the filing of a Petition for Review with that Court within thirty (30) days after the entry of the order in accordance with the Pennsylvania Rules of Appellate Procedure. See Chapter 15 of the Pennsylvania Rules of Appellate Procedure entitled "Judicial Review of Governmental Determinations," Pa. R.A.P 1501 – 1561. Please note: An order is entered on the date it is mailed. If you take an appeal to the Commonwealth Court, you must serve the Commission with a copy of your Petition for Review. The agency contact for receiving service of such an appeal is:

Commission Counsel
P.O. Box 69523
Harrisburg, PA 17106-9523

The name of the individual Counsel is identified on the Final Order.

DOS Prothonotary:
Dec 22 2022

## CASE SUMMARY

9/22, 2021

Baranzi

Case No. 20 CR 664

Commonwealth

vs.

Phillip

Gorlewski

Charge #1:

Charge #2:

Charge #3:

4 Tamper w/ Rec (M1)

5 Bad Checks (M2)

21785.84 - [illegible] Products

Omnibus

pleads

guilty

Dist. Atty. Judy Rice

Deft's Atty. D'Andrea

IMMEDIATE SENT ☐ PSI ORDERED ☒

CR M McCool O+P

CERTIFIED FROM THE RECORD

MAY 31 2023

CLERK OF JUDICIAL RECORDS
MAURI B. KE[redacted]

S[redacted]



MAY 3 1 2023

CLERK OF JUDICIAL RECORDS
MAURI B. KELLY

NAME: *Philip Gadlewski* CASE NO: *20 Cr 644*

PLEA DATE: *23 Feb. 2021*

**GUILTY PLEA COLLOQUY**

You are present before this Court because you or your lawyer has stated that you wish to plead guilty to some or all of the criminal offenses with which you have been charged. Please answer fully all the questions on this document. If you do not understand any question, do not answer that question. If you do understand the question, you should answer "yes" or "no, or fill in another appropriate answer.

This is a sworn statement. After you have finished reading this form and filling it out, you should sign it on the last page, on the line that says "Defendant". You should also initial each page at the bottom, but only if you have read and understood that page. If there is anything that you do not understand, you should tell your lawyer and the Judge who hears your case, so that they can explain it to you fully, to make sure that you understand all your rights.

Most of these questions can be answered "yes" or "no". Where general information is requested, please answer fully.

1. What is your full name? *Philip J. Gadlewski*
2. Do you wish to plead guilty to the charges of *Tampering with Records or ID + Bad checks. (Counts 4+5)* as laid out in criminal action *20 Cr 644*? *Yes.*
3. How old are you? *37.*
4. How far did you go in school? *3+ years college.*
5. Do you read and write the English language? *Yes.*

5 (a) Have you had the opportunity to read the charges pending against you? *Yes.*

5 (b) Therefore, do you know exactly what you are charged with and what you are pleading to? *Yes*

6. Have you ever been in a mental institution or received treatment for a mental disease? *No*
7. Have you had any alcoholic beverages or drugs within the last 24 hours? *No.*

CLERKS OF JUDICIAL RECORDS CRIMINAL DIVISION 2021 FEB 23 P 2:31 LACKAWANNA COUNTY MAURI B. KELLY

Initials: *[initials]* ST 3808

8. Have you fully discussed your case with your attorney and are you fully satisfied that he knows all the facts of your case and has had sufficient time to look into any questions either he or you may have about the case? Yes

8 (a) Are you satisfied with your attorney? Yes.

9. Do you understand that even though you are guilty or may be guilty you are presumed to be innocent, and you have a right to go to trial either before a judge or before a jury of 12 individuals and the Commonwealth must prove to the satisfaction of each and every one of the 12 jurors or to the satisfaction of the judge that you guilty beyond a reasonable doubt? Yes

9 (a) Do you understand that you and your attorney have a right to participate in the selection of a jury? Yes

10. Do you understand that if you want to go to trial your attorney will be permitted to cross-examine the Commonwealth's witnesses and to call witnesses on your behalf, but if you plead guilty, you will lose the right to call witnesses or to cross-examine the Commonwealth witnesses? Yes

11. Do you understand that by pleading guilty you are admitting that you did the things you are charged with and that if you plead not guilty, the Commonwealth cannot force you to take the stand and either admit or deny that you did the things you are charged with? Yes

12. Do you understand that by pleading guilty you are giving up your right to appeal any question in this case except those concerning the right of this Court to try you (jurisdiction over subject matter) or the legality or propriety of the sentence imposed? Yes

13. State specifically in detail any plea agreement with the District Attorney. Plea to Tampering w/ Records or ID + Bad Checks. (Counts 4+5) All other counts to be nolle prossed.

Initials: [signature] ST 3809

13 (a) Has the District Attorney made any other promises to you in exchange for your guilty plea other than what is mentioned above? No

13 (b) Have you been threatened or coerced in any manner to enter this guilty plea? No

13 (c) Are you entering this guilty plea of your own free will after discussing the merits of your case with your attorney? Yes

14. Do you understand that the Court is not bound by the agreement you made with the District Attorney? Yes

15. Do you understand that the maximum penalty to the charges you are pleading guilty to is 7 yrs / $15,000.
Tampering - 5 yrs / $10,000 / Bad check [illegible] Yes

15 (a) If you are pleading guilty to more than one charge, do you understand that the Judge may impose consecutive sentences? Yes

If the answer to the preceding question is yes, state the total sentence that may be imposed on you. 7 yrs / $15,000.

15 (b) Do you understand that certain crimes carry mandatory minimum penalties? N/A.

Did your attorney advise you that any mandatory penalties apply to your case? ______

If the preceding answer is yes, state the mandatory provisions that apply to your case.

16. The elements of the crime(s) charged are as follows:

(1) Knowing one has no privilege to do so, did falsify destroy remove or conceal any writing or record with the intent to deceive or conceal or wrongdoing.

(2) Did issue or pass a check knowing that it would not be honored by the drawee.

16 (a) Do you understand these are the elements of the crimes charged that you are pleading to? Yes.

Initials: [signature] ST 3810

17. The District Attorney indicates this is what you did on the date of the crime charged.

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

_______________________________________________

18. Do you admit that you did the above-stated act(s)? Yes

19. Are you aware, that if you are not a United States citizen, it is possible that you may face deportation by entering a guilty plea to these charge(s)? N/A.

19 (a) Are you a United States Citizen? Yes.

20. Understanding the full meaning of the plea of guilty as stated above, do you still wish to plead guilty? Yes

I affirm that I have read the above document in its entirety and have reviewed it with my attorney. I affirm that I am aware of the full implications of entering a guily plea and nevertheless wish to enter a guilty plea to the above-mentioned offenses. I further affirm that my signature on this Guilty Plea Colloquy and initials on each page of this document are true and correct.

Date: 2/23/2021 _______________
DEFENDANT

I, Joseph D'Andrea, Esq., Attorney for Philip Goldkuck, state that I have advised my client of the contents and meanings of the document. It is my belief that my client fully comprehends the implications of pleading guilty and is entering this plea of his/her own free will.

_______________
Attorney for the Defendant

2/23/2021
expedited
PSI

Initials: _______ ST 3811

INFORMATION
IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

MAURI B. KELLY
LACKAWANNA COUNTY
2020 APR 22 A 8:57
CLERK OF JUDICIAL RECORDS CRIMINAL DIVISION

**Criminal Action No. 20 CR 664**

**COMMONWEALTH OF PENNSYLVANIA**

**VS.**

**PHILIP GODLEWSKI**

The District Attorney of Lackawanna County, by this Information charges that on or about **Wednesday, the 13th day of November, 2019,** in said County of Lackawanna, **Philip Godlewski** did commit the crime or crimes herein,

**COUNT 1: FORGERY-UNAUTHORIZED ACT IN WRITING**
**18 C.P.S.A. Sec. 4101 (a-2); Grade: Felony 2; $25,000.00; 10 years;**
with intent to defraud or injure one Mariotti Building Products, or with knowledge that he facilitated a fraud or injury perpetrated by another, he makes, completes, executes, authenticates, issues or transfers any writing so that it purported to be the act of one who did not authorize the act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, to wit; the defendant did issue a bad check to Mariotti Building Products in the amount of $ 21,789.84, and, did provide Mariotti with a copy of a doctored and fraudulent Wells Fargo Bank Statement reflecting a significantly higher balance than what was in the actual account; the fraudulent bank statement further reflected check to be withdrawn from the account twice to make it appear as though the Bank was in error .

**COUNT 2: THEFT BY DECEPTION**
**(18 C.P.S.A. Sec. 3922 (a-1)); Grade: Felony 3; $10,000.00; 5 years;**
intentionally obtain and withhold property, creates or reinforces a false impression, including false impressions as to law, value, intentions or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he/she did not subsequently perform the promise, in that the said Philip Godlewski did promise to make a payment in the amount of $ 3,500.00 to Mariotti Building Products towards a deposit for kitchen materials purchased, and, did receive the materials but withheld the money and failed to make the required payment; further, the defendant provide Mariotti with a doctored and fraudulent Wells Fargo Bank statement reflecting a significantly higher balance than was actually in the account; the fraudulent bank statement further reflected a check to be withdrawn from the account twice to make it appear the Bank was in error.

CERTIFIED
FROM THE RECORD
MAY 31 2023
CLERK OF JUDICIAL RECORDS
MAURI B. KELLY

ST 3812

**Philip Godlewski -- Docket Number: 20 CR 664**

**COUNT 3: THEFT BY DECEPTION**

**(18 C.P.S.A. Sec. 3922 (a-1)); Grade: Felony 3; $10,000.00; 5 years;**

intentionally obtain and withhold property, creates or reinforces a false impression, including false impressions as to law, value, intentions or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he/she did not subsequently perform the promise in that the said Philip Godlewski did issue check numbered 2202 to Mariotti Building Products in the amount of $ 21,789.84, and did provide Mariotti with a copy of a doctored and fraudulent Wells Fargo Bank Statement reflecting a significantly higher balance than what was in the actual account; the fraudulent bank statement further reflected a check to be withdrawn from the account twice to make it appear as though the Bank was in error .

**COUNT 4: TAMPERING WITH RECORDS OR IDENTIFICATION**

**(18 C.P.S.A. Sec. 4104 (a)); Grade: Misdemeanor 1; $10,000.00; 5 years;**

did, knowing that he had no privilege to do so, falsified, destroyed, removed or concealed any writing or record or distinguishing mark or brand or other identification with intent to deceive or injure another or to conceal any wrongdoing, to wit; the defendant did provide Mariotti with a copy of a doctored and fraudulent Wells Fargo Bank statement reflecting a significantly higher balance than what was in the actual account; the fraudulent bank statement further reflected a check to be withdrawn from the account twice to make it appear as though the Bank was in error ..

**COUNT 5: BAD CHECKS**

**(18 C.P.S.A. Sec. 4105); Grade: Misdemeanor 2; $5,000.00; 2 years;**

unlawfully did pass a certain check, number 2022, dated November 13, 2019, for payment of money in the amount of $21,789.84, payable to the order of Mariotti Building Products and drawn on a certain bank, namely, Wells Fargo Bank to wit: the said Philip Godlewski well knowing at the time of such passing of said check that it would not be honored by the drawee.

All of which is against the Acts of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

District Attorney

**ST 3813**

J

COMMONWEALTH OF PENNSYLVANIA

VS.

Phil Godlewski

IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY
CRIMINAL DIVISION

20 CR 664

OTN # U852132-1

(DA) AG J Price

DEFENSE ATTY J Dancheca

SENTENCE ORDER

AND NOW, THIS 22 DAY OF June, 20 21 THE DEFENDANT IS SENTENCED TO:

OFFENSE Tamp w/ Pub Rec C+4

RESTRICTIVE PROBATION 4 MOS (YR)

FIRST 1 DAYS/(MONTHS) (LCP)/HA/SHA

FOLLOWED BY: 3M H/A

_____ DAYS/MOS/YRS PROBATION

COSTS ✓ FINES $ _____ REST $ _____

OTHER _____

RESTIT VICTIM(S):

ALL REMAINING CHARGES ARE NOLLE PROSSED

THIS SENTENCE SHALL RUN CONC/CONS TO CASE(S)

COURT ORDER CONDITIONS TO BE COMPLETED

_____ A/M D/A EVAL _____ M/H EVAL _____
_____ IP/OP TRTMT DOM VIOL _____
_____ HG/SPNSR _____ HRS COM SERVICE
X NO D/A or LLP
_____ NO CONTACT
_____ SEX OFF CSLG
_____ COUNSELING
_____ COLOR SYSTEM FOR _____
_____ 90/90 F/B _____ PR WK AFTER

OTHER _____

COURT REPORTER Mollie Gill

OFFENSE Bad checks C+5
LCP/SCI _____ TO _____
(CTY) SPEC. PROB 1 YR _____ MO _____ DAYS
MERGES W _____ IS CONC/(CONS) TO C+4

SECTION 17 Y N
COSTS ✓ FINES $ _____ REST $ _____

OFFENSE _____
LCP/SCI _____ TO _____
CTY/SPEC. PROB _____ YR _____ MO _____ DAYS
MERGES W _____ IS CONC/CONS TO _____

SECTION 17 Y N
COSTS ✓ FINES $ _____ REST $ _____

OFFENSE _____
LCP/SCI _____ TO _____
CTY/SPEC. PROB _____ YR _____ MO _____ DAYS
MERGES W _____ IS CONC/CONS TO _____

SECTION 17 Y N
COSTS ✓ FINES $ _____ REST $ _____

SENT DEFERRED TIL 6/3 PM

CR FOR _____ TIME SERVED

CERTIFIED FROM THE RECORD
MAY 31 2023
CLERK OF JUDICIAL RECORDS
MAURI B. KELLY

ELIGIBLE/NOT ELIGIBLE FOR
BOOT CAMP _____
RRRI _____
RRRI Waiver _____
H/A/WR _____
STATE DRUG TREATMENT PROG. _____

BY THE COURT,

[signature]
JUDGE

ST 3814

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF LUZERNE

# GUILTY PLEA COLLOQUY

| | |
|---|---|
| Mag. Dist. No: | MDJ-11-3-08 |
| MDJ Name: | Honorable Joseph D. Spagnuolo Jr. |
| Address: | 90 Maffett St.<br>Suite 1<br>Plains, PA 18705 |
| Telephone: | 570-825-8984 |

Commonwealth of Pennsylvania
v.
Philip John Godlewski

Philip John Godlewski
115 Huckleberry Ln
Duryea, PA 18642

Docket No: MJ-11308-CR-0000098-2022
Case Filed: 6/22/2022
OTN: R 310571-2

| Charge(s) | | |
|---|---|---|
| 18 § 4904 §§ B (Lead) | Statement Under Penalty | 2 counts |

Permissible range of sentence and/or fines: 1 yr / $2500

I, Philip John Godlewski, understand the nature of the charges to which I am pleading guilty.

I, Philip John Godlewski, acknowledge that there is a factual basis for this plea.

I, Philip John Godlewski, understand that I am presumed innocent until I am proven guilty.

I, Philip John Godlewski, am aware of the permissible range of sentences and/or fines for the offenses with which I am charged.

**In third degree misdemeanor cases, please complete:**

I, Philip John Godlewski, understand that I have a right to trial by jury.

**I knowingly, voluntarily, and intelligently make this plea of GUILTY.**

**I PLEAD GUILTY.** [signature]
(Defendant)

8-10-22
(Date)

FREE INTERPRETER
www.pacourts.us/language-rights

No. 2180 P. 1
Aug. 24. 2022 2:24PM

ST 1577

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF LUZERNE

# PLEAS OF GUILTY BEFORE ISSUING AUTHORITY

| | |
|---|---|
| Mag. Dist. No: | MDJ-11-3-08 |
| MDJ Name: | Honorable Joseph D. Spagnuolo Jr. |
| Address: | 90 Maffett St.<br>Suite 1<br>Plains, PA 18705 |
| Telephone: | 570-825-8984 |

Commonwealth of Pennsylvania
v.
Philip John Godlewski

Philip John Godlewski
115 Huckleberry Ln
Duryea, PA 18642

Docket No: MJ-11308-CR-0000098-2022
Case Filed: 6/22/2022
OTN: R 310571-2

| Charge(s) | | |
|---|---|---|
| 18 § 4904 §§ B (Lead) | Statement Under Penalty | 2 counts |

Complaint No/Citation No: PA0405500-C000000808

Affiant: William A. Patton

I, Philip John Godlewski, plead guilty to all charges shown before Magisterial District Judge Joseph D. Spagnuolo Jr. this 10th day of August 2022 and represent that I do this knowingly, voluntarily, and intelligently.

(Defendant Signature)

I hereby certify that this 10th day of August 2022, I accepted the above defendant's plea of guilty after making full inquiry of the defendant. I have advised the defendant of the right to counsel. I certify that the plea was made voluntarily, knowingly, and intelligently.

8-10-22
Date

Magisterial District Judge

## COURT CASES

A defendant who enters a plea of guilty under Pa. R. Crim. P. 550 may, within thirty(30) days after sentence, change the plea to not guilty by so notifying the issuing authority in writing. In such event, the issuing authority shall vacate the plea and judgment of sentence, and the case shall proceed in accordance with Pa. R. Crim. P. 547, as though the defendant had been held for court.

Judgment on a plea of guilty entered under Pa. R. Crim. P. 550 must be certified to the clerk of court of the judicial district thirty(30) days after acceptance of the guilty plea and the imposition of sentence.

Jun. 22. 2022 9:26AM — COMMONWEALTH OF PENNSYLVANIA
COUNTY OF LUZERNE

No. 2207 P. 2

**POLICE CRIMINAL COMPLAINT**
**COMMONWEALTH OF PENNSYLVANIA VS.**

Magisterial District Number: 11-3-08
MDJ Hon. JOSEPH D. SPAGNUOLO JR.
Address: 62 MAFFETT ST
PLAINS, PA 18705
Telephone: 570-825-8984

DEFENDANT: (NAME and ADDRESS)
PHILIP (First Name) JOHN (Middle Name) GODLEWSKI (Last Name) (Gen.)
115 HUCKLEBERRY LN
DURYEA, PA 18642

**NCIC Extradition Code Type**

- ☐ 1 - Felony Full
- ☐ 2 - Felony Ltd.
- ☐ 3 - Felony Surrounding States
- ☐ 4 - Felony No Ext.
- ☐ 5 - Felony Pend.
- ☐ 6 - Felony Pend. Extradition Determ.
- ☐ A - Misdemeanor Full
- ☐ B - Misdemeanor Limited
- ☐ C - Misdemeanor Surrounding States
- ☒ D - Misdemeanor No Extradition
- ☐ E - Misdemeanor Pending
- ☐ F - Misdemeanor Pending Extradition Determ.
- ☐ Distance: ______

**DEFENDANT IDENTIFICATION INFORMATION**

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint Number | Incident Number | Request Lab Service? |
|---|---|---|---|---|---|
| CR 98-22 | 6/22/22 | R 310571-2 | PA0405500-C000000808 | 20220622M0386 | ☐ YES ☒ NO |

GENDER: ☒ Male ☐ Female — DOB 06/26/1983 — POB PENNSYLVANIA — Add'l. DOB — Co-Defendants? ☐

AKA: First Name / Middle Name / Last Name / Gen.

RACE: ☒ White ☐ Asian ☐ Black ☐ Native American ☐ Unknown

ETHNICITY: ☐ Hispanic ☒ Non-Hispanic ☐ Unknown

HAIR COLOR: ☐ GRY (Gray) ☐ RED (Red/Aubn) ☐ SDY (Sandy) ☐ BLU (Blue) ☐ PLE (Purple) ☒ BRO (Brown) ☐ BLK (Black) ☐ ONG (Orange) ☐ WHI (White) ☐ XXX (Unk./Bald) ☐ GRN (Green) ☐ PNK (Pink) ☐ BLN (Blonde / Strawberry)

EYE COLOR: ☐ BLK (Black) ☐ BLU (Blue) ☐ BRO (Brown) ☐ GRN (Green) ☐ GRY (Gray) ☒ HAZ (Hazel) ☐ MAR (Maroon) ☐ PNK (Pink) ☐ MUL (Multicolored) ☐ XXX (Unknown)

DNA: ☐ YES ☒ NO — DNA Location

FBI Number — MNU Number

Defendant Fingerprinted: ☐ YES ☒ NO

Fingerprint Classification

WEIGHT (lbs.): 200 — HEIGHT: 5 Ft. 02 In.

**DEFENDANT VEHICLE INFORMATION**

| Plate # | State | Hazmat ☐ | Registration Sticker (MM/YY) | Comm'l Veh Ind. ☐ | School Veh. ☐ | Oth. NCIC Veh. Code | Reg. Same as Def. ☐ |
|---|---|---|---|---|---|---|---|
| VIN | Year | Make | Model | Style | Color | | |

Office of the attorney for the Commonwealth ☐ Approved ☐ Disapproved because: ______

(The attorney for the Commonwealth may require the complaint, arrest warrant affidavit, or both, be approved by the attorney for the Commonwealth prior to filing. See Pa. R. Crim. P. 507.)

______ (Name of the attorney for the Commonwealth - Please Print or Type) ______ (Signature of the attorney for the Commonwealth) ______ (Date)

I, DET. WILLIAM PATTON (Name of the Affiant) 47/303660 (PSP/MPOETC - Assigned Affiant ID Number & Badge #)

of LUZERNE COUNTY DISTRICT ATTORNEY'S OFFICE (Identify Department or Agency Represented and Political Subdivision) PA0405500 (Police Agency ORI Number)

do hereby state:

1. ☒ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but who is described as ______ JUN 22 2022
   ☐ I accuse the defendant whose name and popular designation are unknown to me and whom I have therefore designated as John Doe or Jane Doe

   with violating the penal laws of the Commonwealth of Pennsylvania at [ 103 ] (Subdivision Code) PLAINS (Place-Political Subdivision)
   10 PETHICK DR WILKES BARRE, THE CABIN ARMORY
   in LUZERNE County [ 40 ] (County Code) on or about 17 FEBRUARY 2021 AT 1347 HRS. (Offense Date)

No. 3285 P. 1 — Jun. 5. 2023 11:02AM

ST 1573

## POLICE CRIMINAL COMPLAINT

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint Number | Incident Number |
|---|---|---|---|---|
| | | | PA0405500-C000000806 | 20220622M0386 |

| Defendant Name | First | Middle | Last |
|---|---|---|---|
| | PHILIP | JOHN | GODLEWSKI |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.
(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated. In addition, social security numbers and financial information (e.g. PINs) should not be listed. If the identity

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older 0 |
|---|---|---|---|---|

| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | 1 | 4904 | B | of the | 18 | 2 | M3 | | |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (include the name of statute or ordinance):
**Statement Under Penalty**

Acts of the accused associated with this Offense:
FALSE STATEMENT/UNDER PENALTY The Actor,PHILIP GODLEWSKI, on or about,February 17, 2021, in the County of Luzerne, commits a misdemeanor of the third degree if he makes a written false statement which he does not believe to be true, on or pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable,, that is to say the actor,PHILIP GODLEWSKI, in violation of Section 4904(B) of the Pennsylvania Crimes Code, as amended, 18 Pa.C.S. 4904(B)

JUN 22 2022

# POLICE CRIMINAL COMPLAINT

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint Number | Incident Number |
|---|---|---|---|---|
| | | | PA0405500-C000000806 | 20220622M0386 |

| Defendant Name | First | Middle | Last |
|---|---|---|---|
| | PHILIP | JOHN | GODLEWSKI |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of section 4904 of the Crimes Code (18 PA C.C. 4904) relating to unsworn falsification to authorities.

4. This complaint is comprised of the preceding page(s) numbered 1 through 2.

5. I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of Assembly, or in violation of the statutes cited. **(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)**

JUNE 22, 2022
(Date)

(Signature of Affiant)

AND NOW, on this date JUN 22 2022 I certify that the complaint has been properly completed and verified. An affidavit of probable cause must be completed before a warrant can be issued.

11-3-08
(Magisterial District Court Number)

(Issuing Authority)

MAGISTERIAL DISTRICT COMMONWEALTH OF PA LUZERNE COUNTY, DIST. 11-3-08

JUN 22 2022

ST 1575

POLICE CRIMINAL COMPLAINT

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint Number | Incident Number |
|---|---|---|---|---|
| | | | PA0405500-C000000806 | 20220622M0386 |

| Defendant Name | First | Middle | Last |
|---|---|---|---|
| | PHILIP | JOHN | GODLEWSKI |

## AFFIDAVIT of PROBABLE CAUSE

On February 17, 2021 at 1:47 PM PHILIP GODLEWSKI attempted to purchase a Stag Arms model: Stag 15 TAC 5.56mm rifle bearing serial number: W-004693 from The Cabin Armory located at 10 Pethick Drive in Plains Township. While attempting to purchase the rifle GODLEWSKI filled out U.S. Department of Justice ATF form 4473. While filling out said form GODLEWSKI marked "No" to block 21b and block 21c. Initially GODLEWSKI had marked "Yes" to block 21c but had crossed the answer out and initialed it before marking "No". Block 21b of ATF form 4473 asks the prospective buyer if they are now under indictment or information in any court of a felony or any other crime for which the judge could sentence him to more than one year in prison. Block 21c of ATF form 4473 asks the prospective buyer if they have ever been convicted of a felony in any court or any other crime for which the judge could have sentenced him to more than one year in prison even if the actual sentence he received was less to include probation.

An agent of The Cabin Armory conducted a mandatory background investigation through the Pennsylvania Instant Check System (PICS). The PICS check revealed GODLEWSKI was convicted in 2010 of Section 6301(a)(1) of Title 18 the Crimes Codes Corruption of Minors a misdemeanor one offense punishable by up to five years in prison. This conviction caused GODLEWSKI to be denied in his attempt to purchase the rifle.

Additional investigation revealed GODLEWSKI was also facing an open charge of Section 4104(a) of Title 18 Tampering With Records or Identification a misdemeanor one offense punishable by up to five years in prison. GODLEWSKI was convicted of this charge on February 22, 2021.

It is obvious from the previous conviction for a misdemeanor one offense as well as having an open charge for another misdemeanor offense GODLEWSKI knowingly and falsely marked "No" to blocks 21b and 21c of ATF form 4473 in an attempt to illegally purchase a firearm.

I, DET. WILLIAM PATTON (47), BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE *CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA* THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAN NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

(Signature of Affiant)

Sworn to me and subscribed before me this ______ day of ______, JUN 22 2022

JUN 22 2022 Date ______, Magisterial District Judge

My commission expires first Monday of January, ______

SEAL

ST 1576