# EXHIBIT "G"

# WARRANT OF ARREST

WARRANT CONTROL NO.:

DOCKET NUMBER:

COMMONWEALTH
OF
PENNSYLVANIA

vs

*Phillip Green Jr.*

OFFENSE DATE

CHARGE

I acknowledge that I am voluntarily and knowingly pleading guilty. I pa___ to the officer the fine and costs stat___ in the warrant in the amount of
$

_____
(Defendant's Signature)

I acknowledge that I am voluntarily and knowingly pleading not guilty. I paid to the officer the collat___ for my appearance at trial stated ___e warrant in the amount of
$

_____
(Defendant's Signature)

Officer's costs:

Warrant

Miles @ _____ ¢

Commitments

Miles @ _____ ¢

Conveying to hearing

Miles @ _____ ¢

Total

---

## RETURN WHERE DEFENDANT IS FOUND

By authority of this warrant

_____, 19___

☐ I took into custody the within named

☐ He is now at liberty on bail posted before _____

☐ In the _____ jail.

☐ before you for disposition.
☐ I accepted a guilty plea and collected
$ _____
for fine and costs.

☐ I accepted a not guilty plea and collected $ _____
for collateral.

☐ I accepted the fine and costs due in the amount of
$ _____

(Signature of Officer – Name & Title)

## RETURN WHERE DEFENDANT IS NOT FOUND

After careful search, I cannot find the within named defendant

_____
SIGNATURE

_____
NAME

_____
TITLE

---

# COMMONWEALTH OF PENNSYLVANIA

COUNTY OF _____ LACKAWANNA

To any authorized person:

In the name of the Commonwealth of Pennsylvania, you are commanded to take into custody

(Name): *Phillip Green Sr.*
(Address): *730 Capouse Street*
*Scranton 16508*

If the defendant be found in said Commonwealth, and bring the defendant before us at *Mag. Ramin Philip*
(Address): *706 Quincy Street*
*Scranton PA 18403*

to answer the Commonwealth or _____ *Luk Co DA's fc*

upon the complaint or citation of *State Sve K Gomez*
charging the defendant with *et al*

and further to be dealt with according to law, and for such purposes this shall be your sufficient warrant.

Witness the hand and official seal of the issuing authority on this _____ day of _____ July ___, 19 10

SEAL

_____
(Signature)

Magisterial District No.: *45-3-04*

Amount required to satisfy sentence:
Fine: $
Costs:$
Other:$
Total: $

Citation No.:

Docket No.:

Amount needed to satisfy collateral: $

Reason for warrant: *FELONY*



C-417-91

---

EXHIBIT

G

ALL-STATE LEGAL®

ORIGINAL

# POLICE CRIMINAL COMPLAINT
## COMMONWEALTH OF PENNSYLVANIA
### VS.
*(NAME and ADDRESS):*

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF: Lackawanna ~~45-1-01~~

Magisterial District Number: 45-3-51

MDJ: Hon. Magistrate Laura Turlip

~~THEODREGIO.0~~
~~TRIAXSOR DR~~

Address: ~~400 Church Street~~
~~Archbald, PA 18409~~

Telephone: ~~OLD FORGE PA 1858~~

DEFENDANT:

| First Name | Middle Name | Last Name | Gen. |
|---|---|---|---|
| Philip | | Godlewski | |

430 Cayuga Street
Scranton, PA 18508

*Do Not Remove*
*File*

ORIGINAL

| NCIC Extradition Code/Type | | |
|---|---|---|
| ☒ 1-Felony Full | ☐ 4-Felony No Ext. | ☐ B-Misdemeanor Limited | ☐ E-Misdemeanor Pending |
| ☐ 2-Felony Ltd. | ☐ 5-Felony Pend. | ☐ C-Misdemeanor Surrounding States | |
| ☐ 3-Felony Surrounding States | ☐ A-Misdemeanor Full | ☐ D-Misdemeanor No Extradition | |
| ☐ Distance: | | | |

## DEFENDANT IDENTIFICATION INFORMATION

| RACE | ETHNICITY | Docket Number | Date Filed 07/09/2010 | OTN/LiveScan Number L5705980 | Complaint/Incident Number 10-8397 |
|---|---|---|---|---|---|
| ☒ White | ☐ Hispanic | | | | |
| ☐ Asian | ☒ Non-Hispanic | DOB 06/26/1983 | POB | | |
| ☐ Black | ☐ Unknown | Add'l. DOB | SSN ~~████~~ | Add'l SSN | |
| ☐ Native American | | | | | |
| ☐ Unknown | GENDER | | First Name | Middle Name | Last Name | Gen. |

| AKA | | |
|---|---|---|

| HAIR COLOR | | EYE COLOR | | |
|---|---|---|---|---|
| ☐ BLK (Black) | ☐ GRY (Gray) | ☐ RED (Red/Aubn.) | ☐ GRN (Green) | ☐ PNK (Pink) |
| ☐ BLU (Blue) | ☐ ONG (Orange) | ☐ BLN (Blonde / Strawberry) | ☐ BLK (Black) | ☐ GRY (Gray) | ☐ MUL (Multicolored) |
| ☒ BRO (Brown) | ☐ PLE (Purple) | ☐ PNK (Pink) | ☐ BLU (Blue) | ☒ HAZ (Hazel) | |
| ☐ GRN (Green) | ☐ SDY (Sandy) | ☐ WHI (White) | ☐ BRO (Brown) | ☐ MAR (Maroon) | ☐ UNK (Unknown) |
| | | ☐ XXX (Unk./Bald) | | | |

| SID# | |
|---|---|

| Request Lab Services? ☐ YES ☒ NO | | | |
|---|---|---|---|

| Driver's License | State PA | License Number 26468953 | Expires 06/27/2011 | WEIGHT (lbs) |
|---|---|---|---|---|

| DNA ☐ YES ☒ NO | DNA Location | | HEIGHT |
|---|---|---|---|

| FBI Number | | MNU Number | |
|---|---|---|---|

| Fingerprint Classification | |
|---|---|

## DEFENDANT VEHICLE INFORMATION

| Plate # | State | Hazmat ☐ | Registration Sticker (MM/YY) | Comml Veh. Ind. ☐ | School Veh. ☐ | Oth. NCIC Veh. Code |
|---|---|---|---|---|---|---|
| VIN | | Year | Make | Model | Style | Color |

Office of the attorney for the Commonwealth ☒ Approved ☐ Disapproved because: _____

*Patricia Lattersy*                    *Patricia Lattersy*

(The attorney for the Commonwealth may rule the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. See Pa.R.Crim.P. 507.)

| (Name of the attorney for the Commonwealth) | (Signature of the attorney for the Commonwealth) | (Date) -7/9/10 |
|---|---|---|

I, **Det Mancuso/Lerl Offc McGovern/Derenick**     10/13 MO30200D/MO11086A

  (Name of the Affiant)        PSP/MPOETC -Assigned Affiant ID Number & Badge #

of   **Lackawanna County District Attorney**     PA0352800

  (Identify Department or Agency Represented and Political Subdivision)      (Police Agency ORI Number)

do hereby state: (check appropriate box)

1. ☒ I accuse the above named defendant who lives at the address set forth above
   ☐ I accuse the defendant whose name is unknown to me but who is described as _____

   ☐ I accuse the defendant whose name and popular designation or nickname are unknown to me and whom I have therefore designated as John Doe or Jane Doe

   with violating the penal laws of the Commonwealth of Pennsylvania at | 410-414 |
                                                      (Subdivision Code)   (Place-Political Subdivision)

   In   **Lackawanna**     County [35] on or about   January 2008-Present
                        (County Code)

AOPC 412A - Rev. 12/07                            Page 1 of _____

ST 0608



| Docket Number: | Date Filed: 07/09/2010 | OTN/LiveScan Number L5 470 598-0 | Complaint/Incident Number 10-8397 |
|---|---|---|---|
| Defendant Name | First: Philip | Middle: | Last: Godlewski |

The acts committed by the accused are described below with each Act of Assembly or statute violated, if appropriate :

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | ☐ A1 *(Engaging)* | ☐ A2 *(Aiding)* | ☐ B *(Knowledge)* | ☐ Permitting (Title 75 Only) 75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | 1 | 3122.1 | | PA Crimes Code | 1 | F-2 | | 02B |
|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
| PennDOT Data (If applicable) | | Accident Number | | | ☐ Safety Zone | | ☐ Work Zone | |

Statute Description/Acts of the accused associated with this Offense:
PACC 3122.1 Statutory Sexual Assault F2

IN THAT, on or about January 2008- present, THE DEFENDANT, Philip GODLEWSKI did engage in sexual intercourse with minor child ████████████, while said person being under the age of 16 years, four or more years younger and not being married to the actor, in violation of Section 3122.1 of the PA Crimes Code. (Felony 2nd degree)

To wit: The defendant ,GODLEWSKI, did engage in sexual intercourse with a female which he knew to be under the age of 16 years beginning in 2008 to present.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | ☐ A1 *(Engaging)* | ☐ A2 *(Aiding)* | ☐ B *(Knowledge)* | ☐ Permitting (Title 75 Only) 75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | 2 | 3123 | (a)(7) | PA Crimes Code | 1 | F-2 | | 170 |
|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
| PennDOT Data (If applicable) | | Accident Number | | | ☐ Safety Zone | | ☐ Work Zone | |

Statute Description/Acts of the accused associated with this Offense:
PACC 3123(a)7 Involuntary Deviate Sexual Intercourse F1

IN THAT, on or about January 2008 to present , THE DEFENDANT, Philip GODLEWSKI did engage in deviate sexual intercourse per os or per anus with minor child ████████████ with said person being less than 16 years of age, four or more years younger and not being married to Philip GODLEWSKI, in violation of Section 3123(a)(7) of the PA Crimes Code. (18 P.S. 3123(a)(7) - Felony 1st)

To wit: The defendant, GODLEWSKI, did engagae in sexual intercourse, however slight penetration, with a minor female 15 years of age.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | ☐ A1 *(Engaging)* | ☐ A2 *(Aiding)* | ☐ B *(Knowledge)* | ☐ Permitting (Title 75 Only) 75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | 3 | 3125 | (a)(8) | PA Crimes Code | 1 | F-2 | | 170 |
|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
| PennDOT Data (If applicable) | | Accident Number | | | ☐ Safety Zone | | ☐ Work Zone | |

Statute Description/Acts of the accused associated with this Offense:
PACC 3125(a)(8) Aggravated Indecent Assault F2

IN THAT, on or about January 2008-present, THE DEFENDANT, Philip GODLEWSKI did engage in penetration, however slight, of another, namely, minor female child ████████████ while said person being under the age of 16 years, four or more years younger and not married to GODLEWSKI, with a part of GODLEWSKI's body for any purpose other than good faith medical, hygienic or law enforcement procedures, in violation of Section 3125(a)(8) of the PA Crimes Code. (18 P.S. 3125(a)(8) - Felony 2nd)

To wit: The defendant, GODLEWSKI, did engage in penetration, however slight, with minor female child ████

ST 0609

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: 07/09/2010 | OTN/LiveScan Number C570598 | Complaint/Incident Number 10-8397 |
| --- | --- | --- | --- |
| Defendant Name | First: Philip | Middle: | Last: Godlewski |

The acts committed by the accused are described below with each Act of Assembly or statute violated, if appropriate :

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | Conspiracy 18 903 | ☐ A1 (Engaging) | ☐ A2 (Aiding) | ☐ B (Knowledge) | ☐ Permitting (Title 75 Only) 75 1575 A |
| --- | --- | --- | --- | --- | --- | --- | --- |

| | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ☐ Lead? | | | | | | | | |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
| --- | --- | --- | --- | --- |

Statute Description/Acts of the accused associated with this Offense:

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | Conspiracy 18 903 | ☐ A1 (Engaging) | ☐ A2 (Aiding) | ☐ B (Knowledge) | ☐ Permitting (Title 75 Only) 75 1575 A |
| --- | --- | --- | --- | --- | --- | --- | --- |

| | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ☐ Lead? | | | | | | | | |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
| --- | --- | --- | --- | --- |

Statute Description/Acts of the accused associated with this Offense:

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | Conspiracy 18 903 | ☐ A1 (Engaging) | ☐ A2 (Aiding) | ☐ B (Knowledge) | ☐ Permitting (Title 75 Only) 75 1575 A |
| --- | --- | --- | --- | --- | --- | --- | --- |

| | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| ☐ Lead? | 3 | 3125 | (a)(8) | PA Crimes Code | 1 | F-2 | | 170 |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
| --- | --- | --- | --- | --- |

Statute Description/Acts of the accused associated with this Offense:
████████ under the age of 16 years old.

ST 0610

**POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: 07/09/2010 | OTN/LiveScan Number: 5705980 | Complaint/Incident Number 10-8397 |
|---|---|---|---|
| Defendant Name | First: Philip | Middle: | Last: Godlewski |

The acts committed by the accused are described below with each Act of Assembly or statute violated, if appropriate :

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statute(s) violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | Conspiracy 18 903 | ☐ A1 (Engaging) | ☐ A2 (Aiding) | ☐ B (Knowledge) | ☐ Permitting (Title 75 Only) 75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | 4 | 6318 | (a) (1) | ▓▓▓Title 18 | 1 | F-1 | . |
|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code    UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:
6318. Unlawful contact with a minor.

(a) Offense defined.–A person commits an offense if he is intentionally in contact with a minor for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this commonwealth.
(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

To wit: The defendant, GODLEWSKI, did did engage in sexual contact with a minor female child namely ▓▓▓ ▓▓▓ under the age of 16 years.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | Conspiracy 18 903 | ☐ A1 (Engaging) | ☐ A2 (Aiding) | ☐ B (Knowledge) | ☐ Permitting (Title 75 Only) 75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | 5 | 4952 | (a)(2) | ▓▓▓PA Crimes Code | 1 | F-2 | 260 |
|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code    UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:
PACC 4952(a)(2) Intimidation of Witnesses or Victims

IN THAT, on or about January 2008-present, THE DEFENDANT, Philip GODLEWSKI, with intent to or with knowledge that his conduct would obstruct, impede, impair, prevent or interfere with the administration of criminal justice, did intimidate or attempt to intimidate any witness or victim, namely, thomas NEZLO and ▓▓▓ ▓▓▓ to give any false or misleading information or testimony relating to the commission of any crime to any law enforcement officer, prosecuting official or judge, in violation of Section 4952(a)(2) of the PA Crimes Code. (18 P.S.4952(a)(2) - grading)
GRADING:

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | Conspiracy 18 903 | ☐ A1 (Engaging) | ☐ A2 (Aiding) | ☐ B (Knowledge) | ☐ Permitting (Title 75 Only) 75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | 6 | 7512 | (a) | ▓▓▓PA CRIMES CODE 0 | | F1 | |
|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | PA Statute (Title) | Counts | Grade | NCIC Offense Code    UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:
PACC 7512.  Criminal use of communication facility F1
IN THAT, on or about January 2008-present, the DEFENDANT, Philip Godlewski did use a communication facility to commit,cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L.233, No.64), known as The Controlled Substance, Drug, Device and Cosmetic Act.

To wit: The defendant, GODLEWSKI, did use cell phone and internet communications to facilitate the sexual intercourse with a female which he knew to be under the age of 16 years beginning in 2008 to present.

ST 0611



# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>07/09/2010 | OTN/LiveScan Number<br>L 570548-0 | | Complaint/Incident Number<br>10-8397 |
|---|---|---|---|---|
| Defendant Name: | First:<br>Philip | | Middle: | Last:<br>Godlewski |

The acts committed by the accused are described below with each Act of Assembly or statute violated, if appropriate ;

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | ☐ A1<br>*(Engaging)* | ☐ A2<br>*(Aiding)* | ☐ B<br>*(Knowledge)* | ☐ Permitting (Title 75 Only)<br>75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | ☐ A1<br>*(Engaging)* | ☐ A2<br>*(Aiding)* | ☐ B<br>*(Knowledge)* | ☐ Permitting (Title 75 Only)<br>75 1575 A |
|---|---|---|---|---|---|---|---|

| | 5 | 4952 | (a)(2) | | PA Crimes Code | 1 | F-2 | | 260 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

1. The offense is a felony of the degree indicated in paragraphs (2) through (4) if:
   i. The actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person.
   ii. The actor offers any pecuniary or other benefit to the witness or victim or, with the requisite intent or knowledge, to any other person.
   iii. The actor's conduct is in furtherance of a conspiracy to intimidate a witness or victim.

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | ☐ A1<br>*(Engaging)* | ☐ A2<br>*(Aiding)* | ☐ B<br>*(Knowledge)* | ☐ Permitting (Title 75 Only)<br>75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

ST 0612

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>07/09/2010 | OTN/LiveScan Number:<br>L 57 0 5 98 0 | Complaint/Incident Number<br>10-8397 |
|---|---|---|---|
| Defendant Name: | First:<br>Phillip | Middle: | Last:<br>Godlewski |

The acts committed by the accused are described below with each Act of Assembly or statute violated, if appropriate :

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

---

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | Conspiracy<br>18 903 | ☐ A1<br>(Engaging) | ☐ A2<br>(Aiding) | ☐ B<br>(Knowledge) | ☐ Permitting (Title 75 Only)<br>75 1575 A |
|---|---|---|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | Offense | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | | | | | | | | | |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

---

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | Conspiracy<br>18 903 | ☐ A1<br>(Engaging) | ☐ A2<br>(Aiding) | ☐ B<br>(Knowledge) | ☐ Permitting (Title 75 Only)<br>75 1575 A |
|---|---|---|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | Offense | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | 5 | 4952 | (a)(2) | | PA Crimes Code | 1 | F-2 | | 260 |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

iv. The actor accepts, agrees or solicits another to accepts any pecuniary or other benefit to intimidate a witness or victim.

v. The actor has suffered any prior conviction for any violation of this section or any predecessor law thereto, or has been convicted, under any Federal statute or statute of any other state, of an act which would be a violation of this section if committed in this State.

2. The offense is a felony of the first degree if a felony of the first degree or murder in the first or second degree was charged in the case in which the actor sought to influence or intimate a witness or victim as

---

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | Conspiracy<br>18 903 | ☐ A1<br>(Engaging) | ☐ A2<br>(Aiding) | ☐ B<br>(Knowledge) | ☐ Permitting (Title 75 Only)<br>75 1575 A |
|---|---|---|---|---|---|---|---|

| Lead? | Offense# | Section | Subsection | Offense | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | | | | | | | | | |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

---

ST 0613

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: 07/09/2010 | OTN/LiveScan Number: 57854980 | | Complaint/Incident Number 10-8397 |
|---|---|---|---|---|
| Defendant Name: | First: Phillp | Middle: | Last: Godlewski | |

The acts committed by the accused are described below with each Act of Assembly or statute violated, if appropriate :

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | Conspiracy 18 903 | ☐ A1 (Engaging) | ☐ A2 (Aiding) | ☐ B (Knowledge) | ☐ Permitting (Title 75 Only) 75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ Lead? | Offense# | Section | Subsection | of title | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | Conspiracy 18 903 | ☐ A1 (Engaging) | ☐ A2 (Aiding) | ☐ B (Knowledge) | ☐ Permitting (Title 75 Only) 75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ Lead? | Offense# 5 | Section 4952 | Subsection (a)(2) | of title | PA Statute (Title) PA Crimes Code | Counts 1 | Grade F-2 | NCIC Offense Code | UCR/NIBRS Code 260 |
|---|---|---|---|---|---|---|---|---|---|

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:
specified in this subsection.
   3. The offense is a felony of the second degree if a felony of the second degree is the most serious offense charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.
   4. The offense is a felony of the third degree in any other case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.
   5. Otherwise the offense is a misdemeanor of the second degree.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | Conspiracy 18 903 | ☐ A1 (Engaging) | ☐ A2 (Aiding) | ☐ B (Knowledge) | ☐ Permitting (Title 75 Only) 75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ Lead? | Offense# | Section | Subsection | of title | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

AOPC 412A - Rev. 12/07

Page __ of __

ST 0614

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: 07/09/2010 | OTN/LiveScan Number L 570598 0 | | Complaint/Incident Number 10-8397 |
|---|---|---|---|---|
| Defendant Name: | First: Philip | Middle: | | Last: Godlewski |

The acts committed by the accused are described below with each Act of Assembly or statute violated, if appropriate :

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 002 A | Conspiracy 18 003 | ☐ A1 (Engaging) | ☐ A2 (Aiding) | ☐ B (Knowledge) | ☐ Permitting (Title 75 Only) 75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | | | | of the | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 002 A | Conspiracy 18 003 | ☐ A1 (Engaging) | ☐ A2 (Aiding) | ☐ B (Knowledge) | ☐ Permitting (Title 75 Only) 75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | 5 | 4952 | (a)(2) | of the | PA Crimes Code | 1 | F-2 | | 260 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

To wit: The defendant, GODLEWSKI, did instruct the victim to have her tell law enforcement all the conversations they had between them were fake. GODLEWSKI told the victim she is the only one who can get him out of this. The defendant did tell the witness to contact the victim to get their stories straight.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 002 A | Conspiracy 18 003 | ☐ A1 (Engaging) | ☐ A2 (Aiding) | ☐ B (Knowledge) | ☐ Permitting (Title 75 Only) 75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | | | | of the | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data (if applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

AOPC 412A - Rev. 12/07

ST 0615

## POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed:<br>07/09/2010 | OTN/LiveScan Number<br>L5 10598-0 | | Complaint/Incident Number<br>10-8397 |
|---|---|---|---|---|
| Defendant Name: | First:<br>Philip | | Middle: | Last:<br>Godlewski |

The acts committed by the accused are described below with each Act of Assembly or statute violated, if appropriate :

*(Set forth a brief summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)*

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | Conspiracy<br>18 903 | ☐ A1<br>(Engaging) | ☐ A2<br>(Aiding) | ☐ B<br>(Knowledge) | ☐ Permitting (Title 76 Only)<br>75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | 7 | 6301 | (a)(1) | of the | PA Crimes Code | 1 | M-1 | | 230 |
|---|---|---|---|---|---|---|---|---|---|
| **Lead?** | **Offense#** | **Section** | **Subsection** | | **PA Statute (Title)** | **Counts** | **Grade** | **NCIC Offense Code** | **UCR/NIBRS Code** |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:
PACC 6301 (a)(1) Corruption of Minors

IN THAT, on or about January 2008-present, THE DEFENDANT, Philip GODLEWSKI, being 18 years of age and upwards, did corrupt or tend to corrupt the morals of the victim, ~~████████~~ a minor under the age of 18 years, by engaging in acts of sexual intercourse, or aided, abetted, enticed or encouraged a minor in the commission of a crime or knowingly assisted or encouraged such minor in violating his/her parole or court order, in violation of Section 6301(a)(1) of the PA Crimes Code. M-1

To wit:  The defendant, GODLEWSKI, did engage in sexual intercourse with a minor child victim under the age of

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | Conspiracy<br>18 903 | ☐ A1<br>(Engaging) | ☐ A2<br>(Aiding) | ☐ B<br>(Knowledge) | ☐ Permitting (Title 76 Only)<br>75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | 8 | 3126 | (a)(8) | of the | PA Crimes Code | 1 | M-1 | | 170 |
|---|---|---|---|---|---|---|---|---|---|
| **Lead?** | **Offense#** | **Section** | **Subsection** | | **PA Statute (Title)** | **Counts** | **Grade** | **NCIC Offense Code** | **UCR/NIBRS Code** |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:
PACC 3126(a)(8) Indecent Assault M2

IN THAT, on or about January 2008-present, THE DEFENDANT, Philip GODLEWSKI, did have indecent contact with the complainant and/or did cause the complainant to have indecent contact with the person, and/or intentionally caused the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant, namely, ~~████████~~ while said person being under the age of 16 years, four or more years younger and not married to the actor, in violation of Section 3126(8) of the PA Crimes Code. (18 P.S. 3126(8) - Misdemeanor-2nd)

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | Conspiracy<br>18 903 | ☐ A1<br>(Engaging) | ☐ A2<br>(Aiding) | ☐ B<br>(Knowledge) | ☐ Permitting (Title 76 Only)<br>75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | | | | of the | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Lead?** | **Offense#** | **Section** | **Subsection** | | **PA Statute (Title)** | **Counts** | **Grade** | **NCIC Offense Code** | **UCR/NIBRS Code** |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

ST 0616

| Docket Number: | Date Filed:<br>07/09/2010 | OTN/LiveScan Number:<br>L5 1D548-0 | Complaint/Incident Number<br>10-8397 |
|---|---|---|---|
| Defendant Name: | First:<br>Phillp | Middle: | Last:<br>Godlewski |

The acts committed by the accused are described below with each Act of Assembly or statute violated, if appropriate :

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense charged. A citation to the statute(s) violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | Conspiracy<br>18 903 | ☐ A1<br>*(Engaging)* | ☐ A2<br>*(Aiding)* | ☐ B<br>*(Knowledge)* | ☐ Permitting (Title 75 Only)<br>75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | 7 | 6301 | (a)(1) | (title) PA Crimes Code | 1 | M-1 | | 230 |
|---|---|---|---|---|---|---|---|---|
| **Lead?** | **Offense#** | **Section** | **Subsection** | **PA Statute (Title)** | **Counts** | **Grade** | **NCIC Offense Code** | **UCR/NIBRS Code** |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:
16 years.

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | Conspiracy<br>18 903 | ☐ A1<br>*(Engaging)* | ☐ A2<br>*(Aiding)* | ☐ B<br>*(Knowledge)* | ☐ Permitting (Title 75 Only)<br>75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | 8 | 3126 | (a)(8) | (title) PA Crimes Code | 1 | M-1 | | 170 |
|---|---|---|---|---|---|---|---|---|
| **Lead?** | **Offense#** | **Section** | **Subsection** | **PA Statute (Title)** | **Counts** | **Grade** | **NCIC Offense Code** | **UCR/NIBRS Code** |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

To Wit: The defendant, GODLEWSKI, did have indecent contact with the minor female child under the age of 16 years.

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | Conspiracy<br>18 903 | ☐ A1<br>*(Engaging)* | ☐ A2<br>*(Aiding)* | ☐ B<br>*(Knowledge)* | ☐ Permitting (Title 75 Only)<br>75 1575 A |
|---|---|---|---|---|---|---|---|

| ☐ | | | | (title) | | | | |
|---|---|---|---|---|---|---|---|---|
| **Lead?** | **Offense#** | **Section** | **Subsection** | **PA Statute (Title)** | **Counts** | **Grade** | **NCIC Offense Code** | **UCR/NIBRS Code** |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description/Acts of the accused associated with this Offense:

ST 0617

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: 07/09/2010 | OTN/LiveScan Number: C 570598-0 | Complaint/Incident Number 10-8397 |
|---|---|---|---|
| Defendant Name: | First: Philip | Middle: | Last: Godlewski |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 PA.C.S. §4904) relating to unsworn falsification to authorities.

4. This complaint is comprised of the preceding Page, as well as the attached pages that follow, numbered _____ through _____, specifying offenses and Participants, if any.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statutes cited. (Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)

July 9, 2010
_____(Date)_____     _____(Signature of Affiant)_____

AND NOW, on this date 7/9/10 I certify that the complaint has been properly completed and verified.

An affidavit of probable cause must be completed before a warrant can be issued.

45-3-04
_____(Magisterial District Court Number)_____     _____(Issuing Authority)_____

ST 0618



| Docket Number: | Date Filed:<br>07/09/2010 | OTN/ LiveScan Number:<br>L 570598-0 | Complaint/Incident Number<br>10-8397 |
| --- | --- | --- | --- |
| | First:<br>Philip | Middle: | Last:<br>Godlewski |

## AFFIDAVIT of PROBABLE CAUSE

Your affiant, Detective Michelle Mancuso, has been employed by the Lackawanna County District Attorney's Office since February of 2004. Prior to this service your affiant was employed by the Arizona State Police as a Highway Patrol Officer and a narcotics detective serving on the Southwest Border Alliance Federal Task Force. Most of the time has been spent in the general criminal investigations unit within the county. These duties included assisting local, state and other county law enforcement agencies. Your affiant is currently assigned to the Lackawnna County District Attorney's Office, Special Victims Unit. Your affiant has been involved in investigations of child abuse and child neglect as a Lackawanna County Detective. As a Lackawanna County Detective, your affiant is empowered to apply for, obtain, and serve search warrants, make seizures and arrests in the course of investigations into the violations of various laws of the Commonwealth. Your affiant has attended Child Death and Injury Investigation training provided by the PATC (Public Agency Training Council). Your affiant is currently a member of the Internet Crimes Against Child Taskforce (ICAC) and the Pennsylvania State Police Computer Crimes Unit.

Detective Leri has been a Detective with The Lackawanna County District Attorney's Office since July of 2009.

Detective Leri has a Bachelor of Science Degree in Computer Security from East Stroudsburg University. Affiant Leri was formerly employed as a Computer Forensic Analyst with the New York State Police. He is a member of the Pennsylvania State Police Area II Computer Crime Task for and Pennsylvania Internet Crimes Against Children Task Force( ICAC) Detective Leri has received the following training from the Internet Crimes Against Children's Task Force; Investigative Techniques, Undercover Certification and Advanced training in Peer to Peer file sharing as it related to the online victimization of children.

Detective Leri also has received the following training as it related to computer operating systems and computer forensics:

Proficient in Computer Forensics (EnCase, Forensic Toolkit, Sleuth Kit, Fat32, NTFS, IPhone forensics, mobile devices), C++, C# and Visual Basic, Operating Systems, Cryptography, Networking, Digital Evidence Seizure/Analysis and Legal Issues in Computer Security
NSTISSI 4011 - National Training Standard for Information System Security Professionals certificate
CNSS 4012 - National Assurance Standard for Senior System Managers certificate
CNSSI 4015 - National Standard for System Certifiers certificate

I, ___Det Mancuso/Leri Offo McGovern/Derenick___, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____ (Signature)

Sworn to me and subscribed before me this ___9___ day of ___July___, ___2010___

_____ Date

_____, Magisterial District Judge

My commission expires first Monday of January, ___2012___

:SEAL

AOPC 412C - Rev. 112107

 **CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>07/09/2010 | OTN / Live Scan Number:<br>L5 705980 | Complaint / Incident Number<br>10-8397 |
|---|---|---|---|
| | First:<br>Philip | Middle: | Last:<br>Godlewski |

## AFFIDAVIT of PROBABLE CAUSE

On March 19, 2010 I met with ▓▓▓▓▓▓▓ at the Children's Advocacy Center to conduct a forensic interview. ▓▓▓▓▓ came to the CAC with her mother and father. A physical exam was also scheduled for that day.

The interview with ▓▓▓ began with a few tears by ▓▓▓ ▓▓▓ stated she had disclosed some person things that she has been involved with to her mother Linda. ▓▓▓ stated she was very upset talking about this situation.

▓▓▓ stated she had been involved in a sexual relationship with Philip GODLEWSKI. She stated he was a realtor and they met while he was the baseball coach at Riverside High School in 2008. She told me she started talking to GODLEWSKI about the suicide of her boyfriend Joe. ▓▓▓ stated she was having a hard time dealing with the loss and he helped her cope with the situation.

▓▓▓ stated the relationship developed into a sexual one during 2008. She stated they were involved in oral and vagina sexual intercourse. She stated it started happening in his vehicle.

On June 15, 2010 this case was handed over to the District Attorney's Office from taylor Police due to jurisdictional issues.

Between June 9 and 11, 2010 investigators attempted to contact Philip GODLEWSKI at his place of employment. Several messages were left for him asking him to contact investigators as soon as possible. On June 11, 2010 GODLEWSKI called Det. Mancuso and informed her that he was represented by an attorney from Harrisburg and GODLEWSKI stated he was advised not to talk to me. I contacted the Harrisburg attorney and asked him to contact me after he has had time to talk with GODLEWSKI as of date I have not heard back from the Harrisburg attorney.

On July 5, 2010 Det. Mancuso left a business card at 430 Cayuga Street in Scranton for Dori Gallagher. There was no response on that date.

On July 6, 2010 Det. Mancuso once again left a business card at the residence of Dori Gallagher requesting her to call me at her convenience. This detective received a phone message from GODLEWSKI asking my intentions with Dori. I did not respond to the phone message.

I, _Det Mancuso/Lerl Offc McGovern/Derenick_____, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____ _(Signature of Affiant)_

Sworn to me and subscribed before me this ___ day of _July_, _2010_.

_____ Date _____ , Magisterial District Judge

My commission expires first Monday of January, _2012_.

SEAL

AOPC 412C - Rev. 02/07

**ST 0620**



## CRIMINAL COMPLAINT

| Docket Number: | Date Filed: 07/09/2010 | OTN/LiveScan Number: L570598? | Complaint/Incident Number: 10-8397 |
|---|---|---|---|
| | First: Philip | Middle: | Last: Godlewski |

### AFFIDAVIT of PROBABLE CAUSE

On July 7, 2010 Detective Chris Kolcharno was driving past 430 Cayuga Street to check and see if there was any activity at the house and he saw Dori Gallagher getting into her vehicle. At this time Detective Kolcharno approached her and asked her if she would be willing to come to the DA's office and talk to Detective's Leri and Mancuso. She agreed to and came into the office. Our intentions with Dori were to see if she had any additional information regarding the relationship with GODLEWSKI and ██████ Dori Gallagher stated she knew what was going on and did not believe any of the accusations against GODLEWSKI. Dori stated she is engaged to GODLEWSKI and believes he has no contact with ██████ and never had a sexual relationship with him. Gallagher told us the only thing Phil did wrong was falling for a younger girl, and that didn't make him a predator.

On July 7, 2010, due to new information surfacing regarding this case, ██████ was re-interviewed at the DA's Office. Consistent with the request made by GODLEWSKI, ██████ demanded investigators drop the case because she said she was just lying. Det. Mancuso informed ██████ just wanted to talk to her about a few things that had happened between her and NEZLO and GODLEWSKI. ██████ began crying and saying she just wanted to forget everything that happened.

██████ said she has not had contact with either NEZLO or GODLEWSKI since March. I explained to her I had access, through legal process, to see all phone records including texts and emails on numerous phones involved in this case. ██████ then told me she has been keeping in contact with GODLEWSKI through a throw away phone he keeps with him while at work. She stated to me he has been contacting her while he was at work. Recently ██████ stated he told her he was broken up with Dori and was living with his parents in Taylor. He told ██████ this detective left her business card at his parent's house in Taylor. The both cards were left at the 430 Cayuga Street address. ██████ blurted out to this detective how much of a liar GODLEWSKI is. ██████ confirmed the relationship between her and GODLEWSKI began in approximately 2008 while he was at the Riverside School District as an employee of that school.

Throughout the forensic analysis of the cell phones and computers performed by Cpl Derek Fozard of the Pennsylvania State Police and Detective Justin Leri of the Lackawanna County DA's Office, thousands of text messages from GODLEWSKI to the victim were retrieved. These texts messages contained conversations of sexual encounters, exchanges of gifts and a brand new vehicle for the victim. Such texts contained dialogue similar to these texts to follow:

I, ___Det Mancuso/Leri Offo McGovern/Derenick___, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

(Signature of Affiant)

Sworn to me and subscribed before me this ___9___ day of ___July___, ___2010___.

_____ Date

_____ , Magisterial District Judge

My commission expires first Monday of January, ___2018___

SEAL

 **CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: 07/09/2010 | OTN/LiveScan Number 570598-0 | Complaint/Incident Number 10-8397 |
|---|---|---|---|
| | First: Phillip | Middle: | Last: Godlewski |

## AFFIDAVIT of PROBABLE CAUSE

On 02/25/2010 at 2235 GMT time Philip GODLEWSKI 570-780-4567 stated to victim ▬▬▬ "I just want you to see that I really care about you, and not your body or our sex. Maybe that's the only way I can"

On 02/25/2010 at 2238 GMT GODKLEWSKI states "I need you ▬, I need you more than anything in my life. I'm going to do everything I can to be with you as soon as I possibly can" and "you're my drug and I'm addicted." "To quote a dear friend. Sigh."
On 02/28/2010 at 1922 GMT GODLEWSKI states "The only way we'd ever be sexually satisfied is if we did it like 4-5 times a day"

On 03/06/2010 at 2208 GMT, GODLEWSKI "I hate my penis, Idk why the fuck that happens. You looked so good and were giving incredible head than BOOM, gone. Like wtf."

GODLEWSKI typed a 2 page day log with times and entries. GODLEWSKI then gave this log to the victim. The day log includes a detailed account of his activities and thoughts throughout the day. The following are excerpts from the log:

10:14 realized that you're only 15, but quickly stopped caring

10:34 got sad bcuz we can't officially "go out". I just want everyone to know that I love you<3

11:39 I just pulled ▬ hair from my crotch are. hahahahalll

2:56 should we get a Jacuzzi suite? Hmm

3:56 why can't you be 21

5:28 why are we so compatible? I'm 10 years older than you , hmm

I, __Det Mancuso/Leri Offo McGovern/Derenick_____, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____ (Signature of Affiant)

Sworn to me and subscribed before me this ___ day of _____, 20__ _____
_____ Date _____, Magisterial District Judge

My commission expires first Monday of January, 20 / 0

SEAL

AOPC 412C–Rev. 02/07

ST 0622

Name: *Phillip Godlewski*   Case No. _____ Cr 2613

## GUILTY PLEA COLLOQUY

You are present before this Court because you or your lawyer has stated that you wish to plead guilty to some or all of the criminal offenses with which you have been charged. Please answer fully all of the questions on this document. If you do not understand any question, do not answer that question. If you do understand the question, you should answer "yes" or "no", or fill in another appropriate answer.

This is a sworn statement. After you have finished reading this form and filling it out, you should sign it on the last page, on the line that says "Defendant." You should also initial each page at the bottom, but only if you have read and have understood that page. If there is anything that you do not understand, you should tell your lawyer and the judge who hears your case, so that they can explain it to you fully, to make sure you understand all of your rights.

Most of these questions can be answered "yes" or "no." Where general information is requested, please answer fully.

1. What is your full name? *Phillip Godlewski*

2. Do you wish to plead guilty to the charges of *Dissemination of Minors* as laid out in criminal action _____ ?
   *yes*

3. How old are you? *37*

4. How far did you go in school? *College grad.*

5. Do you read and write the English language:
   *yes*

5(a). Have you had an opportunity to read the charges pending against you? *yes*

5(b). Therefore, do you know exactly what you are charged with and what you are pleading to? *yes*

6. Have you ever been in a mental institution or received treatment for a mental disease? *No*

7. Have you had any alcoholic beverages or drugs within the last 24 hours? *No*

8. Have you fully discussed your case with your attorney and are you fully satisfied that he knows all the facts of your case and has had sufficient time to look into any questions either he or you may have about your case? *yes*

CERTIFIED
FROM THE RECORD
MAY 2 6 2023
CLERK OF JUDICIAL RECORDS
MAURI B. KELLY

ST 3797

8(a). Are you satisfied with your attorney? _YES_ .

9. Do you understand that even though you are guilty or may
be guilty, you are presumed innocent and have a right to go
to trial either before a judge or before a jury of 12
individuals and the Commonwealth must prove to the
satisfaction of each and every one of the 12 jurors or to
the satisfaction of the judge that you are guilty beyond a
reasonable doubt? _YES_ .

9(a). Do you understand that you and your attorney have a
right to participate in the selection of a jury? _____

10. Do you understand that if you want to go to trial your
attorney will be permitted to cross-examine the
Commonwealth's witnesses and to call witnesses on your
behalf, but if you plead guilty, you will lose the right to
call witnesses or to cross-examine the Commonwealth
witnesses? _YES_ .

11. Do you understand that by pleading guilty you are
admitting that you did things you are charged with and that
if you plead not guilty, the Commonwealth cannot force you
to take the stand and either admit or deny that you did the
things you are charged with? _YES_ .

12. Do you understand that by pleading guilty you are giving
up your right to appeal any question in this case except for
those concerning the right of this court to try you
(jurisdiction over the subject matter) or the legality or
propriety of the sentence imposed? _Yes_ .

13. State specifically in detail any plea agreement with the
District Attorney.
_Plea to Corruption of Minors; Agreed sentence 3 months_
_Home Confinement to 23 months._
_All other counts dismissed_

13(a) Has the District Attorney made any other promises to
you in exchange for your guilty plea other than what is
mentioned above? _No._

13(b) Have you been threatened or coerced in any manner to
enter this guilty plea? _No_ .

13(c)Are you entering this guilty plea of your own free will
after discussing the merits of your case with your attorney?
_Yes_ .

14. Do you understand that the Court is not bound by the
agreement you made with the District Attorney?
_Yes._

2

15. Do you understand that the maximum penalty to the charges you are pleading guilty to is _5 yrs / $ 7,500_ ?

15(a) If you are pleading guilty to more than one charge, do you understand that the judge may impose consecutive sentences? _N/A_

If the answer to the preceding question is "yes", state the mandatory sentence that may be imposed on you, _N/A_

15(b) Do you understand that certain crimes carry mandatory minimum penalties ? _N/A_

Did you attorney advise you that any mandatory penalties apply to your case? _N/A_

If you answered "yes", please state the mandatory provisions that apply to your case, _N/A_

16. The elements of the crime charged are as follows: _Being of the age of 18 or older, by one act attempts to tend the contribute the morals of a minor_

16(a) Do you understand these are the elements of the crimes charged that you are pleading to? _Yes_

17. The District Attorney indicates this is what you did on the date of the crime charged:

_____
_____
_____

18. Do you admit that you did the above stated act? _Yes_

19. Understanding the full meaning of the plea of guilty as stated above, do you still wish to plead guilty? _Yes_

I affirm that I have read the above document in its entirety and have reviewed it with my attorney. I affirm that I am aware of the full implications of pleading guilty and nevertheless wish to plead to the specified offense(s). I further affirm that my signature on this Guilty Plea Colloquy and initials on each page of this document are true and correct.

_[signature]_
DEFENDANT

3

ST 3799

I, Joseph R. D'Andrea, Esquire, attorney for
_Phil Grodleuski_, state that I have advised my
client of the contents and meanings of the document; it is
my belief that he/she fully comprehends the implication of
pleading guilty and is pleading guilty of his/her own free
will.

_____
Joseph R. D'Andrea, Esquire,
Attorney for the Defendant

11/12/10

ST 3800