IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP GODLEWSKI, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:24-CV-344-JKM |
| | : | Judge Julia K. Munley |
| EDUARDO NICOLAS ALVEAR | : | |
| GONZALEZ, a/k/a ALVEAR GONZALEZ | : | |
| EDUARDO NICOLAS, a/k/a | : | |
| NICOLAS ALVEAR, and | : | |
| GOOD LION TV, LLC, | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

**<u>PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT</u>**

<u>QUESTIONS PRESENTED</u>

I.     WHETHER THE COURT SHOULD DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO SATISFY THE AMOUNT IN CONTROVERSY REQUIREMENT OF 28 U.S.C. § 1332 (a).

II.     WHETHER DEFENDANTS HAVE SUBMITTED DOCUMENTS FOR THE COURT'S CONSIDERATION WHICH ARE NOT PERMISSIBLE IN THE CONTEXT OF A RULE 12(b)(6) MOTION.

III.     WHETHER THE COURT SHOULD DISMISS PLAINTIFF'S CAUSES OF ACTION FOR DEFAMATION AND FALSE LIGHT INVASION OF PRIVACY FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

IV.     WHETHER THE COURT SHOULD DISMISS PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

V.     WETHER THE COURT SHOULD DISMISS PLAINTIFF'S CAUSES OF ACTION FOR TORTIOUS INTERFERENCE WITH CONTRACTS, PROSPECTIVE CONTRACTS AND BUSINESS RELATIONSHIPS.

STATEMENT OF THE CASE

1.    Procedural History.

Plaintiff Philip Godlewski ("Godlewski") initiated this action by filing a Complaint (Doc. 1) on February 28, 2024.   On March 5, 2024 Godlewski returned the executed Summons as to Defendant Eduardo Nicolas Alvear Gonzalez ("Alvear") (Doc. 3).   Godlewski filed a Motion for Preliminary Injunction on March 8, 2024.   On March 11, 2024 Godlewski returned the executed Summons as to Good Lion TV, LLC ("GLTV") (Doc. 6).

On March 26, 2024 Godlewski filed a Motion for Default Judgment (Doc. 9).   On March 27, 2024 the Court entered an Order (Doc. 10) denying the Motion for Default Judgment as premature.   On the same day, Godlewski filed Requests for Entry of Default (Docs. 12 and 13) with respect to both defendants.

On March 28, 2024 Defendants filed a Motion for Extension of Time to File Responses (Doc. 14) which was granted by Order dated March 29, 2024 (Doc. 15).

On April 4, 2024 Defendants filed a First Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction (Doc. 16).   Godlewski responded by filing his First Amended Complaint (Doc. 22) on April 25.   On May 10, 2024 Defendants filed their Motion to Dismiss First Amended Complaint (Doc. 26).   Godlewski files this Brief in Opposition.

2.    Facts of the Case.

A factual record has not yet been developed in this matter.   However, Godlewski alleges that Defendants have published the defamatory statements set forth in Exhibits to the First Amended Complaint.

<u>ARGUMENT</u>

Defendants' motion seeks dismissal of the First Amended Complaint on jurisdictional and various substantive grounds.  As the jurisdictional question (relating to sufficiency of the amount in controversy) is a threshold matter, Godlewski will address that issue first.[1]  Next, Godlewski will argue that Defendants have offered documents and exhibits which are not appropriate for the Court's consideration at the pleading stage.    Finally, Godlewski will respond to Defendants demurrers.

I.      THE COURT SHOULD NOT DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO SATISFY THE AMOUNT IN CONTROVERSY REQUIREMENT OF 28 U.S.C. § 1332 (a).

The United States Code provides that "[t]he district courts shall have jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States."  28 U.S.C. § 1332 (a)(1).  In the present case, there is no dispute that Godlewski and the Defendants are citizens of different states.  Rather, Defendants contend that Godlewski may not, as a matter of law, recover damages in excess of $75,000.  This argument must fail.

It is well settled that "[t]o show personal jurisdiction, a plaintiff may rely on the allegations in the complaint, affidavits, or other evidence."    *Goldfarb v. Kalodimos*, 539 F.Supp.3d 435, 448 (E.D.Pa. 2021)(citing *Metcalf v. Renaissance Marine, Inc.*, 566 F.3d 324,

---

[1] The Third Circuit has held that "[a] district court must be certain that federal subject-matter jurisdiction is proper before entertaining a defendant's motion under Federal Civil Rule 12 to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted." *Abdullah v. Small Business. Banking Dep't of Bank of Am.*, 628 F. App'x 83, 84 n.1 (3d Cir. 2016).

330 (3d Cir. 2009).  "Where ... the court chooses not to conduct an evidentiary hearing, a plaintiff need only demonstrate a prima facie case of jurisdiction to defeat a motion to dismiss."  *Id*. (citing *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142, n.1 (3d Cir. 1992).  Further, "[i]n deciding in a motion to dismiss for lack of personal jurisdiction, the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  *Id*.  Where state practice does not permit a demand for specific sum, as in Pennsylvania, the jurisdictional requirement is satisfied where "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Goldfarb* at 449-50 (internal citations omitted).

"When both actual and punitive damages are recoverable, punitive damage are properly considered in determining whether the jurisdictional amount has been satisfied."  *Id* at 450 (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993).  Additionally, "claims for punitive damages 'will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.'"  *Id* (citing *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008).

In *Goldfarb*, the Eastern District examined the requirements of § 1332 in the context of claims against a blogger for five defamatory social media posts.  The Court noted that the plaintiff requested actual damages of not less than $50,000 together with exemplary and punitive damages together with costs and attorney's fees.  *Id*.  The plaintiff alleged only that he suffered "irreparable damage to his reputation ... including loss of credibility as a professor of medicine and as a physician, and embarrassment and humiliation."  *Id*.  The *Goldfarb* court looked to plaintiff's income of $100,000 from plaintiff's professorship as well as income from medical

practice and consulting services.  *Id*.  Base on the income figures and the allegations of harm, the Eastern District concluded that actual damages, if proved, would likely exceed the jurisdictional threshold.  *Id*.  In consideration of this, together with the availability of costs and counsel fees as well as the difficulty at the pleading stage of "plac[ing] a monetary value on [p]laintiff's purported reputational and professional harm,"  the *Goldfarb* court found that the requirements for diversity jurisdiction were met. *Id* at 451.

In the case at bar, Godlewski submits the Affidavit attached hereto as Exhibit 1.  In the Affidavit, Godlewski asserts that he has suffered a loss of advertising commissions in excess of $2 million as a result of the conduct of the Defendants.  Godlewski also alleges reputational harm and emotional distress and states claims for costs and counsel fees.  Given the totality of these claims, the Court should follow the holding in *Goldfarb* and deny Defendants' 12(b)(2) motion.

II.   DEFENDANTS HAVE SUBMITTED DOCUMENTS FOR THE COURT'S CONSIDERATION WHICH ARE NOT PERMISSIBLE IN THE CONTEXT OF A RULE 12(b)(6) MOTION.

In construing a motion to dismiss under Rule 12(b)(6), the Court "must accept all factual allegations as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint."  *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based on those documents."

*Id* at 230 (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

With respect to matters of public record, the Third Circuit has noted that these documents may include criminal case dispositions such as convictions or mistrials, letter decisions of government agencies, and published reports of administrative bodies. *Pension Benefit Guar. Corp.* at 1197 (internal citations omitted). Other proposed exhibits may be included only if "plaintiff's claims are based on the document." *Id.* at 1196.

Citing these exceptions to the general rule that a demurrer is decided on the complaint and its exhibits, Defendants seek to bring in the following documents:

| | |
|---|---|
| Exhibit C | Real Estate Board Discipline Record |
| Exhibit D | Corruption of Minors Case Docket |
| Exhibit E | Bad Checks Case Docket |
| Exhibit F | False Statement Case Docket |
| Exhibit G | Corruption of Minors Criminal Complaint |
| Exhibit H | Philip Godlewski Deposition |
| Exhibit I | Dori Godlewski Deposition |
| Exhibit J | Brie DuBorgel Affidavit of October 31, 2022 |
| Exhibit K | Brie DuBorgel Affidavit of March 28, 2023 with documents |
| Exhibit L | Sanctions Hearing transcript in Lackawanna County CV-2021-2195 |
| Exhibit M | Defendants' Motion for Summary Judgment in Lackawanna County CV-2021-2195 |
| Exhibit N | Defendants' Brief in Support of Motion for Summary Judgment in Lackawanna County CV-2021-2195 |
| Exhibit O | DuBorgel's Answer and New Matter and Counterclaim in Lackawanna County CV-2023-1345. |
| Exhibit P | View numbers for Godlewski's social media. |

With the exception of Exhibit C, none of these documents constitutes a criminal case disposition, a letter decision of a government agency, or a published report of an administrative body. Defendants cite no authority whatsoever for the proposition that pleadings, affidavits,

depositions and dockets from other matters may be considered, as matters of public record, in determining the ability of a complaint to withstand a 12(b)(6) challenge.   Additionally, none of Godlewski's claims is predicated upon any of these documents.  Rather, Godlewski's claims are based upon the statements published by the Defendants.  While any of the listed documents may or may not be relevant to Defendants' defenses, they do not form the basis for Godlewski's claims.  Accordingly, they have no bearing on the Court's consideration of the 12(b)(6) motion.

As an additional note, Godlewski has disputed, in the case against the Scranton Times, the authenticity of the alleged text messages attached to DuBorgel's Affidavit of March 28, 2023. No ruling has yet been made on that issue.

Defendants attempt, at pages 18-19 of their Brief, to assert that the Court may take judicial notice of the following alleged undisputed facts:

1. Plaintiff was arrested on an 8 count criminal compliant on July 9, 2010.
2. On November 12, 2010 Plaintiff pled guilty to corruption of minors.
3. By pleading guilty, Godlewski acknowledged having sexual contact with DuBorgel
4. Detectives made allegations concerning Godlewski and DuBorgel having sex in cars and houses.
5. Plaintiff admitted to corrupting DuBorgel's morals and to having sex with DuBorgel while DuBorgel was a minor.

The Federal Rules of Evidence provide that a "court may judicially notice a fact that is not subject to reasonable dispute because it:

1.     is generally known within the trial court's jurisdiction; or

2.     can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

F.R.E. 201 (b) (1) and (2).[2]

Godlewski does not question that the Court can take judicial notice of Godlewski's arrest on July 9, 2010. The Court might also take judicial notice of the fact that Godlewski entered a guilty plea to one count of corrupting the morals of a minor on November 12, 2010.

However, the Court is not in a position to take judicial notice the fact that Godlewski allegedly admitted to having sexual contact with DuBorgel while DuBorgel was a minor. In making their argument, Defendants conveniently omit Godlewski's Guilty Plea Colloquy which contains no mention of admitting to having sex with a minor. See true and correct copy of Guilty Plea Colloquy attached hereto as Exhibit 2. Further, Defendants do not provide this Court with the one count Information, to which Godlewski pled, asserting that Godlewski "did repeatedly have inappropriate text naessages [sic] and other contact with a minor." See true and correct copy of Information attached hereto as Exhibit 3. The Information makes no mention whatsoever of sexual contact between Godlewski and DuBorgel. As the alleged admissions, as characterized by the Defendants, are contrary to the documents of record in the criminal case, they cannot be determined from sources whose accuracy cannot be questioned and are not appropriate for judicial notice.

Similarly, the alleged statements of detectives are not appropriate for judicial notice. Such allegations are not truth and are routinely questioned by criminal defendants.

Godlewski will now turn to Defendants' 12(b)(6) motion as applied to Godlewski's particular claims.

---

[2] Also note that a party has an opportunity to be heard on the propriety of taking judicial notice. F.R.E. 201 (e). Godlewski hereby requests such an opportunity if the Court is inclined to take judicial notice of the proposed facts.

III.     THE COURT NOT SHOULD DISMISS PLAINTIFF'S CAUSES OF ACTION FOR
DEFAMATION AND FALSE LIGHT INVASION OF PRIVACY FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF MAY BE GRANTED.

        The tort of false light invasion of privacy "imposes liability on a person who publishes

material that 'is not true, is highly offensive to a reasonable person, and is publicized with

knowledge or in reckless disregard of its falsity." *Graboff v. Colleran Firm*, 744 F.3d 128, 136

(3rd Cir. 2014) (citing Larsen v. Phila. Newspapers, Inc., 375 Pa.Super. 66, A.2d 1181, 1188

(1988); Restatement (Second) of Torts § 652E).  The Eastern District of Pennsylvania has noted

that "Pennsylvania courts 'consistently apply the same analysis' to defamation and false light

claims 'when the causes of action are based on the same set of underlying facts.'" *Suniaga v.*

*Downington Area School District*, 504 F.Supp.3d 430, 454 (E.D. Pa. 2020) citing *Graboff* at 136.

As the analysis is identical, Godlewski will address the demurrers to his claims for defamation

and false light invasion of privacy simultaneously.

        The Pennsylvania Uniform Single Publication Act ("USPA") (42 Pa.C.S.A. § 8341 *et*

*seq*.) establishes the respective burdens of proof placed upon a plaintiff and a defendant in a

defamation action.

        Pursuant the USPA a plaintiff in a defamation action bears the burden of proving the

following:

             1.     The defamatory character of the communication.
             2.     Its publication by the defendant.
             3.     Its application to the plaintiff.
             4.     The understanding by the recipient of its defamatory meaning.
             5.     The understanding by the recipient of it as intended to be applied to the
                    defendant.
             6.     Special harm resulting to the plaintiff from its publication.
             7.     Abuse of a conditionally privileged occasion.

42 Pa.C.S.A. § 8343 (a)(1-7).  Additionally, Godlewski acknowledges that he bears the burden, as a public figure for purposes of this action, of proving actual malice.

In the present case, Defendants do not dispute that Defendants published the statements about Godlewski, that the statements applied to Godlewski, or that they would be understood as intended to be applied to plaintiff.  Defendants have not, at this point in litigation, asserted any conditional privilege.  Rather, Defendants appear to assert that their statements are not capable of defamatory meaning, were not made with malice, and that Godlewski cannot prove damages.  Godlewski will address each of these points in turn.

A.    Defamatory character of the communications.

The Pennsylvania Superior Court has found that "[a] communication is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from dealing with him." *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648, 652 (Pa.Super. 1999) (citing *Maier v. Maretti*, 448 Pa.Super. 276, 282, 671 A.2d 701, 704 (1995).  Additionally, "[a] communication is also defamatory if it ascribes to another conduct, character or a condition that would adversely affect his fitness for the proper conduct of his business, trade or profession."  Id.  A "statement that someone is a liar is, 'as a matter of law, capable of defamatory meaning.'"  *Burns v. Cooper*, 244 A.3d 1231, 1237 (Pa.Super. 2020) (citing   *Smith v.* Wagner, 403 Pa.Super. 316, 588 A.2d 1308, 1311 (Pa.Super. 1991).  Further, "[i]t is for the court to determine whether the statement at issue is capable of a defamatory meaning.  *Corabi v. Curtis Publ. Co.*, 441 Pa. 432, 273 A.2d 899 (1971).

In addition to generally defamatory statements, Pennsylvania recognizes the following four categories of defamation per se: words imputing (1) criminal offense, (2) loathsome disease,

(3) business misconduct, or (4) serious sexual misconduct. Restatement (Second) of Torts § 570 (1977).   Whether the words allegedly used by a defendant were defamatory per se is a question for the court.  See Fox. v. Kahn, 421 Pa. 563, 221 A.2d 181 (1966).

The Third Circuit has further found that "[a]lthough there may be no such thing as a false opinion, an opinion which is unfounded reveals its lack of merit when the opinion-holder disclosed the factual basis for the idea.   If the disclosed facts are true and the opinion is defamatory, a listener may choose to accept or reject it on the basis of an independent evaluation of the facts.  However, if an opinion is stated in a manner that implies that it draws upon unstated facts for its basis, the listener is unable to make an evaluation of the soundness of the opinion." *Redco Corp. v. CBS, Inc.*, 758 F.2d 970, 972 (3d Cir. 1985).

Defendants have been prolific in their commentary about Godlewski.   By their own account in their Brief, defendants have made some 110 statements concerning Godlewski.   Per the Defendants, 32 of these statements assert that Godlewkski, is a fraud, fraudster, thief, liar, or that Godlewski has "swindled his followers based on his financial schemes.   (Doc. 27, pp. 15-16).  Each and every one of these statements asserts that Godlewski is a liar.  As discussed above, such statements are defamatory in nature.   Additionally, they imply or outright assert criminal conduct and business misconduct, making the statements defamatory per se.

Per Defendants' assertion, Defendants have made not less than 78 statements alleging criminal and serious sexual misconduct pertaining to Godlewski.   These range from accusing Godlewski of having sexual relations with Brienna DuBorgel while she was a minor, to sexual misconduct with girls (the pluralization is significant as it implies repeated acts by Godlewski

against multiple minors), to allegations that Godlewski will molest his own children.  Each of these statements is not only defamatory, but defamatory per se.

Defendants appear to believe that their belief in the truth of their statements renders them incapable of defamatory meaning.  This is not so.  A statement may be defamatory even if it is true.  Truth, as a defense, renders the statement non-actionable.  However, at the pleading stage, the Court must accept as true Godlewski's assertion that the statements are false.  The defense of truth must wait to summary judgment or trial.   Accordingly, the Court should find that Defendants' statements are defamatory in nature.

B.    Actual malice

It is well settled that a public official (or figure) "must prove that the statement was made with 'actual malice' - that is, with knowledge that it was false or with reckless disregard whether it was false or not."  *Curran v. Philadelphia Newspapers, Inc.*, 376 Pa.Super. 508, 513, 546 A.2d 639, 642 (1988).   "'Actual malice' must be proven with 'clear and convincing' evidence."   Id. citing *Bose Corp. v. Consumers Union*, 466 U.S. 485 (1984).  Such proof must establish "that the defendant realized that the statement was false or subjectively entertained serious doubt as to the truth of the statement."  *Id*. citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964).

"The term 'reckless disregard' is not amenable to one infallible definition.  It is a term which is understood by considering a variety of factors in the context of an actual case."   Id. Such factors may include:

> a.    Whether the author published a statement in the face of verifiable denials and without further investigation or corroboration, where allegations were clearly serious enough to warrant some attempt at substantiation.

b.     Evidence of unexplained distortion or the absence of any factual basis to support an accusation.

c.     Clear departures from acceptable journalistic procedures, including lack of adequate prepublication procedures; the use of wholly speculative accusations and accusatory inferences; and the failure to utilize or employ effective editorial review.

*Id.*, 376 Pa.Super. at 514, 546 A.2d at 642. (Internal citations omitted).   Additionally, "the Supreme Court has specifically stated that the defendant in a defamation action cannot insure a favorable verdict 'by testifying that he published with a belief that the statements were true.'" *Curran*, 497 Pa. at 184-85, 439 A.2d at 662-63 citing *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968).  "Rather, '(t)he finder of fact must determine whether the publication was indeed made in good faith.'" Id.

In the case at bar, actual malice sufficient to state a cause of action, may be inferred from a number of facts.[3]   First, Defendants published their statements in the face of Godlewski's denials.  Defendants apparently made no attempt to seek corroboration from any person having direct knowledge of the alleged events.   Second, the Defendants have gone to great lengths to find and publish numerous pleadings, exhibits, and orders from various court cases involving Mr. Godlewski in order to substantiate the accusation that Godlewski had an illicit relationship with DuBorgel.  However, they have omitted to ever publish, or even discuss the portions of the guilty plea colloquy omitting a recitation of facts (See Exhibit 2) or the Information (Exhibit 3) which

_____

[3] As a side issue, Defendants assert that they are journalists and thus entitled to the protections of the actual malice standard.  Whether Defendants' activities entitle them to this protection should be a matter to be decided after an opportunity for discovery.

does not include any charge related to sexual conduct.   From this, the Court may infer, for purposes of deciding the 12(b)(6) motion, that Defendants entertained doubts as to the truth of their allegations.  If Defendants did not, they would have published the missing information.

Beyond the statements regarding DuBorgel, Defendants move rapidly into wholly speculative allegations that are unsupported by fact.   Examples of these are statements that Godlewski would molest his own children, that Godlewski molests or has molested other children, and that Godlewski participates in child sex trafficking rings.  See FAC Exhibit K at 22, 24, 44, 46, and 47; FAC Exhibit L at 30 and 48.  Defendants have, in their statements to date, offered absolutely no factual justification for these extremely serious allegations.

Finally,  Defendants have not yet been subjected to depositions and written discovery in order to determine their state of mind, their editorial processes or their adherence to journalistic standards.  Accordingly, the Court should find that Godlewski has sufficiently pled actual malice, deny Defendants' 12(b)(6) motion, and move the case to the discovery phase.

C.     Damages.

Under Pennsylvania law, "[t]he term 'special harm' as used in the statute has been interpreted to mean 'general damages' which are proven upon a showing of 'actual harm.' "'Actual harm' includes 'impairment of reputation and standing in the community, ... personal humiliation, and mental anguish and suffering.'"   *Joseph v. Scranton Times, L.P.*, 89 A.3d 251, 261 (Pa.Super. 2014) (citing *Brinich v. Jencka*, 757 A.2d 388, 297 (Pa.Super. 2000).[4]   Further, "[a]s used in section 569 of the Restatement, the 'special harm' that a libel plaintiff need not show

_____

[4] Note that *Joseph* was affirmed in part and reversed in part on other grounds in *Joseph v. Scranton Times, L.P.*, 634 Pa. 35, 129 A.3d 404 (2015).

is actually 'special damages.'  'Special damages' are 'economic harm' and pecuniary loss.'" *Id*. (citing *Pilchesky v. Gatelli*, 12 A.3d 430, 444 (Pa.Super. 2011).  Under this rubric, "in order to satisfy the 'special harm' element of a defamation claim, a libel plaintiff need only show 'actual harm' to establish 'general damages.'  A libel plaintiff need not show 'special damages' to satisfy the statutory burden of proving 'special harm.'" *Id*.  As a further note, this showing is not necessary in a case proceeding under a theory of defamation per se.

Godlewski has pled his humiliation and emotional distress.  Additionally, Godlewski has asserted generally loss of reputation and loss of earnings.  Should the Court require it, Godlewski could easily amend his pleading to include the economic losses set forth in his Affidavit.  See Exhibit 1.

For these reasons, the Court should deny Defendants' motion to dismiss the defamation and false light invasion of privacy claims.

IV.    THE COURT SHOULD NOT DISMISS PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Godlewski does not disagree with the general standards for intentional infliction of emotional distress ("IIED") set forth by Defendants at pages 25 and 26 of their Brief.  However, Godlewski asserts that Defendants' conduct in this matter is sufficiently outrageous to give rise to a cause of action for intentional infliction of emotional distress.

Of the cases cited by Defendants, the closest one to this case in terms of factual and legal issues is *Cheney v. Daily New, L.P.*, 102 F.Supp.3d 708, 718 (E.D. Pa. 2015) (affirmed in part,

reversed in part by *Cheney v. Daily News, L.P.*, 102 F.Supp.3d 708 (3d Cir. 2016).[5]   In *Cheney,*

the Daily News ran an article concerning a sex scandal in the Philadelphia Fire department.   *Id*.

at 711.   The article asserted that unnamed firefighters were accused of having sex with a

paramedic on duty.   *Id*.   The article featured a photograph of Cheney in uniform and included a

caption identifying Cheney.   *Id*. at 712.   The Eastern District dismissed Cheney's IIED claim,

writing "[b]eing falsely implicated in lewd or lascivious conduct is unfair and unfortunate - and

sometimes defamatory - but not extreme or outrageous." *Id*.

The present case is readily distinguishable.   The article in *Cheney* implies that the

participants in the alleged sexual act were all employees of the Fire Department and, therefore,

adults.   Additionally, the *Cheney* article does not imply that the alleged sexual acts were

criminal; only that they occurred on and off department time.   In this matter, Defendants assert

that Godlewski had criminal sex with a minor, participates in child sex trafficking, and that

Godlewski will molest his own children.   These allegations are no mere lewd or lascivious

conduct.   Rather, they strike at the heart of Godlewski's family relationships and, by virtue of

their criminal nature, bring extreme shame to Godlewski.   Additionally, Godlewski has pled that

Defendants have gone to extreme lengths to target Godlewski in his home area by taking out

highway billboards, electronic billboards in the Avoca airport, had a plane tow a banner, and

engaged in a leaflet campaign.   All of these acts were specifically and deliberately calculated to

humiliate Godlewski in his community.   Taken together, these acts represent outrageous conduct

sufficient to support a cause of action for IIED.

---

[5] On appeal, the Third Circuit affirmed the District Court's dismissal of Cheney's IIED claim.
However, it reversed and remanded the District Court's dismissal of Cheney's defamation claim.

V.    THE COURT SHOULD NOT DISMISS PLAINTIFF'S CAUSES OF ACTION FOR
TORTIOUS INTERFERENCE WITH CONTRACTS, PROSPECTIVE CONTRACTS AND
BUSINESS RELATIONSHIPS.

Godlewski does not quarrel with Defendants' assertion that the standard articulated in
*Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199 (3d Cir. 2009) governs Godlewski's
tortious interference claims.   With respect to these claims, Godlewski asserts that he has
adequately pled the existence of contractual relations and legal damage.  Should the Court view
the matter otherwise, Godlewski would seek leave to file a second amended complaint setting
forth the material, contained in his Affidavit at Exhibit 1, concerning Godlewski's relationship
with Goldco and the losses Godlewski has suffered as a result of Alvear's conduct.[6]

Defendants' purposeful action specifically intended to harm Godlewski's contractual
relationships is adequately pled as Godlewski sets forth numerous statements from Alvear
accusing Godlewski of fraud, and encouraging viewers to report Godlewski to the Securities
Exchange Commission and the FBI.   Additionally, Defendants' statements accusing Godlewski
of criminal sexual misconduct were reasonably calculated to deter business associates from
dealing with Godlewski.

Defendants assert that their speech is protected by the First Amendement and that they
may not be held liable for the Pennsylvania tortious interference claim as a result.  The Supreme
Court has found that the Free Speech Clause "can serve as a defense in state tort suits..."  *Snyder
v. Phelps*, 562 U.S. 443, 451 (2011) (citing *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 50-51
(1988)  "Whether the First Amendment prohibits holding [a defendant] liable for its speech ...
turns largely on whether that speech is of public or private concern, as determined by all the

---

[6] Leave to amend is to be given freely.  F.R.Civ.P. 15 (a)(2).

circumstances of the case."  *Id* at 452.  "Speech deals with matters of public concern when it can "be fairly considered as relating to any matter of political, social, or other concern to the community."  *Id* at 453 (citing *Connick v. Myers*, 461 U.S. 138, 146 (1983).

Godlewski concedes that much of Defendants' speech was about matters of public concern to the extent that it relates to Godlewski's criminal prosecutions.  These matters were certainly covered by the press and information about them is readily available to the public. Similarly, allegations concerning Godlewski's business dealings are likely to be matters of public concern given the large number of individuals involved.  However, Defendants attacks turn distinctly personal when Defendants assert that Godlewski will abuse his own children.  There is no public record on this matter.  Similarly, Defendants are entirely without a factual basis to make the accusations that Godlewski has or will molest his own children.  Accordingly, those representations are not privileged by the First Amendment as they are not matters of public concern and the Court should deny the motion to dismiss.

CONCLUSION

Godlewski apologizes that this brief slightly exceeds the fifteen page limit.   In consideration of Godlewski's consent to filing a longer brief by Defendants, Godlewski prays that the Court will excuse his extra pages.

For the foregoing reasons, Plaintiff Philip Godlewski respectfully requests that the Honorable Court deny Defendants' Motion to Dismiss the First Amended Complaint.   In the alternative, should the Court deem dismissal appropriate, Godlewski requests that it be done without prejudice to Godlewski's ability to file a Second Amended Complaint consistent with the Court's decision.

Respectfully submitted,

**KOLMAN LAW, P.C.**

/s/ Timothy M. Kolman
Timothy M. Kolman, PA51982

Timothy A. Bowers, PA77980
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134
Attorneys for Plaintiff.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this 24th day of May 2024 served a true and correct copy of the foregoing document via the Middle District of Pennsylvania CM/ECF system upon the following:

Ryan P. Campbell, Esquire
Dave W. Rothenberg, Esquire
Counsel for Defendants.

Timothy A. Bowers, PA77980

This document has also been filed electronically and is available for viewing and downloading from the ECF system.