**ROTHENBERG & CAMPBELL** *Attorneys for the Defendants*
Ryan P. Campbell, Esq. (#317838)
Dave W. Rothenberg, Esq. (#326483)
345 Wyoming Avenue, Suite 210
Scranton, Pennsylvania 18503
Phone: 570.207.2889 || Fax: 570.207.3991
E-mail: Hrlaw04@gmail.com || Hrlaw06@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP GODLEWSKI,<br><br>         Plaintiff,<br>v.<br><br>EDUARDO NICOLAS ALVEAR GONZALEZ, *AKA* ALVEAR GONZALEZ EDUARDO NICOLAS, *AKA* NICOLAS ALVEAR; and GOOD LION TV, LLC,<br>         Defendants | CIVIL ACTION—LAW<br>(HON. JULIA K. MUNLEY)<br><br>JURY TRIAL DEMANDED<br><br>No.: 3:24—CV—00344—JKM |

## MOTION FOR LEAVE OF COURT TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**AND NOW COME** Defendants, Eduardo Nicolas Alvear Gonzalez, *aka* Alvear Gonzalez Eduardo Nicolas, *aka* Nicolas Alvear (collectively, "Individual Defendant") and Good Lion TV, LLC ("Corporate Defendant"), by and through their counsel, Rothenberg & Campbell, hereby move for this Honorable Court to accept the attached supplemental brief in support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF Doc. No. 26), averring as follows:

1. On April 25, 2024, Plaintiff filed his First Amended Complaint in the instant matter wherein he attaches several exhibits purportedly showing the volume of wrongful conduct on behalf of Defendants. (See ECF Doc. No. 22, *generally*).

2. On May 10, 2024, Defendants, through undersigned counsel, timely filed their Motion to Dismiss Plaintiff's First Amended Complaint, in whole or in part, and, if granted in part, Motion to Dismiss Remaining Claims for Lack of Jurisdiction and a Brief in Support thereof (collectively, the "Motion to Dismiss"). (See ECF Doc. Nos. 26 and 27).

3. Defendants' Motion to Dismiss seeks dismissal of all or part of Plaintiff's First Amended Complaint for failure to states claims upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) based on the ostensibly wrongful publications of 110 statements by Defendants and purported causes of injury to Plaintiff. (See ECF Doc. No. 26-1).

4. Additionally, should this Honorable Court dismiss less than all claims contained in Plaintiff's First Amended Complaint, Defendants seek dismissal of any remaining claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (See ECF Doc. No. 27).

5. On May 24, 2024, Plaintiff timely filed his Brief in Opposition to Defendants' Motion to Dismiss pursuant to Local Rule 7.6. (See ECF Doc. No. 28).

6. On May 30, 2024, Defendants timely filed their Brief in Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Local Rule 7.7 and a Motion to Schedule Oral Argument Pursuant to Local Rule 7.9. (See ECF Doc. Nos. 29 & 30).

7. The time for filing of all briefs addressing Defendants' Motion to Dismiss has expired; any further briefing beyond that prescribed by the rules is a decision resting in the sound discretion of the court. See M.D. Pa. L.R. 7.7.

8. On August 30, 2024, the Honorable Terrence J. Nealon issued a Memorandum and Order granting Defendants', Chris Kelly and the Scranton Times, L.P., Motion for Summary Judgment ("8/30/24 Order") in the civil matter filed in the Lackawanna County Court of Common Pleas and docketed to Philip Godlewski v. Chris Kelly and the Scranton Times, L.P. at number 2021—CV—2195 (the "Times-Tribune Lawsuit").

9. Judge Nealon's 8/30/24 Order creates an additional argument supporting Defendants' position that Plaintiff's First Amended Complaint should be dismissed as a matter of law in the form of non-mutual, defensive collateral estoppel.

10. Given this newly released, previously unavailable, information, Defendants seek to file a Supplemental Brief in Support of their Motion to Dismiss Plaintiff's First Amended Complaint incorporating the 8/30/24 Order and its corresponding legal effect on the instant matter. A true and accurate copy of Defendants' Proposed Supplemental Brief in Support of their Motion to Dismiss Plaintiff's First Amended Complaint is attached hereto and marked as Exhibit "1".

11. A movant's request to file supplemental briefs beyond those permitted by the local rules should be denied when "the proffered materials ... add little" to an already exhaustive record. United States v. LTV Steel Co., Inc., 116 F.Supp.2d 624, 627 (W.D. Pa. 2000); see also Davenport v. Capio Partners LLC, 2021 WL 1666977 *1 (M.D. Pa. 2021) (*offered only*

*for persuasive value)*; Farr v. Quarry, 2020 WL 13743052 *1 (M.D. Pa. 2020) *offered only for persuasive value).*

12. However, courts have granted requests to file supplemental briefs when parties raise arguments for the first time and when the proposed filing would be "helpful in resolving the issues presented in the case." Gentry v. Sikrosky Aircraft Corp., 2018 WL 6329147, at *2 (E.D. Pa. 2018); and Souffrant v. Hyrowich, 2009 WL 10737145, at *2 (E.D. Pa. 2009).

13. The arguments raised in Defendants' Proposed Supplemental Brief were not raised in previous filings and would be helpful in resolving the issues presented in this case.

14. On September 4, 2024, undersigned counsel e-mailed counsel for Plaintiff a copy of the instant Motion and proposed Supplement Brief seeking concurrence and Plaintiff has affirmatively objected to the submission of same.

15. For all the reasons cited above, Defendants respectfully request this Honorable Court issue an Order granting Defendants' Motion and accepting the attached Proposed Supplemental Brief in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint as filed of record.

16. Alternatively, Defendants seek to add the 8/30/24 Order as an Exhibit to their Motion to Dismiss filed on or about May 10, 2024. (ECF Doc. No. 26).

17. Defendants present the instant Motion as both a motion and brief in support thereof given the simplicity of the issue presented and do not intend to file any brief in support thereof unless requested by the court.

18. Defendants have no objections to Plaintiff's right to file a responsive brief pursuant to Local Rule 7.8.

**WHEREFORE**, Defendants, Eduardo Nicolas Alvear Gonzalez, *aka* Alvear Gonzalez Eduardo Nicolas, *aka* Nicolas Alvear and Good Lion TV, LLC, by and through their counsel, Rothenberg & Campbell, respectfully move that this Honorable Court issue an Order **GRANTING** their Motion and accepting their attached Supplemental Brief in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint as filed of record or alternatively, permit Defendants to supplement their Motion to Dismiss with the 8/30/24 Order.

          Respectfully Submitted,

          **ROTHENBERG & CAMPBELL**

By: _____
      Ryan P. Campbell, Esquire (PAID: 317838)
      345 Wyoming Ave., Ste. 210
      Scranton, PA 18503
      p. 570.207.2889 || e. HRLaw04@gmail.com
      ***ATTORNEYS FOR DEFENDANTS***

Date:  September 6, 2024

**ROTHENBERG & CAMPBELL**  *Attorneys for the Defendants*
Ryan P. Campbell, Esq. (#317838)
Dave W. Rothenberg, Esq. (#326483)
345 Wyoming Avenue, Suite 210
Scranton, Pennsylvania 18503
Phone: 570.207.2889 || Fax: 570.207.3991
E-mail: Hrlaw04@gmail.com || Hrlaw06@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP GODLEWSKI,<br><br>                              Plaintiff,<br>v.<br><br>EDUARDO NICOLAS ALVEAR GONZALEZ, *AKA* ALVEAR GONZALEZ EDUARDO NICOLAS, *AKA* NICOLAS ALVEAR; and GOOD LION TV, LLC,<br><br>                              Defendants | CIVIL ACTION—LAW<br>(HON. JULIA K. MUNLEY)<br><br>JURY TRIAL DEMANDED<br><br>No.: 3:24—CV—00344—JKM |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**AND NOW COME** Defendants, Eduardo Nicolas Alvear Gonzalez, *aka* Alvear Gonzalez Eduardo Nicolas, *aka* Nicolas Alvear ("Individual Defendant" or "Mr. Alvear") and Good Lion TV, LLC ("Corporate Defendant"), by and through their counsel, Rothenberg & Campbell, and hereby file their Supplemental Brief in Support of their Motion to Dismiss Plaintiff's First Amended Complaint, arguing as follows:

### I.    SUPPLEMENTAL ARGUMENT

Defendants present the following supplemental argument supporting their Motion to Dismiss Plaintiff's First Amended Complaint sounding in non-mutual issue preclusion



1

based on Judge Terrence R. Nealon's recent August 30, 2024 Memorandum and Order granting Defendants', Chris Kelly and the Scranton Times, L.P., Motion for Summary Judgment ("8/30/24 Order") in the civil matter filed in the Lackawanna County Court of Common Pleas and docketed to <u>Philip Godlewski v. Chris Kelly and the Scranton Times, L.P.</u> at number 2021—CV—2195 (the "Times-Tribune Lawsuit"). A true and accurate copy of Judge Nealon's August 30, 2024 Memorandum and Order is attached hereto and marked as Exhibit "A". As argued at length in Defendants' supporting briefs, both the "Times-Tribune Lawsuit" and the instant lawsuit pose the same question to the court: ***"whether Plaintiff had inappropriate sexual relations with a 15-year-old girl."*** On August 30, 2024, Judge Nealon answered, ***"yes"***, holding:

> Godlewski claims that Kelly falsely reported that he "pleaded guilty to corruption of minors and admitted to having a sexual relationship with a 15-year-old girl." Based upon the content of Godlewski's text messages which served as the factual basis for the corruption of a minor charge set forth in the Criminal Information, and Godlewski's sworn plea to that specific crime in a court of law, both of the foregoing statements made by Kelly in his article are true. As a result of Godlewski's guilty plea to "inappropriate text [m]essages" and "contact" with Ms. DuBorgel, as set forth in the Affidavit of Probable Cause quoting the offending text messages admitting and memorializing a sexual relationship with a 15-year-old minor, ***Godlewski is collaterally estopped from denying his participation in a sexual relationship with Ms. DuBorgel in 2010.***[1] ***Thus, Godlewski has failed to come forward with sufficient evidence creating a genuine issue of material fact concerning the claimed falsity of Kelly's statement that Godlewski "pleaded guilty to corruption of minors and admitted to having a sexual relationship with a 15-year-old girl."***

---

[1] It is axiomatic that "defendants are bound by statements they make during their guilty plea colloquies and may not successfully assert any claims that contradict those statements." <u>Com. v. Culsoir</u>, 209 A.3d 433, 437 (Pa. Super. 2019). "'A defendant who elects to plead guilty has a duty to answer questions truthfully.'" <u>Com w. Yeomans</u>, 24 A.3d 1044, 1047 (Pa. Super. 2011) (*quoting* <u>Com. v. Pollard</u>, 832 A.2d 517, 523 (Pa. Super. 2003)). Godlewski presumably did so when entering his guilty plea before Judge Geroulo. [See <u>Com., Dept. of Trans. v. Mitchell</u>, 535 A.2d 581, 585 (Pa. 1987); <u>Hawkins v. Unemployment Compensation Bd. of Review</u>, 695 A.2d 963, 966 (Pa. Cmwlth. 1997), *app. denied*, 718 A.2d 786 (1998); and <u>Lynch v. DuCasse</u>, 2020 WL 3547375, at *3-4 (M.D. Pa. 2020)].

2

(ECF Doc. No. 33—1 at pp. 36—37) (***emphasis added***; citations included in footnote).

Defendants strongly contend that the 8/30/24 Order now precludes Plaintiff from relitigating this same issue defined herein as: "in the context of Plaintiff's civil reputational tort claims, Plaintiff's 2011 guilty plea to the corruption of a minor claim operates as an admission of fact as to whether Plaintiff had inappropriate sexual relations with a 15-year-old girl" (hereinafter, the "Pedophile Issue"). Defendants submit that the Pedophile Issue raised in the Times-Tribune Lawsuit is identical to the Pedophile Issue presented in the instant matter. In the Times-Tribune matter, Plaintiff had a full and fair opportunity to litigate the Pedophile Issue before Judge Nealon resulting in a final judgment on the merits.[2] Therefore, Plaintiff is now collaterally estopped from asserting his position that "he did not have inappropriate sexual relations with a 15-year-old child." See Peloro v. United States, 488 F.3d 163, 175 (3d Cir. 2007).

When a federal court considers precluding a specific issue that has been previously (and finally) litigated in state court, the court must apply that state's substantial law[3] and can make any determination regardless of a pending appeal.[4] Collateral estoppel, or issue preclusion, "bars 'successive litigation of an issue of fact or law actually litigated and

---

[2] Upon information and belief, Plaintiff's representation in the Times-Tribune Lawsuit was the same counsel representing his interests in the instant matter.

[3] When a federal court determines the collateral estoppel effect of an issue previously litigated in a state court proceeding, the tribunal "should apply the law of the state where the criminal proceeding took place." Allen v. McCurry, 449 U.S. 90, 96 (1980); Anela v. City of Wildwood, 790 F.2d 1063, 1068 (3d Cir. 1986).

[4] Under Pennsylvania law, the fact that a prior decision is on appeal does not deprive it of being a final order for collateral estoppel purposes. See In re Weidner, 476 B.R. 873 (E.D. Pa. Bnktcy. 2012) (*applying Pennsylvania law*); Connelly v. Wolf, Black, Schorr and Solis-Cohen, 463 F.Supp. 914 (E.D. Pa. 1978).

3

resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (*quoting* New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001)). In Pennsylvania, collateral estoppel applies if: 1) the issue decided in the prior adjudication is identical[5] to the one presented in the later action; 2) there has been a final[6] judgment on the merits[7]; 3) the party against whom collateral estoppel is asserted was a party or in privity with the party to the prior adjudication; and 4) the party against whom collateral estoppel is asserted has had a full and fair opportunity[8] to litigate the issue in question in the prior adjudication[9]. Siegel v. Goldstein, 657 F.Supp.3d 646, 654 (E.D. Pa. 2023) (*citing* Witkowski v. Welch, 173 F.3d 192, 198 (3d Cir. 1999)). Put differently, when a party defensively asserts collateral estoppel against another party that has previously (often unsuccessfully) litigated an identical issue to final judgment contingent on that very same issue, the burden of re-litigation outweighs any additional opportunity for determination and the party is estopped

---

[5] "To defeat a finding of identity of the issues for preclusion purposes, the difference in the applicable legal standards must be 'substantial.'" Raytech Corp. v. White, 54 F.3d 187, 191 (3d Cir. 1995).
[6] "[F]or purposes of issue preclusion... 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." Witkowski v. Welch, 173 F.3d 192, 200 (3d Cir. 1999) (*quoting* Restatement (Second) of Judgments § 13(1982)).
[7] A determination on the merits "may be based on a failure of the pleading or of proof as well as on the sustaining of the burden of proof." Witkowski, 173 F.3d at 201 (*quoting* Restatement (Second) of Judgments § 27 cmt. d (1982)).
[8] The "full and fair opportunity to litigate" requirement is generally met only if the procedures involved in the earlier proceedings complied with the federal due process clause of the Fourteenth Amendment. See Kremer v. Chemical Constr. Corp., 456 U.S. 461, 483 n. 24 (1982). The United States Supreme Court has repeatedly stated that "[t]he core of due process is the right to notice and a meaningful opportunity to be heard." LaChance v. Erickson, 522 U.S. 262, 266 (1998)
[9] Some Pennsylvania courts state a fifth requirement to the issue preclusion doctrine; namely, that the determination of an issue in the prior case be "essential" to the previous judgment." Witkowski, 173 F.3d at 211. When determining whether the issue was "essential" to the previous judgment, courts look to whether the issue "was critical to the judgment or merely dicta." O'Leary v. Liberty Mut. Ins. Co., 923 F.2d 1026, 1067 (3d Cir. 1991).

from presenting that identical argument. See Restatement (Second) of Judgments § 27, cmt. h; O'Leary, 923 F.2d at 1062.

There can be no question that the Pedophile Issue presented in the Times-Tribune Lawsuit is identical to the Pedophile Issue presented in the instant matter. To be sure, this Honorable Court is asked to determine the exact same question answered by Judge Nealon in the Times-Tribune Lawsuit on substantially similar facts[10] and identical legal theories – namely, "whether Plaintiff's admission to having inappropriate sexual relations with a minor child precludes recovery of civil damages pursuant to state-law reputational tort claims." See Witkowski, 173 F.3d at 200; Siegel v. Goldstein, 657 F.Supp.3d 646, 654-56 (E.D. Pa. 2023); Irish v. Ferguson, 970 F.Supp.2d 317 (M.D. Pa. 2013); Magoni-Detwiler v. Pennsylvania, 502 F.Supp.2d 468 (E.D. Pa. 2007). Furthermore, the granting of summary judgment operates as a "final adjudication on the merits" for purposes of issue preclusion. See Scooper Dooper, Inc., v. Krafco Corp., 494 F.2d 840, 848-50 (3d Cir. 1974). Plaintiff is the same individual named in the Times-Tribune Lawsuit, where he enjoyed all due process considerations of notice and an opportunity to be heard. See ftn. 8 and 9 *supra*. The recent 8/30/24 Order establishes all four elements of non-mutual, defensive collateral estoppel, triggering the doctrine's application in this case and ultimately precluding Plaintiff's recovery of civil damages related to the Pedophile Issue.

---

[10] Defendants concede that the specific Discursive Acts may differ between the Times-Tribune and instant lawsuits, but the answer to the Pedophile Issue is dispositive of all. Put another way, there are several iterations of the Pedophile Issue crystallized in statements ranging from the objective (sex with a minor) to the crass (Pedo Phil is a Phraud). Regardless of where any independent Discursive Act falls on that continuum, the Pedophile Issue resolves each and every iteration across the board.

5

Effectively, Judge Nealon's holding in the Times-Tribune Lawsuit shields Defendants against *all* of Plaintiff's allegations related to the Pedophile Issue, which encompass at least seventy-eight (78) of the 110 Discursive Acts. (See ECF Doc. No. 26-1). The 8/30/24 Order's preclusive effects operate as the final nail in the coffin; all residual doubt regarding the defamatory nature of the Discursive Acts is put to rest. Plaintiff must now accept *as a legal fact* that he had inappropriate sexual relations with a 15-year-old child. As a result, his entire legal theory falls apart[11], unraveling like a spool of thread. In the context of this civil lawsuit, Plaintiff can no longer allege as wrongful being called a "pedophile," "pedo," "child molester" or even someone who has "groomed" or "f*cked" minors – the Pedophile Issue and all its progeny comments, however crass, now become *pre-litigated facts* determined by a court of competent jurisdiction. See Irish v. Ferguson, 970 F.Supp.2d 317 (M.D. Pa. 2013).

For those reasons and the reasons set forth in Defendants' previously filed briefs of record, Plaintiff's First Amended Complaint must be dismissed, with prejudice. In His Honor's issuance of the 8/30/24 Order, Judge Nealon toppled Plaintiff's core defense strategy of "*I didn't do it*" with a three-word phrase: "*yes, you did*". Defendants again summon the initial question posed to this court in their first Brief in Support and – utilizing

---

[11] State court criminal dispositions are considered public records of which a federal court may take judicial notice. Pension Benefit Guar. Corp. v White Consol. Indus., 998 F.2d 1192, 1197 (3d Cir. 1993); Lynch v. Ducasse, 2020 WL 3547375, at *4-5 (M.D. Pa. 2020) (*for persuasive value*); see also, J/H Real Estate Inc. v. Abramson, 901 F.Supp. 952, 954 (E.D. 1995).

the issues rightly decided in the 8/30/24 Order – respectfully request this Honorable Court join in the good and learned company of Judge Nealon.[12]

                              Respectfully Submitted,

                              **ROTHENBERG & CAMPBELL**

By: _____
      Ryan P. Campbell, Esquire (PAID: 317838)
      345 Wyoming Ave., Ste. 210
      Scranton, PA 18503
      p. 570.207.2889 || e. HRLaw04@gmail.com

                            ***ATTORNEYS FOR DEFENDANTS***

Date: September 3, 2024

---

[12] Upon receiving the Pennsylvania Bar Association's Civil Litigation Professional Excellence Award in recognition of the jurisprudence exhibited during His Honor's two-dozen years serving as a Court of Common Pleas Judge, one nominator stated: "[i]n terms of writing judicial opinions that reaffirm, guide and/or advance Pennsylvania jurisprudence in a wide variety of areas of the law, there is perhaps no other jurist who has done more in this regard..." *Lackawanna County Judge R. Nealon to Receive PBA Civil Litigation Professional Excellence Award*, Pennsylvania Bar Association, News Release (April 2023).

**ROTHENBERG & CAMPBELL**  *Attorneys for the Defendants*
Ryan P. Campbell, Esq. (#317838)
Dave W. Rothenberg, Esq. (#326483)
345 Wyoming Avenue, Suite 210
Scranton, Pennsylvania 18503
Phone: 570.207.2889 || Fax: 570.207.3991
E-mail: Hrlaw04@gmail.com || Hrlaw06@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILIP GODLEWSKI,<br><br>                               Plaintiff,<br>v.<br><br>EDUARDO NICOLAS ALVEAR GONZALEZ, *AKA* ALVEAR GONZALEZ EDUARDO NICOLAS, *AKA* NICOLAS ALVEAR; and GOOD LION TV, LLC,<br>                              Defendants | CIVIL ACTION—LAW & EQUITY<br>(HON. JULIA K. MUNLEY)<br><br>**JURY TRIAL DEMANDED**<br><br>No.: 3:24—CV—00344—JKM |

**CERTIFICATE OF COMPLIANCE**

    I, Ryan P. Campbell, Esquire, on behalf of Defendants, do hereby certify that I performed a word-count on the above Brief using Microsoft® Word Version 16.83 (2024) and that the above-captioned document contains 2,487 words, excepting captions, salutatory and introductory language, signatory lines and Certificates of Compliance and Service, respectively. As such, this filing complies with Local Rule 7.8.

Respectively submitted,

ROTHENBERG & CAMPBELL

By: _____
Ryan P. Campbell, Esquire
*ATTORNEY FOR DEFENDANTS*

Date: September 6, 2024

**ROTHENBERG & CAMPBELL**  *Attorneys for the Defendants*
Ryan P. Campbell, Esq. (#317838)
Dave W. Rothenberg, Esq. (#326483)
345 Wyoming Avenue, Suite 210
Scranton, Pennsylvania 18503
Phone: 570.207.2889 || Fax: 570.207.3991
E-mail: Hrlaw04@gmail.com || Hrlaw06@gmail.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP GODLEWSKI,<br><br>           Plaintiff,<br>v.<br><br>EDUARDO NICOLAS ALVEAR GONZALEZ, *AKA* ALVEAR GONZALEZ EDUARDO NICOLAS, *AKA* NICOLAS ALVEAR; and GOOD LION TV, LLC,<br><br>           Defendants | CIVIL ACTION—LAW & EQUITY<br>(HON. JULIA K. MUNLEY)<br><br>JURY TRIAL DEMANDED<br><br>No.: 3:24—CV—00344—JKM |

### CERTIFICATE OF SERVICE

I, Ryan P. Campbell, Esquire, on behalf of Defendants, do hereby certify that I sent a true and accurate copy of Defendants' Brief in Support of their Motion to Dismiss Plaintiff's First Amended Complaint in the above-captioned case on this **6ʰ day of September, 2024** to the below named individuals *via* ECF and Electronic Mail addressed as follows:

  Timothy M. Kolman, Esq.
  e. tkolman@kolmanlaw.com
  *ATTORNEYS FOR PLAINTIFF*

              ROTHENBERG & CAMPBELL

          By: _/s/ Ryan P. Campbell_____
              Ryan P. Campbell, Esquire
              *ATTORNEY FOR DEFENDANTS*

Date: September 6, 2024

**ROTHENBERG & CAMPBELL**  *Attorneys for the Defendants*
Ryan P. Campbell, Esq. (#317838)
Dave W. Rothenberg, Esq. (#326483)
345 Wyoming Avenue, Suite 210
Scranton, Pennsylvania 18503
Phone: 570.207.2889 || Fax: 570.207.3991
E-mail:  Hrlaw04@gmail.com || Hrlaw06@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP GODLEWSKI,<br><br>          Plaintiff,<br>v.<br><br>EDUARDO NICOLAS ALVEAR GONZALEZ, *AKA* ALVEAR GONZALEZ EDUARDO NICOLAS, *AKA* NICOLAS ALVEAR; and GOOD LION TV, LLC,<br><br>          Defendants | CIVIL ACTION—LAW & EQUITY<br>(HON. JULIA K. MUNLEY)<br><br>JURY TRIAL DEMANDED<br><br>No.: 3:24—CV—00344—JKM |

### CERTIFICATE OF NONCONCURRENCE

  I, Ryan P. Campbell, Esquire, on behalf of Defendants, do hereby certify that I sought concurrence in Defendants' Motion for Leave to File Supplemental Brief in Support of Their Motion to Dismiss Plaintiff's First Amended Complaint by e-mail on September 4, 2024 to Plaintiff's counsel, Timothy M. Kolman, Esq. and Plaintiff objects to same.

                ROTHENBERG & CAMPBELL

            By: _____
                Ryan P. Campbell, Esquire
                *ATTORNEY FOR DEFENDANTS*

Date:  September 6, 2024

**ROTHENBERG & CAMPBELL**  *Attorneys for the Defendants*
Ryan P. Campbell, Esq. (#317838)
Dave W. Rothenberg, Esq. (#326483)
345 Wyoming Avenue, Suite 210
Scranton, Pennsylvania 18503
Phone: 570.207.2889 || Fax: 570.207.3991
E-mail: Hrlaw04@gmail.com || Hrlaw06@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP GODLEWSKI,<br><br>          Plaintiff,<br>v.<br><br>EDUARDO NICOLAS ALVEAR GONZALEZ, *AKA* ALVEAR GONZALEZ EDUARDO NICOLAS, *AKA* NICOLAS ALVEAR; and GOOD LION TV, LLC,<br><br>         Defendants | CIVIL ACTION—LAW & EQUITY<br>(HON. JULIA K. MUNLEY)<br><br>JURY TRIAL DEMANDED<br><br>No.: 3:24—CV—00344—JKM |

**CERTIFICATE OF SERVICE**

  I, Ryan P. Campbell, Esquire, on behalf of Defendants, do hereby certify that I sent a true and accurate copy of Defendants' for Leave to File Supplemental Brief with Supplemental Brief in the above-captioned case on this **6th Day of September, 2024** to the below named individuals *via* ECF and Electronic Mail addressed as follows:

  Timothy M. Kolman, Esq.
  e. tkolman@kolmanlaw.com
  *ATTORNEYS FOR PLAINTIFF*

ROTHENBERG & CAMPBELL

By: _____
Ryan P. Campbell, Esquire
*ATTORNEY FOR DEFENDANTS*

Date: September 6, 2024

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP GODLEWSKI,<br><br>                              Plaintiff,<br>v.<br><br>EDUARDO NICOLAS ALVEAR<br>GONZALEZ, *AKA* ALVEAR GONZALEZ<br>EDUARDO NICOLAS, *AKA*<br>NICOLAS ALVEAR; and<br>GOOD LION TV, LLC,<br>                              Defendants | CIVIL ACTION—LAW & EQUITY<br>*(HON. JULIA K. MUNLEY)*<br><br>JURY TRIAL DEMANDED<br><br><br>No.: 3:24—CV—00344—JKM |

## ORDER

**AND NOW**, this _____ day of _____, 2024, upon consideration of Defendants' Motion for Leave of Court to File a Supplemental Brief in Support of Their Motion to Dismiss Plaintiff's First Amended Complaint, all objections and responses filed of record, and having determined that same raises a new argument and will aid the court in its determination of same, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **GRANTED**. Defendants' Supplemental Brief attached to their Motion shall be considered filed of record and available to the Court in the determination of Plaintiff's First Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall be permitted to file a responsive brief pursuant to Local Rule 7.8 no later than fourteen (14) days from the date of this Order. No further supplemental filings shall be permitted without leave of court.

                                                      **BY THE COURT:**

                                                      _____J.
                                                      HON. JULIA K. MUNLEY, J.