IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP GODLEWSKI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:24-CV-344-JKM |
| | : | Judge Julia K. Munley |
| EDUARDO NICOLAS ALVEAR | : | |
| GONZALEZ, a/k/a ALVEAR GONZALEZ | : | |
| EDUARDO NICOLAS, a/k/a | : | |
| NICOLAS ALVEAR, and | : | |
| GOOD LION TV, LLC, | : | |
|     Defendant. | : | JURY TRIAL DEMANDED |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS FIRST
AMENDED COMPLAINT**

INTRODUCTION

With leave of Court, Defendants have filed a supplemental brief [Doc. 33] in support of their motion to dismiss [Doc. 26] Plaintiff Philip Godlewski's ("Godlewski") first amended complaint [Doc. 22]. Shorn of its abundant rhetorical flourishes, Defendants' supplemental brief asks the Court to dismiss Godlewski's first amended complaint in this matter on the theory that Godlewski is collaterally estoppel from denying certain facts as a result of the a decision of the Court of Common Pleas of Lackawanna County ("Lackawanna Court") at *Godlewski v. Kelly*, 2021-CV-2195 ("Scranton Times case").

This theory must fail for three reasons. First, as collateral estoppel is an affirmative defense, it may be raised in the context of a 12(b)(6) motion only if the Court treats it as motion for summary judgment with attendant procedural steps and safeguards. Second, the Lackawanna Court has clarified that it has actually made no finding as to collateral estoppel with respect to

Godlewski's claims. Third, collateral estoppel is not appropriate as there is not an identity of issues presented in this case and various related cases.

ARGUMENT

I. IN ORDER TO CONSIDER THE AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPEL IN THE CONTEXT OF A RULE 12(b)(6) MOTION, THE COURT MUST TREAT THE MOTION AS ONE FOR SUMMARY JUDGMENT UNDER RULE 56.

The Federal Rules of Civil Procedure provide that as Rule 12(b)(6) motion which raises matters "outside the pleadings . . . presented to and not excluded by the court, . . . must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d).

The Rules of Civil Procedure regard estoppel as an affirmative defense (Fed.R.Civ.P. 8(c)(1)) which is ordinarily raised in a responsive pleading rather than a motion. The Third Circuit has long held that when the affirmative defense of collateral estoppel is raised in a 12(b)(6) motion, it must be treated as a motion for summary judgment. *Kauffman v. Moses*, 420 F.2d 1270, 1274 (1970) (internal citations omitted).

Under Rule 12(d), the Court has two options for dealing with Defendants' collateral estoppel claim. First, the court may exclude the information from outside the pleadings and decide the 12(b)(6) motion on other grounds or, second, invoke summary judgment procedures. Godlewski suggests that the Court take the first course. However, if the Court chooses to entertain Defendants' motion as one for summary judgment, it should direct the Defendants to file a separate, short and concise statement of material facts with references to the record for each statement, as required by L.R. 56.1, with a corresponding response from Godlewski. This will allow the parties to effectively identify and frame the relevant evidence for the Court's

consideration and give effect to the requirement of Rule 12(d) which gives the non-moving party an adequate opportunity to respond.

II.     THE LACKAWANNA COURT HAS NOT CONCLUDED THAT GODLEWSKI IS COLLATERALLY ESTOPPED FROM DENYING CERTAIN FACTS.

Assuming that the Court proceeds without further L.R. 56.1 submissions from the parties, the Court must examine the rulings of the Lackawanna Court to determine whether that court made a decision as to collateral estoppel.[1]  Defendants assert that, as a result of the Lackawanna Court's memorandum opinion of August 30, 2024, Godlewski is estopped from denying that he engaged in a sexual relationship with Brienna DuBorgel ("DuBorgel") while DuBorgel was a minor.  Defendants point to the passage in the Lackawanna Court's opinion reading, "As a result of Godlewski's guilty plea to 'inappropriate text [m]essages' and 'contact' with Ms. DuBorgel, as set forth in the Affidavit of Probable Cause quoting the offending text messages admitting and memorializing a sexual relationship with a 15-year-old-minor, Godlewski is collaterally estopped from denying his participation in a sexual relationship with Ms. DuBorgel in 2010.  [Doc. 33, pp. 45-46]

However, Defendants entirely failed to notify this Court that not only has reconsideration motion practice taken place in the Scranton Times case, but the Lackawanna Court has issued a supplemental opinion disclaiming the notion that it made any determination at all as to collateral estoppel.  Godlewski will fill in the gaps left by Defendants.

Following entry of the Lackawanna Court's opinion on August 30, Godlewski filed a motion for reconsideration on September 13.  A true and correct copy is attached as Exhibit 1.  In

---

[1] See *Kauffman* at 1274 regarding the necessity for review of the prior court's record.

the motion for reconsideration, Godlewski alleged *inter alia* that the Lackawanna Court erred in raising the theory of collateral estoppel *sua sponte* [Ex. 1, ¶ 6], that defendants in that case waived the defense of collateral estoppel [Ex. 1, ¶ 12], and that the Lackawanna Court erred in finding that certain statements in an affidavit of probable cause formed the basis for collateral estoppel of Godlewski's denial of a sexual relationship with DuBorgel while she was a minor [Ex. 1, ¶ 13]. Godlewski filed a supporting memorandum on September 24, 2024. A true and correct copy is attached as Exhibit 2. Following the unexpected and mysterious production of a transcript from one of Godlewski's criminal plea hearings, Godlewski submitted a supplemental memorandum.[2] A copy is attached as Exhibit 3.

In response to Godlewski's arguments, the Lackawanna Court filed an order on the motion for reconsideration on September 30, 2024 at 9:07 AM.[3] A copy is attached as Exhibit 4. In the updated opinion, the Lackwanna Court disavows that it applied the doctrine of collateral estoppel, writing, "Godlewski's first argument in his motion misconstrues the summary judgment ruling, that was premised on the conclusive evidentiary effect of Godlewski's guilty plea admissions in his subsequent civil action, as an invocation of the doctrine of collateral estoppel." [Exhibit 4, p. 11] The Lackwanna Court continues:

> "While the Memorandum and Order of August 30, 2024 used the wording that Godlewski was 'collaterally estopped' from disputing his participation in a sexual

---

[2] Defendants in the Scranton Times case filed an answer and a brief. As these documents did not directly address Godlewski's arguments or the rulings of the Lackawanna Court, they have not been included. Should the Court wish to view them, the are available for free download from the website of the Lackawanna County Clerk of Judicial Records at http://www.lpa-homes.org/LPA_Applications.htm

[3] Defendants in this matter filed their supplemental brief on the same day at 4:47 PM. Despite the Lackawanna Court filing its updated opinion seven hours and forty minutes prior, Defendants did not then, nor have they since drawn the updated opinion to this Court's attention.

> relationship by virtue of his guilty plea to 'inappropriate text messages' and 'contact' with Ms. DuBorgel, the doctrine of collateral estoppel and its five elements were never cited or expressly applied in the process.  In fact, the Memorandum and Order does not make a single reference to the five-part test for determining the applicability of collateral estoppel as an affirmative defense in the new matter under Rule 1030 is completely without merit, as is is accusation that 'the issue of collateral estoppel was impermissibly raised by the Court."

[Ex. 4, p. 12]

From these passages, it is apparent that the Lackawanna Court made no determination at all that Godlewski was, as Defendants in this matter assert, collaterally estopped from denying that Godlewski engaged in a sexual relationship with DuBorgel while DuBorgel was a minor. Accordingly, Defendants' motion must be denied.

III. GRANTING DEFENDANTS' MOTION ON THE BASIS OF COLLATERAL ESTOPPEL IS NOT APPROPRIATE AS THERE IS NOT AN IDENTITY OF ISSUES PRESENTED.

As a preliminary matter, Godlewski suggests that Defendants, in pointing to the Scranton Times case, look to the wrong case as the source of potential collateral estoppel in this matter.  It is clear from the record that the Scranton Times case itself did not adjudicate or establish any facts regarding Godlewski's alleged relationship with DuBorgel.  If such facts are established by any prior litigation, that would have occurred in the context of the 2010 criminal case.  As Godlewski argued to the Lackawanna Court, a finding of collateral estoppel based on Godlewski's guilty plea is not appropriate as there is no evidence in the indicting information, the guilty plea colloquy, or the plea hearing transcript that indicates that Godlewski admitted to having sexual relations with DuBorgel when DuBorgel was a minor.  On this point, Godlewski incorporates by reference the arguments made in Exhibits 1, 2, and 3.

Should the Court be inclined to look to the Scranton Times case as a source of potential collateral estoppel, it must be mindful of the applicable standard. Pennsylvania's courts have established the following five part test for collateral estoppel:

> 1. the issue decided in the prior case is identical to the one presented in the later case;
>
> 2. there was a final judgment on the merits;
>
> 3. the party against whom the plea is asserted was a party or in privity with a party in the prior case;
>
> 4. the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and
>
> 5. the determination in the prior proceeding was essential to the judgment.

Chada v. Chada, 756 A.2d 39, 43 (Pa.Super. 2000). In construing this standard, the Third Circuit has held that "[reasonable doubt as to what was decided by a prior judgment should be resolved against using it as an estoppel." *Kauffman* at 1274. For purposes of Defendants' motion in this case, Godlewski does not contest that factors 2 through 5 are met. However, Godlewski contends that summary judgment on the basis of collateral estoppel is inappropriate as there are different factual and legal issues presented in this case than in the Scranton Times case.

A. Legal issues.

The fundamental legal issue raised by Defendants' supplemental memorandum is the preclusive effect of the Lackawanna Court's rulings in the Scranton Times case and the plea in the underlying criminal litigation. Federal courts in Pennsylvania have uniformly considered questions of the preclusive effect of a previous judgment to be an application of the doctrine of

collateral estoppel.  See *Moyer v. Allstate In's. Co.*, 2010 WL 3328035, *6 (M.D. Pa. Aug. 20, 2010);  *Lynch v. Ducasse*, 2020 WL 3547375, * 3 (M.D. Pa. June 30, 2020); *Linnen v. Armainis,* 991 F.2d 1102, 1105 (3d Cir. 1993); *DiJospeh v. Vuotto*, 968 F.Supp. 244, 247 (E.D. Pa. 1997).  As a result, this Court is constrained to apply the collateral estoppel test to Defendants' assertion of issue preclusion.

The Lackawanna Court, however, did not apply the collateral estoppel standard and, as discussed at pp. 4-5 *supra*, expressly disclaimed it.  Rather, the Lackawanna Court "merely held that Godlewski's 'guilty plea is an admission of facts averred in the complaint' and 'conclusive proof of the wrongdoing for which he was charged."  [Ex. 4, p. 11]  This is a standard that has never been applied by a Federal court in the Third Circuit and may indeed be one of the Lackawanna Court's own device.[4]  Whatever the parameters of this standard may be, it is clear from the plain language of the Lackawanna Court's ruling that they are not the same as the five point test for collateral estoppel which this court is obligated to employ.  Accordingly, the legal issue presented is not identical and this Court is not bound by the finding of the Lackawanna Court.

    B.    Factual issues.

Defendants glibly assert in their supplemental brief that "Judge Nealon's holding in the Times-Tribune Lawsuit shields Defendants against all of Plaintiff's allegations related to the

---

[4] Note that there is no cited case in which a Federal court has looked to the criminal complaint to determine the factual basis for a guilty plea.  Rather, Federal courts have looked to the indictment or information as well as the oral and/or written plea colloquies.  See *Moyer; Lynch; Linnen; DiJoseph*.

Pedophile Issue, which encompass at least seventy-eight (78) of the 110 Discursive Acts."[5] [Doc. 33, p. 6]   This misstatement of the relevant issue ignores the fact that there is no "pedophile issue" but rather a series of communications made by Defendants, each of which must be assessed independently as a cause of action.  It further ignores the fact that the statements allegedly made by the defendants in the Scranton Times case differ markedly from at least some of those made by Alvear in this matter.

In the Scranton Times case, the fundamental communication at issue was the following statement published by the Scranton Times on February 14, 2021:   "In 2011, the former Riverside High School baseball coach pleaded guilty to corruption of minors and admitted to having a sexual relationship with a 15-year-old girl."   [Doc. 26-2, p. 4].   In this context, the question of whether Godlewski in fact made such a plea and admission might well be dispositive of the issue of the veracity of the communication.

In the present case, Godlewski agrees that a number of Defendants' communications relate to the alleged relationship between Godlewski and DuBorgel.   However, Defendants in this matter ventured much further afield.   As set forth in paragraphs 72 and 73 of the first amended complaint, Defendants have made the following statements:

- January 19, 2024 - "Once upon a time, someone followed Phil's words and financial advice committed suicide."
- January 27, 2024 - "I pray Phil does not hurt anymore children."
- February 9, 2024 - "Wow we are dealing with a serious evil kid grooming pedophile here.  Well well … someone better check up on his kids . . ."

---

[5] Defendants repeatedly use the term "Discursive Act" to refer to communications made by Defendants in relation to Godlewski.  This term does not appear on the Uniform Single Publication Act, 42 Pa.C.S.A. § 8341, *et seq.* or in various cases discussing defamation in Pennsylvania.  Godlewski will follow precedent and refer to Defendants' utterances as publications and statements.

- February 18, 2024 - "I worry about the children that live under his roof. Whether they are actually his or not … I wouldn't put it past Phil to touch them inappropriately, molest them, or corrupt their morals. Once a pedo, always a pedo…"
- March 16, 2024 - "This movement is meant to help the children and protect the elderly. Phil does exactly the opposite of that - he screws young girls and rips off the elderly. What we have done here is single handedly destroyed his entire operation."

[Doc. 22, p. 13-14]  Each of these statements goes beyond the simple factual matter of whether Godlewski has sexual relations with DuBorgel when DuBorgel was a minor.  They expressly state that Godlewski is a dishonest in his business dealings, that Godlewski has had sexual relations with young girls other than DuBorgel, and that Godlewski is a danger to his children or step-children.  There is absolutely no construction of the plea in Godlewski's criminal case that addresses these facts alleged by Defendants.  Accordingly, the motion to dismiss should be denied.

IV.     CONCURRENCE WITH ORAL ARGUMENT REQUEST.

Defendants have previously filed a request for oral argument [Doc. 30] on this motion. As the motion before the Court deals with the extensive records developed in three separate cases and complex legal issues regarding collateral estoppel, Godlewski concurs that oral argument would assist the Court and joins in the request.

## CONCLUSION

For the foregoing reasons, Plaintiff Philip Godlewski respectfully requests that the Honorable Court deny Defendants motion to dismiss the first amended complaint.

Respectfully submitted,

**KOLMAN LAW, P.C.**

/s/ Timothy M. Kolman
Timothy M. Kolman, PA51982

_____
Timothy A. Bowers, PA77980
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134
Attorneys for Plaintiff.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this 21st day of October 2024 served a true and correct copy of the foregoing document via the Middle District of Pennsylvania CM/ECF system upon the following:

Ryan P. Campbell, Esquire
Dave W. Rothenberg, Esquire
Counsel for Defendants.

_____
Timothy A. Bowers, PA77980

This document has also been filed electronically and is available for viewing and downloading from the ECF system.