| | |
|---|---|
| PHILIP GODLEWSKI,<br>Plaintiff, | IN THE COURT OF COMMON PLEAS<br>OF LACKAWANNA COUNTY, PA |
| v. | No: 2021-CV-2195 |
| CHRIS KELLY et al.,<br>Defendants. | JURY TRIAL DEMANDED |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DOCKETED SEPTEMBER 3, 2024 GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

#### ARGUMENT

As set forth in Godlewski's Memorandum in Support of his Motion for Reconsideration, Godlewski requested transcripts of his guilty plea proceedings in Lackawanna County CR-2010-2613 and was informed by Court Administration that they were unavailable. This representation notwithstanding, a docket entry was made in that case on September 27, 2024 that the transcript of the plea proceeding on November 12, 2010 was produced and filed. A true and correct copy of the transcript is attached hereto as Exhibit 1.

The text of transcript supports Godlewski's arguments concerning the factual basis for the plea on that date. During the plea proceeding, the Commonwealth indicated that "he was pleading to the information, count one of the information." Ex. 1, p. 3:21-23. The information contained only one count. Ex. 1, p. 3 18-20. The Commonwealth recited the factual basis for the plea as "Between January of 2008 and July of 2010, the defendant unlawfully being of 18 years and upwards corrupted or tended to corrupt the morals of any minor less than 18 years of age, or did aid, abet, entice or encourage any such minor in the commission of a crime, the defendant commit — the defendant did repeatedly have inappropriate text messages and contact with a

**Exhibit 3**

minor." Ex. 1, pp. 4: 24-5; 5: 1-8. Godlewski admitted to the conduct as recited by the Commonwealth. Ex. 1, p. 5: 10-13.

Consistent with the holding in *Com., Department of Transportation v. Mitchell*, 517 Pa. 203, 535 A.2d 581 (1987) and its progeny, the Court should now find that the factual basis of Godlewski's plea as revealed by the information and the oral plea colloquy, contained no admission whatsoever for any sexual relationship with DuBorgel. Accordingly, the Court must find that Godlewski is not collaterally estopped by the plea from denying the sexual relationship with DuBorgel

## CONCLUSION

For the foregoing reasons, Plaintiff Philip Godlewski respectfully requests that the Honorable Court reverse its prior determination on summary judgment and permit Godlewski's defamation and false light invasion of privacy claims related to the imputation of criminal conduct proceed to trial.

Respectfully submitted,

KOLMAN LAW, PC

DATE: September 27, 2024

Timothy A. Bowers, PA77980

/s/ Timothy M. Kolman
Timothy M. Kolman, PA51982

Kymberley L. Best, PA94596
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134
*Attorneys for Plaintiff*

## COMBINED CERTIFICATE

*[Stamp: MAURI B. KELLY, LACKAWANNA COUNTY, 2024 SEP 30 A 11: 53, CLERK OF RECORDS OF JUDICIAL CIVIL DIVISION]*

I HEREBY CERTIFY that I have, this 27th day of September 2024, served a true and correct copy of the foregoing document by email upon the following:

J. Timothy Hinton, Esquire
timhinton@haggertylaw.net
Counsel for Defendants

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

*[Signature]*
Timothy A. Bowers, PA77980

```
                COURT  OF  COMMON  PLEAS

                       LACKAWANNA COUNTY


  ─────────────────────────────────  X
  COMMONWEALTH OF PENNSYLVANIA       X
                                     X
                                     X
           -vs-                      X    No. 2010-CR-2613
                                     X
                                     X
  PHILIP GODLEWSKI                   X
  ─────────────────────────────────  X
                                     X
                                     X


                    TRANSCRIPT OF PROCEEDINGS
                         OF GUILTY PLEA


         BEFORE:   HONORABLE VITO P. GEROULO


         DATE:     November 12, 2010


         PLACE:    Lackawanna County Courthouse
                   Courtroom 2
                   200 N. Washington Avenue
                   Scranton, Pennsylvania 18503



                       A P P E A R A N C E S


   For the Commonwealth:      PATTY LAFFERTY, ESQUIRE
                              Assistant District Attorney


   For the Defendant:         JOE D'ANDREA, ESQUIRE



                          Wenda Halliday
                       Official Court Reporter
```

1       THE COURT: Philip Godlewski?
2       MS. LAFFERTY: Judge, we're here on
3  Commonwealth versus Philip Godlewski. It's
4  10-CR-2613. It's my understanding that he's
5  going to plead to count one, which is a
6  corruption of minors charge carrying a 5
7  year up to $10,000 maximum fine.
8  EXAMINATION BY THE COURT:
9       Q.  And do you pronounce your name Godlewski or
10 Godlewski?
11      A.  Godlewski.
12      Q.  Godlewski. And Mr. Godlewski, did you sign
13 and initial this document?
14      A.  Yes, sir.
15      Q.  I take that to mean that you have read,
16 understood and answered truthfully all questions in
17 this document, is that true?
18      A.  Yes.
19      Q.  So you know you don't have to plead guilty,
20 you have a right to go to trial?
21      A.  Yes.
22      Q.  And you understand that when you do plead
23 guilty, you give up your right to trial and you give up
24 all of the other rights that are contained in this
25 document, including the right to be presumed innocent,

1  do you understand that?
2      A.  Yes, your Honor.
3      Q.  Has anyone threatened you or forced you to
4  get you to plead guilty?
5      A.  No, your Honor.
6      Q.  Are you pleading guilty of your own free
7  will after consulting with Mr. D'Andrea because you
8  both believe it's in your best interest to do so?
9      A.  Yes, your Honor.
10     Q.  Do you understand the maximum penalty you
11 can receive is up to 5 years in prison and a $10,000
12 fine?
13     A.  Yes, your Honor.
14              THE COURT:  And is there a plea
15          agreement here, Mr. D'Andrea?
16              MR. D'ANDREA:  Yes, your Honor, in
17          exchange of the plea, there were some other
18          other--I never got an information.  Is there
19          only one charge on the information?
20              MS. LAFFERTY:  Uh-huh.
21              MR. D'ANDREA:  That he was pleading
22          to the information, count one of the
23          information.  And there has been a
24          stipulated sentence if the court so approves
25          for a period of 3 months of home confinement

1    to a maximum of 23 months.
2              THE COURT: Okay, Commonwealth is
3    recommending that sentence, is that correct?
4              MS. LAFFERTY: Yes, your Honor.
5    BY THE COURT:
6        Q. Alright, so Mr. Godlewski, even though I
7    just told you the maximum penalties you can receive is
8    up to 5 years in prison and a $10,000 fine, the
9    District Attorney, as part of the plea agreement, is
10   recommending that if any sentence is determined to be
11   imposed by me, that they are recommending that it not
12   exceed 3 months of home confinement with a maximum of
13   23 months of supervision, is that your understanding of
14   the agreement?
15       A. Yes, sir.
16       Q. And you also understand that if after
17   completing the presentence investigation, I find that I
18   cannot impose that sentence or I'm unwilling to do so,
19   I must allow you to withdraw your plea, do you
20   understand that?
21       A. Yes, sir.
22             THE COURT: Okay, alright, please
23       give me the facts?
24             MS. LAFFERTY: Between January of
25       2008 and July of 2010, the defendant

1  unlawfully being of 18 years and upwards
2  corrupted or tended to corrupt the morals of
3  any minor less than 18 years of age, or did
4  aid, abet, entice or encourage any such
5  minor in the commission of a crime, the
6  defendant commit--the defendant did
7  repeatedly have inappropriate text messages
8  and contact with a minor.
9  BY THE COURT:
10     Q.   And you admit that between January of '08
11 and January of 2010, you engaged in the conduct just
12 described by the District Attorney?
13     A.   Yes, your Honor.
14          THE COURT:  Alright, we'll accept
15     the guilty plea, we'll defer the imposition
16     of sentence pending the presentence
17     investigation.
18          MR. D'ANDREA:  Thank you, sir.
19          (WHEREUPON, the proceedings
20     concluded.)

6

## C E R T I F I C A T E

I hereby certify that the proceedings and evidence are contained fully and accurately in the notes taken by me of the above cause and that this copy is a correct transcript of the same to the best of my ability.

_____
Notes taken by Wenda Halliday
Official Court Reporter

_____
Transcribed by Elizabeth V. Kedrick
Official Court Reporter

The foregoing record of the proceedings upon the above cause is hereby approved and directed to be filed.

_____        _____
Date                HONORABLE VITO P. GEROULO

(The foregoing certificate of this transcript does not apply to any reproduction of the same by any means unless under the direct control and/or supervision of the certifying reporter.)