UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PHILIP GODLEWSKI,

      Plaintiff,

      v.

EDUARDO NICOLAS ALVEAR
GONZALEZ, et al.,

      Defendants.

CIVIL ACTION NO. 3:24-CV-00344

(SAPORITO, J.)

## MEMORANDUM

On February 28, 2024, the plaintiff Philip Godlewski filed this action against the defendants for what he calls a "relentless smear campaign of libel [that] continues daily on all media fronts, causing irreparable harm to Plaintiff's reputation, impugning his credibility, [and] causing him and his family severe emotional distress." (Doc. 22, ¶ 7).[1] He brings six counts against the defendants: (1) defamation by imputation of crimes never committed by the plaintiff; (2) false light invasion of privacy; (3) intentional infliction of emotional distress; (4) tortious interference with contracts, prospective contracts, and business

---

[1] The language is taken from the operative complaint, an amended complaint filed on April 25, 2024.

relationships; (5) defamation by innuendo; and (6) defamation per se. On May 10, 2024, the defendants moved to dismiss the plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in the alternative, under Rule 12(b)(1) of the Federal Rules of Civil Procedure for a lack of subject matter jurisdiction. (Doc. 26). The motion has been briefed by the parties (Doc. 27; Doc. 28; Doc. 29; Doc. 31; Doc. 33; Doc. 34), and on January 23, 2025, we held oral argument regarding the matter.[2] The matter is now ripe for review.

Before we analyze the merits of the defendants' motion to dismiss under Rule 12(b)(6), however, we must first determine whether we have jurisdiction over this matter. The United States Code provides that "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – citizens of different States." 28 U.S.C. § 1332(a)(1). The defendants argue that the plaintiff cannot establish

---

[2] The defendants filed their motion to dismiss on May 10, 2024. This action was assigned to the undersigned on December 10, 2024. We held oral argument regarding the matter on January 23, 2025. On February 4, 2025, we stayed this action pending the outcome of settlement discussions. (Doc. 43). The parties, however, were unable to settle the matter, and on October 2, 2025, we lifted the stay. (Doc. 53).

that the amount in controversy exceeds $75,000 to establish subject matter jurisdiction, thereby necessitating dismissal of the complaint. Specifically, they state that the plaintiff's allegations of harm are "too vague and speculative, involving only possible future losses." (Doc. 27, at 29).

Upon review of the complaint, we agree with the defendants, finding that the plaintiff's allegations of damages are insufficiently detailed to plausibly allege that the amount in controversy exceeds the jurisdictional threshold of $75,000. *See Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016) (finding that the *Iqbal-Twombly* plausibility requirement "govern[s] the evaluation of factual allegations that support federal subject matter jurisdiction, such as to evaluate facts alleged concerning an amount in controversy for purposes of federal diversity jurisdiction") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Turban v. Bar Giacosa Corp.*, No. 19-CV-1138, 2019 WL 3495947, at *2-*3 (S.D.N.Y. Aug. 1, 2019); *Penrod v. K&N Eng'g, Inc.*, No. 18-CV-02907, 2019 WL 1958652, at *3 (D. Minn. May 2, 2019). But a complaint may, with the permission of the court, be amended to show jurisdictional

facts. *See* 28 U.S.C. § 1653; *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999). Therefore, under the circumstances presented, we find it appropriate to grant the plaintiff leave to file a second amended complaint that attempts to cure the jurisdictional pleading defects identified above.

Accordingly, the defendants' motion to dismiss will be granted and the amended complaint will be dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff, however, will be granted leave to file a second amended complaint, pursuant to 28 U.S.C. § 1653.

An appropriate order follows.[3]

Dated: March 4, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge

---

[3] In light of our finding, we need not address the remaining contentions contained in the defendants' motion. As the Third Circuit has succinctly stated, "[i]f a District Court does not have subject matter jurisdiction, it must dismiss." *Berg v. Obama*, 586 F.3d 234, 242 n.6 (3d Cir. 2009). We apply that standard here.