IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP GODLEWSKI, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:24-CV-344-JFS |
| | : | Judge Joseph F. Saporito, Jr. |
| EDUARDO NICOLAS ALVEAR | : | |
| GONZALEZ, a/k/a ALVEAR GONZALEZ | : | |
| EDUARDO NICOLAS, a/k/a | : | |
| NICOLAS ALVEAR, and | : | |
| GOOD LION TV, LLC, | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**

QUESTIONS PRESENTED

I. WHETHER THE COURT SHOULD DISMISS THE SECOND AMENDED COMPLAINT FOR FAILURE TO SATISFY THE AMOUNT IN CONTROVERSY REQUIREMENT OF 28 U.S.C. § 1332 (a).

II. WHETHER DEFENDANTS HAVE SUBMITTED DOCUMENTS FOR THE COURT'S CONSIDERATION WHICH ARE NOT PERMISSIBLE IN THE CONTEXT OF A RULE 12(b)(6) MOTION.

III. WHETHER DEFENDANTS HAVE IMPERMISSIBLY ATTEMPTED TO ASSERT THE AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPEL IN A 12(b)(6) MOTION.

IV. WHETHER THE COURT SHOULD DISMISS PLAINTIFF'S CAUSES OF ACTION FOR DEFAMATION AND FALSE LIGHT INVASION OF PRIVACY FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

V. WHETHER THE COURT SHOULD DISMISS PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

VI. WETHER THE COURT SHOULD DISMISS PLAINTIFF'S CAUSES OF ACTION FOR TORTIOUS INTERFERENCE WITH CONTRACTS, PROSPECTIVE CONTRACTS AND BUSINESS RELATIONSHIPS.

STATEMENT OF THE CASE

1. Relevant Procedural History.

Godlewski responded by filing his First Amended Complaint [Doc. 22] on April 25, 2024. On May 10, 2024 Defendants filed their Motion to Dismiss First Amended Complaint [Doc. 26] Following briefing and a referral to mediation with United States Magistrate Judge Phillip J. Caraballo, the Court entered an Order [Doc. 56] dismissing the First Amended Complaint without prejudice for lack of subject matter jurisdiction. Godlewski then filed a Second Amended Complaint ("SAC") on March 24, 2026. Defendants responded with a third Motion to Dismiss [Doc. 58] and Brief [Doc. 61].

2. Facts of the Case.

A factual record has not yet been developed in this matter. However, Godlewski alleges that Defendants have published the defamatory statements set forth in Exhibits to the SAC.

ARGUMENT

I. THE COURT SHOULD NOT DISMISS THE SECOND AMENDED COMPLAINT FOR FAILURE TO SATISFY THE AMOUNT IN CONTROVERSY REQUIREMENT OF 28 U.S.C. § 1332 (a).

The United States Code provides that "[t]he district courts shall have jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different States." 28 U.S.C. § 1332 (a)(1). In the present case, there is no dispute that Godlewski and the Defendants are citizens of different states. Rather, Defendants contend that Godlewski may not, as a matter of law, recover damages in excess of $75,000. This argument must fail.

It is well settled that "[t]o show personal jurisdiction, a plaintiff may rely on the allegations in the complaint, affidavits, or other evidence." *Goldfarb v. Kalodimos*, 539 F.Supp.3d 435, 448 (E.D.Pa. 2021)(citing *Metcalf v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). "Where ... the court chooses not to conduct an evidentiary hearing, a plaintiff need only demonstrate a prima facie case of jurisdiction to defeat a motion to dismiss." *Id*. (citing *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142, n.1 (3d Cir. 1992). Further, "[i]n deciding in a motion to dismiss for lack of personal jurisdiction, the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Id.* Where state practice does not permit a demand for specific sum, as in Pennsylvania, the jurisdictional requirement is satisfied where "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Goldfarb* at 449-50 (internal citations omitted).

"When both actual and punitive damages are recoverable, punitive damage are properly considered in determining whether the jurisdictional amount has been satisfied." *Id* at 450 (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993). Additionally, "claims for punitive damages 'will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.'" *Id* (citing *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008).

In the case at bar, Godlewski alleges at paragraphs 74 through 81 of the SAC that he suffered damages in the form of loss of commissions and a temporary suspension of his relationship with Goldco. At paragraph 76, Godlewski alleges his Goldco commissions for three months prior to the time Defendants ramped up their campaign against Godlewski. At paragraph

78, Godlewski alleges that Goldco imposed a 60 day pause on its contractual relationship with Godlewski as a result of Defendants' accusations. At paragraph 79, Godlewski sets forth commission figures for the months of January 2025 through April 2024. Each month shows substantially lower earnings than Godlewski enjoyed in the months prior to Defendants' defamatory campaign. Based on the figures presented in paragraphs 76 and 79, Godlewski alleges that he has suffered in excess of $2,000,000.00 of lost commissions as a result of Defendants' conduct. These allegations more than establish that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. Accordingly, the Court should deny Defendants' motion to dismiss for lack of subject matter jurisdiction.

## II. DEFENDANTS HAVE SUBMITTED DOCUMENTS FOR THE COURT'S CONSIDERATION WHICH ARE NOT PERMISSIBLE IN THE CONTEXT OF A RULE 12(b)(6) MOTION.

In construing a motion to dismiss under Rule 12(b)(6), the Court "must accept all factual allegations as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based on those documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

With respect to matters of public record, the Third Circuit has noted that these documents may include criminal case dispositions such as convictions or mistrials, letter decisions of

government agencies, and published reports of administrative bodies. *Pension Benefit Guar. Corp.* at 1197 (internal citations omitted). Other proposed exhibits may be included only if "plaintiff's claims are based on the document." *Id.* at 1196.

Citing these exceptions to the general rule that a demurrer is decided on the complaint and its exhibits, Defendants seek to bring in the following documents by cross reference:

| | |
|---|---|
| Doc 26-3 | Real Estate Board Discipline Record |
| Doc. 26-4 | Corruption of Minors Case Docket |
| Doc. 26-5 | Bad Checks Case Docket |
| Doc. 26-6 | False Statement Case Docket |
| Doc. 26-7 | Corruption of Minors Criminal Complaint |
| Doc. 26-8 | Philip Godlewski Deposition |
| Doc. 26-9 | Dori Godlewski Deposition |
| Doc. 26-10 | Brie DuBorgel Affidavit of October 31, 2022 |
| Doc. 26-11 | Brie DuBorgel Affidavit of March 28, 2023 with documents |
| Doc. 26-12 | Sanctions Hearing transcript in Lackawanna County CV-2021-2195 |
| Doc. 26-13 | Defendants' Motion for Summary Judgment in Lackawanna County CV-2021-2195 |
| Doc. 26-14 | Defendants' Brief in Support of Motion for Summary Judgment in Lackawanna County CV-2021-2195 |
| Doc. 26-15 | DuBorgel's Answer and New Matter and Counterclaim in Lackawanna County CV-2023-1345. |
| Doc. 26-16 | View numbers for Godlewski's social media. |

Additionally, Defendants urge to court to consider a memorandum entered by the Court of Common Pleas of Lackawanna County. This documents appears as Doc. 62-1.

With the exception of Doc. 26-3, none of these documents constitutes a criminal case disposition, a letter decision of a government agency, or a published report of an administrative body. Defendants cite no authority whatsoever for the proposition that pleadings, affidavits, depositions and dockets from other matters may be considered, as matters of public record, in determining the ability of a complaint to withstand a 12(b)(6) challenge. Additionally, none of

Godlewski's claims is predicated upon any of these documents. Rather, Godlewski's claims are based upon the statements published by the Defendants. While any of the listed documents may or may not be relevant to Defendants' defenses, they do not form the basis for Godlewski's claims. Accordingly, they have no bearing on the Court's consideration of the 12(b)(6) motion.

Defendants attempt, at pages 18-19 of their Brief, to assert that the Court may take judicial notice of the following alleged undisputed facts:

1. Plaintiff was arrested on an 8 count criminal compliant on July 9, 2010.
2. On November 12, 2010 Plaintiff pled guilty to corruption of minors.
3. By pleading guilty, Godlewski acknowledged having sexual contact with DuBorgel
4. Detectives made allegations concerning Godlewski and DuBorgel having sex in cars and houses.
5. Plaintiff admitted to corrupting DuBorgel's morals and to having sex with DuBorgel while DuBorgel was a minor.

The Federal Rules of Evidence provide that a "court may judicially notice a fact that is not subject to reasonable dispute because it:

1. is generally known within the trial court's jurisdiction; or

2. can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

F.R.E. 201 (b) (1) and (2).[1]

Godlewski does not question that the Court can take judicial notice of Godlewski's arrest on July 9, 2010. The Court might also take judicial notice of the fact that Godlewski entered a guilty plea to one count of corrupting the morals of a minor on November 12, 2010.

---

[1] Also note that a party has an opportunity to be heard on the propriety of taking judicial notice. F.R.E. 201 (e). Godlewski hereby requests such an opportunity if the Court is inclined to take judicial notice of the proposed facts.

However, the Court is not in a position to take judicial notice the fact that Godlewski allegedly admitted to having sexual contact with DuBorgel while DuBorgel was a minor. In making their argument, Defendants conveniently omit Godlewski's Guilty Plea Colloquy which contains no mention of admitting to having sex with a minor. [Doc. 28-2] Further, Defendants do not provide this Court with the one count Information, to which Godlewski pled, asserting that Godlewski "did repeatedly have inappropriate text naessages [sic] and other contact with a minor." [Doc. 28-3] The Information makes no mention whatsoever of sexual contact between Godlewski and DuBorgel. As the alleged admissions, as characterized by the Defendants, are contrary to the documents of record in the criminal case, they cannot be determined from sources whose accuracy cannot be questioned and are not appropriate for judicial notice.

Similarly, the alleged statements of detectives are not appropriate for judicial notice. Such allegations are not truth and are routinely questioned by criminal defendants.

## III. DEFENDANTS HAVE IMPERMISSIBLY ATTEMPTED TO ASSERT THE AFFIRMATIVE DEFENSE OF COLLATERAL ESTOPPEL IN A 12(b)(6) MOTION.

The Federal Rules of Civil Procedure provide that as Rule 12(b)(6) motion which raises matters "outside the pleadings . . . presented to and not excluded by the court, . . . must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d).

The Rules of Civil Procedure regard estoppel as an affirmative defense (Fed.R.Civ.P. 8(c)(1)) which is ordinarily raised in a responsive pleading rather than a motion. The Third Circuit has long held that when the affirmative defense of collateral estoppel is raised in a 12(b)(6)

motion, it must be treated as a motion for summary judgment. *Kauffman v. Moses*, 420 F.2d 1270, 1274 (1970) (internal citations omitted).

In this case, Defendants conclusorily assert at pages 18 and 24 that Godlewski is collaterally estoppel from proceeding against Alvear due to certain rulings of the Court of Common Pleas of Lackawanna County. However, Defendants make no effort to meaningfully develop the argument as they do not apply or analyze the five part test for collateral estoppel established by Chada v. Chada, 756 A.2d 39, 43 (Pa.Super. 2000). Absent meaningful development of this argument by Defendants, the Court should find the issue waived for purposes of the pending 12(b)(6) motion.

IV. THE COURT NOT SHOULD DISMISS PLAINTIFF'S CAUSES OF ACTION FOR DEFAMATION AND FALSE LIGHT INVASION OF PRIVACY FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

The tort of false light invasion of privacy "imposes liability on a person who publishes material that 'is not true, is highly offensive to a reasonable person, and is publicized with knowledge or in reckless disregard of its falsity." *Graboff v. Colleran Firm*, 744 F.3d 128, 136 (3rd Cir. 2014) (citing Larsen v. Phila. Newspapers, Inc., 375 Pa.Super. 66, A.2d 1181, 1188 (1988); Restatement (Second) of Torts § 652E). The Eastern District of Pennsylvania has noted that "Pennsylvania courts 'consistently apply the same analysis' to defamation and false light claims 'when the causes of action are based on the same set of underlying facts.'" *Suniaga v. Downington Area School District*, 504 F.Supp.3d 430, 454 (E.D. Pa. 2020) citing *Graboff* at 136. As the analysis is identical, Godlewski will address the demurrers to his claims for defamation and false light invasion of privacy simultaneously.

The Pennsylvania Uniform Single Publication Act ("USPA") (42 Pa.C.S.A. § 8341 *et seq*.) establishes the respective burdens of proof placed upon a plaintiff and a defendant in a defamation action.

Pursuant the USPA a plaintiff in a defamation action bears the burden of proving the following:

1. The defamatory character of the communication.
2. Its publication by the defendant.
3. Its application to the plaintiff.
4. The understanding by the recipient of its defamatory meaning.
5. The understanding by the recipient of it as intended to be applied to the defendant.
6. Special harm resulting to the plaintiff from its publication.
7. Abuse of a conditionally privileged occasion.

42 Pa.C.S.A. § 8343 (a)(1-7). Additionally, Godlewski acknowledges that he bears the burden, as a public figure for purposes of this action, of proving actual malice.

In the present case, Defendants do not dispute that Defendants published the statements about Godlewski, that the statements applied to Godlewski, or that they would be understood as intended to be applied to plaintiff. Defendants have not, at this point in litigation, asserted any conditional privilege. Rather, Defendants appear to assert that their statements are not capable of defamatory meaning, were not made with malice, and that Godlewski cannot prove damages. Godlewski will address each of these points in turn.

A. <u>Defamatory character of the communications</u>.

The Pennsylvania Superior Court has found that "[a] communication is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from dealing with him." *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d

648, 652 (Pa.Super. 1999) (citing *Maier v. Maretti*, 448 Pa.Super. 276, 282, 671 A.2d 701, 704 (1995). Additionally, "[a] communication is also defamatory if it ascribes to another conduct, character or a condition that would adversely affect his fitness for the proper conduct of his business, trade or profession." Id. A "statement that someone is a liar is, 'as a matter of law, capable of defamatory meaning.'" *Burns v. Cooper*, 244 A.3d 1231, 1237 (Pa.Super. 2020) (citing *Smith v.* Wagner, 403 Pa.Super. 316, 588 A.2d 1308, 1311 (Pa.Super. 1991). Further, "[i]t is for the court to determine whether the statement at issue is capable of a defamatory meaning. *Corabi v. Curtis Publ. Co.*, 441 Pa. 432, 273 A.2d 899 (1971).

In addition to generally defamatory statements, Pennsylvania recognizes the following four categories of defamation per se: words imputing (1) criminal offense, (2) loathsome disease, (3) business misconduct, or (4) serious sexual misconduct. Restatement (Second) of Torts § 570 (1977). Whether the words allegedly used by a defendant were defamatory per se is a question for the court. See Fox. v. Kahn, 421 Pa. 563, 221 A.2d 181 (1966).

The Third Circuit has further found that "[a]lthough there may be no such thing as a false opinion, an opinion which is unfounded reveals its lack of merit when the opinion-holder disclosed the factual basis for the idea. If the disclosed facts are true and the opinion is defamatory, a listener may choose to accept or reject it on the basis of an independent evaluation of the facts. However, if an opinion is stated in a manner that implies that it draws upon unstated facts for its basis, the listener is unable to make an evaluation of the soundness of the opinion." *Redco Corp. v. CBS, Inc.*, 758 F.2d 970, 972 (3d Cir. 1985).

Defendants have been prolific in their commentary about Godlewski. By their own account in their Brief, defendants have made some 110 statements concerning Godlewski. Per

the Defendants, 32 of these statements assert that Godlewkski, is a fraud, fraudster, thief, liar, or that Godlewski has "swindled his followers based on his financial schemes. Each and every one of these statements asserts that Godlewski is a liar. As discussed above, such statements are defamatory in nature. Additionally, they imply or outright assert criminal conduct and business misconduct, making the statements defamatory per se.

Per Defendants' assertion, Defendants have made not less than 78 statements alleging criminal and serious sexual misconduct pertaining to Godlewski. These range from accusing Godlewski of having sexual relations with Brienna DuBorgel while she was a minor, to sexual misconduct with girls (the pluralization is significant as it implies repeated acts by Godlewski against multiple minors), to allegations that Godlewski will molest his own children. Each of these statements is not only defamatory, but defamatory per se.

Defendants appear to believe that their belief in the truth of their statements renders them incapable of defamatory meaning. This is not so. A statement may be defamatory even if it is true. Truth, as a defense, renders the statement non-actionable. However, at the pleading stage, the Court must accept as true Godlewski's assertion that the statements are false. The defense of truth must wait to summary judgment or trial. Accordingly, the Court should find that Defendants' statements are defamatory in nature.

B. Actual malice

It is well settled that a public official (or figure) "must prove that the statement was made with 'actual malice' - that is, with knowledge that it was false or with reckless disregard whether it was false or not." *Curran v. Philadelphia Newspapers, Inc.*, 376 Pa.Super. 508, 513, 546 A.2d 639, 642 (1988). "'Actual malice' must be proven with 'clear and convincing' evidence." Id.

citing *Bose Corp. v. Consumers Union*, 466 U.S. 485 (1984). Such proof must establish "that the defendant realized that the statement was false or subjectively entertained serious doubt as to the truth of the statement." *Id*. citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964).

"The term 'reckless disregard' is not amenable to one infallible definition. It is a term which is understood by considering a variety of factors in the context of an actual case." Id. Such factors may include:

> a. Whether the author published a statement in the face of verifiable denials and without further investigation or corroboration, where allegations were clearly serious enough to warrant some attempt at substantiation.
>
> b. Evidence of unexplained distortion or the absence of any factual basis to support an accusation.
>
> c. Clear departures from acceptable journalistic procedures, including lack of adequate prepublication procedures; the use of wholly speculative accusations and accusatory inferences; and the failure to utilize or employ effective editorial review.

*Id.*, 376 Pa.Super. at 514, 546 A.2d at 642. (Internal citations omitted). Additionally, "the Supreme Court has specifically stated that the defendant in a defamation action cannot insure a favorable verdict 'by testifying that he published with a belief that the statements were true.'" *Curran*, 497 Pa. at 184-85, 439 A.2d at 662-63 citing *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968). "Rather, '(t)he finder of fact must determine whether the publication was indeed made in good faith.'" Id.

In the case at bar, actual malice sufficient to state a cause of action, may be inferred from a number of facts.[2] First, Defendants published their statements in the face of Godlewski's denials. Defendants apparently made no attempt to seek corroboration from any person having direct knowledge of the alleged events. Second, the Defendants have gone to great lengths to find and publish numerous pleadings, exhibits, and orders from various court cases involving Mr. Godlewski in order to substantiate the accusation that Godlewski had an illicit relationship with DuBorgel. However, they have omitted to ever publish, or even discuss the portions of the guilty plea colloquy omitting a recitation of facts [Doc. 28-2] or the Information [Doc. 28-3] which does not include any charge related to sexual conduct. From this, the Court may infer, for purposes of deciding the 12(b)(6) motion, that Defendants entertained doubts as to the truth of their allegations. If Defendants did not, they would have published the missing information.

Beyond the statements regarding DuBorgel, Defendants move rapidly into wholly speculative allegations that are unsupported by fact. Examples of these are statements that Godlewski would molest his own children, that Godlewski molests or has molested other children, and that Godlewski participates in child sex trafficking rings. [Doc. 22-10, pp. 22, 24, 44, 46, 47; Doc. 22-11, pp. 30, 48] Defendants have, in their statements to date, offered absolutely no factual justification for these extremely serious allegations.

Finally, Defendants have not yet been subjected to depositions and written discovery in order to determine their state of mind, their editorial processes or their adherence to journalistic

[2] As a side issue, Defendants assert that they are journalists and thus entitled to the protections of the actual malice standard. Whether Defendants' activities entitle them to this protection should be a matter to be decided after an opportunity for discovery.

standards. Accordingly, the Court should find that Godlewski has sufficiently pled actual malice, deny Defendants' 12(b)(6) motion, and move the case to the discovery phase.

C. Damages.

Under Pennsylvania law, "[t]he term 'special harm' as used in the statute has been interpreted to mean 'general damages' which are proven upon a showing of 'actual harm.' "'Actual harm' includes 'impairment of reputation and standing in the community, ... personal humiliation, and mental anguish and suffering.'" *Joseph v. Scranton Times, L.P.*, 89 A.3d 251, 261 (Pa.Super. 2014) (citing *Brinich v. Jencka*, 757 A.2d 388, 297 (Pa.Super. 2000).[3] Further, "[a]s used in section 569 of the Restatement, the 'special harm' that a libel plaintiff need not show is actually 'special damages.' 'Special damages' are 'economic harm' and pecuniary loss.'" *Id*. (citing *Pilchesky v. Gatelli*, 12 A.3d 430, 444 (Pa.Super. 2011). Under this rubric, "in order to satisfy the 'special harm' element of a defamation claim, a libel plaintiff need only show 'actual harm' to establish 'general damages.' A libel plaintiff need not show 'special damages' to satisfy the statutory burden of proving 'special harm." *Id*. As a further note, this showing is not necessary in a case proceeding under a theory of defamation per se.

Godlewski has pled his humiliation and emotional distress. Additionally, Godlewski has asserted generally loss of reputation and loss of earnings. Most importantly, Godlewski has set forth detailed allegations of financial harm at paragraphs 74 through 81 of the SAC.

For these reasons, the Court should deny Defendants' motion to dismiss the defamation and false light invasion of privacy claims.

---

[3] Note that *Joseph* was affirmed in part and reversed in part on other grounds in *Joseph v. Scranton Times, L.P.*, 634 Pa. 35, 129 A.3d 404 (2015).

## V. THE COURT SHOULD NOT DISMISS PLAINTIFF'S CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Godlewski does not disagree with the general standards for intentional infliction of emotional distress ("IIED") set forth by Defendants at pages 25 and 26 of their Brief. However, Godlewski asserts that Defendants' conduct in this matter is sufficiently outrageous to give rise to a cause of action for intentional infliction of emotional distress.

Of the cases cited by Defendants, the closest one to this case in terms of factual and legal issues is *Cheney v. Daily New, L.P.*, 102 F.Supp.3d 708, 718 (E.D. Pa. 2015) (affirmed in part, reversed in part by *Cheney v. Daily News, L.P.*, 102 F.Supp.3d 708 (3d Cir. 2016).[4] In *Cheney,* the Daily News ran an article concerning a sex scandal in the Philadelphia Fire department. *Id*. at 711. The article asserted that unnamed firefighters were accused of having sex with a paramedic on duty. *Id.* The article featured a photograph of Cheney in uniform and included a caption identifying Cheney. *Id*. at 712. The Eastern District dismissed Cheney's IIED claim, writing "[b]eing falsely implicated in lewd or lascivious conduct is unfair and unfortunate - and sometimes defamatory - but not extreme or outrageous." *Id*.

The present case is readily distinguishable. The article in *Cheney* implies that the participants in the alleged sexual act were all employees of the Fire Department and, therefore, adults. Additionally, the *Cheney* article does not imply that the alleged sexual acts were criminal; only that they occurred on and off department time. In this matter, Defendants assert that Godlewski had criminal sex with a minor, participates in child sex trafficking, and that

---

[4] On appeal, the Third Circuit affirmed the District Court's dismissal of Cheney's IIED claim. However, it reversed and remanded the District Court's dismissal of Cheney's defamation claim.

Godlewski will molest his own children. These allegations are no mere lewd or lascivious conduct. Rather, they strike at the heart of Godlewski's family relationships and, by virtue of their criminal nature, bring extreme shame to Godlewski. Additionally, Godlewski has pled that Defendants have gone to extreme lengths to target Godlewski in his home area by taking out highway billboards, electronic billboards in the Avoca airport, had a plane tow a banner, and engaged in a leaflet campaign. All of these acts were specifically and deliberately calculated to humiliate Godlewski in his community. Taken together, these acts represent outrageous conduct sufficient to support a cause of action for IIED.

## VI. THE COURT SHOULD NOT DISMISS PLAINTIFF'S CAUSES OF ACTION FOR TORTIOUS INTERFERENCE WITH CONTRACTS, PROSPECTIVE CONTRACTS AND BUSINESS RELATIONSHIPS.

Godlewski does not quarrel with Defendants' assertion that the standard articulated in *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199 (3d Cir. 2009) governs Godlewski's tortious interference claims. With respect to these claims, Godlewski asserts that he has adequately pled the existence of contractual relations and legal damage.

Defendants' purposeful action specifically intended to harm Godlewski's contractual relationships is adequately pled as Godlewski sets forth numerous statements from Alvear accusing Godlewski of fraud, and encouraging viewers to report Godlewski to the Securities Exchange Commission and the FBI. Additionally, Defendants' statements accusing Godlewski of criminal sexual misconduct were reasonably calculated to deter business associates from dealing with Godlewski.

Additionally, Godlewski, in paragraphs 74 to 81 of the SAC, identifies as specific contractual relationship with Goldco, asserts that Goldco temporarily suspended its contractual

relationship with Godlewski, and sets forth in detail Godlewski's reduced earnings as a result. These facts are sufficient to plead intentional interference.

Defendants assert that their speech is protected by the First Amendment and that they may not be held liable for the Pennsylvania tortious interference claim as a result. The Supreme Court has found that the Free Speech Clause "can serve as a defense in state tort suits..." *Snyder v. Phelps*, 562 U.S. 443, 451 (2011) (citing *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 50-51 (1988) "Whether the First Amendment prohibits holding [a defendant] liable for its speech ... turns largely on whether that speech is of public or private concern, as determined by all the circumstances of the case." *Id* at 452. "Speech deals with matters of public concern when it can "be fairly considered as relating to any matter of political, social, or other concern to the community." *Id* at 453 (citing *Connick v. Myers*, 461 U.S. 138, 146 (1983).

Godlewski concedes that much of Defendants' speech was about matters of public concern to the extent that it relates to Godlewski's criminal prosecutions. These matters were certainly covered by the press and information about them is readily available to the public. Similarly, allegations concerning Godlewski's business dealings are likely to be matters of public concern given the large number of individuals involved. However, Defendants attacks turn distinctly personal when Defendants assert that Godlewski will abuse his own children. There is no public record on this matter. Similarly, Defendants are entirely without a factual basis to make the accusations that Godlewski has molested or will molest his own children. Accordingly, those representations are not privileged by the First Amendment as they are not matters of public concern and the Court should deny the motion to dismiss.

CONCLUSION

Godlewski apologizes that this brief slightly exceeds the fifteen page limit. In consideration of Godlewski's consent to filing a longer brief by Defendants, Godlewski prays that the Court will excuse his extra pages.

For the foregoing reasons, Plaintiff Philip Godlewski respectfully requests that the Honorable Court deny Defendants' Motion to Dismiss the Second Amended Complaint. In the alternative, should the Court deem dismissal appropriate, Godlewski requests that it be done without prejudice to Godlewski's ability to file a Third Amended Complaint consistent with the Court's decision.

Respectfully submitted,

**KOLMAN LAW, P.C.**

/s/ Timothy M. Kolman
Timothy M. Kolman, PA51982

Timothy A. Bowers, PA77980
414 Hulmeville Avenue
Penndel, PA 19047
(215) 750-3134
Attorneys for Plaintiff.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this 11th day of May 2026 served a true and correct copy of the foregoing document via the Middle District of Pennsylvania CM/ECF system upon the following:

Ryan P. Campbell, Esquire
Dave W. Rothenberg, Esquire
Counsel for Defendants.

______________________________
Timothy A. Bowers, PA77980

This document has also been filed electronically and is available for viewing and downloading from the ECF system.